UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-10235-GAO |
| ) | |
| SERGIO ELPIDIO ALCANTARA-, ) | |
| SALDANA ) | |
| "a/k/a Jose Delgado" ) | |
| "a/k/a Erving Nieves" ) | |
| "a/k/a "Ruben" ) | |
| "a/k/a "Sergio" ) | |
| ) | |
| CESAR ZAPATA ) | |
| "a/k/a Nani" ) | |
| "a/k/a Zupra" ) | |
| "a/k/a "Viejo" ) | |
| "a/k/a "Commandante" ) | |
| ) | |
| HERIBERTO CARRASCO ) | |
| "a/k/a Joselito" ) | |
| "a/k/a Flaco," and ) | |
| ) | |
| GEORGE SAMUELS ) | |
| Defendants. ) | |

**UNITED STATES' APPLICATION
FOR POST-INDICTMENT RESTRAINING ORDERS**

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, makes an application to this Court, pursuant to 21 U.S.C. §853(e)(1)(A), for restraining orders to preserve the availability of certain properties that are subject to forfeiture in the above-styled criminal action. As grounds therefore, the government states as follows:

1.      Pursuant to 21 U.S.C. §853(e)(1)(A), this Court is authorized to enter a restraining orders or injunctions, require

1

the execution of satisfactory performance bond, or take any other action to preserve the availability of property subject to forfeiture.

2.     On September 1, 2005, Sergio E. Saldana and George Samuels (the "Defendants") were indicted by a federal grand jury sitting within this district in a Two-Count Indictment, charging Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. §§846 and 841(a)(1), Possession With the Intent to Distribute five Kilograms or More of Cocaine; in violation of 21 U.S.C. §841 (a)(1), and Aiding and Abetting, in violation of 18 U.S.C. §2. The Indictment contained a forfeiture allegation, pursuant to which the United States is seeking the criminal forfeiture under 21 U.S.C. §853 of certain property in which the Defendants hold an interest, including, but not limited to the following:

> (a) <u>31 Braywood Circle, Springfield, Massachusetts</u>, more fully described as a certain parcel of land with buildings thereon, being land in Springfield, Hampden County, Massachusetts in that part of Springfield known as Indian Orchard, being situated on Braywood Circle and being known and designated as Lot 6 (six) as shown on Section D on a plan of Homelands, so-called, which plan is recorded in the Hampden County Registry of Deeds in Book of Plans 9, Page 68 & 69, being the same premises conveyed in a deed from Marie Saldana to Marie Saldana and Sergio E. Saldana and recorded in the Hampden County Registry of deeds on August 10, 2005 at Book 15258, Page 571 (the "Braywood Circle Property");

> (b) <u>61 Appaloosa Lane, West Springfield, Massachusetts</u>, more fully described as a certain parcel of land with buildings thereon, being land known as Lot 4 (four) as shown on a plan entitled "Morgan Hills Estates" revised on December 29, 1999 prepared by D.L. Bean, Inc. and recorded in the Hampden County Registry of Deeds, Book of Plans 316, Page 67, being the same premises conveyed in deed from Vladimir Lapik to George

Samuels and Kyanna M. Samuels and recorded in the Hampden County Registry of deeds on April 8, 2005 at Book 14932, Page 576 (the "Appaloosa Lane Property");

3. The Indictment alleges that the Braywood Circle Property and the Appaloosa Lane Property, with respect to which this order is sought would, in the event of the Defendants' conviction, be subject to forfeiture under 21 U.S.C. §853.

4. The federal grand jury's indictment of the Defendants, which specifically identified the Braywood Circle Property and the Appaloosa Lane Property as properties subject to forfeiture under 21 U.S.C. §853, establishes sufficient probable cause for the issuance of the attached restraining orders.

5. The destruction or the transfer, movement, conveyance, or encumbrance of the subject Braywood Circle Property and the Appaloosa Lane Property by the Defendants or any third party could render the Braywood Circle Property and the Appaloosa Lane Property unavailable for forfeiture.

6. Any third party claims to the Braywood Circle Property and the Appaloosa Lane Property may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture and service of notice to all interested parties in accordance with the provisions of federal forfeiture law.

**BACKGROUND**

Beginning in approximately March 2005, members of the United States Drug Enforcement Administration ("DEA") and the Massachusetts State Police, conducted an investigation into the cocaine trafficking in violation of 21 U.S.C. §§841 and 846 by Sergio E. Saldana ("Saldana"), George Samuels ("Samuels"), and others. This investigation revealed that Saldana, Samuels, and others were involved in a large-scale cocaine conspiracy and cocaine distribution operation in Springfield, Massachusetts. Saldana distributed to individuals in the vicinity of Eastern Massachusetts, including the Boston area. The investigation has revealed that Saldana receives large amounts of cocaine from New York and the Southern United States. In particular, surveillance revealed that Saldana and Samuels used their residences to conduct cocaine transactions. Saldanas' residence is located at 31 Braywood Circle, Springfield, Massachusetts and Samuels' residence is located at 61 Appaloosa Lane, West Springfield, Massachusetts.

In determining whether to issue a restraining order, "[t]he return of the indictment by the federal grand jury . . . represents a determination of probable cause sufficient to issue a restraining order under 21 U.S.C. §853(e)(1)(A) . . . ." United States v. Sellers, 848 F.Supp. 73, 75 (E.D.La. 1994); *accord*, In re Billman, 915 F.2d 916, 919 (4th Cir. 1990)("[T]he government may 'seize property based on a finding of probable cause to believe that the

4

property will ultimately be proven forfeitable.' The probable cause found by the grand jury satisfies the government's burden of proving the allegations of the indictment." United States v. Property in Waterboro, 64 F.3d 752, 756 (1st Cir. 1995); see also, United States v. Thier, 801 F.2d 1463, 1468-69 (5th Cir. 1986)(same); United States v. Bouler, 799 F. Supp. 581, 583 (W.D.N.C. 1992). As noted in the legislative history of the Comprehensive Crime Control Act of 1984,

> For the purposes of issuing a restraining order, the probable cause established in the indictment or information is to be determinative of any issue regarding the merits of the government's case on which the forfeiture is to be based.

S.Rep. No. 225, 98th Cong., 2d Sess. 203 (1984), *reprinted in* 1984 U.S. Code Cong. & Admin. News 3182, 3386.

In the present case, the federal grand jury's September 1, 2005, indictment of Sergio E. Saldana and George Samuels, which specifically identifies the Braywood Circle Property and Appaloosa Lane Property as properties subject to forfeiture, establishes sufficient probable cause for the issuance of restraining orders. The United States seeks to preserve the status quo of the Braywood Circle Property and Appaloosa Lane Property to prevent their transfer, encumbrance, or sale.

While, as noted above, the indictment sufficiently established probable cause for purposes for a restraining order, in the next few paragraphs the Government will discuss and summarize additional

5

facts that demonstrate the Braywood Circle and the Appaloosa Lane Properties were used to facilitate violations of 21 U.S.C. §846, Possession With the Intent to Distribute five Kilograms or More of Cocaine; in violation of 21 U.S.C. §841 (a) (1), and Aiding and Abetting, in violation of 18 U.S.C. §2.

### BRAYWOOD CIRCLE PROPERTY

Evidence obtained during the course of this investigation, which includes physical surveillance by law enforcement agents and intercepted telephone calls made by Saldana, suggests that the Braywood Circle Property was used to store cocaine and drug proceeds and to conduct drug transactions.

On August 27, 2005, a federal search warrant was executed for the residence at Braywood Circle Property. A search of the aforementioned location resulted in the following items being seized: a quarter ounce of cocaine and between $50,000 and $60,000 in cash.

During the investigation of this case, agents observed Sergio E. Saldana and others, enter and leave the Braywood Circle Property apparently conducting drug transactions. Additionally, the DEA has a Cooperating Individual ("CI"), who has provided information relating to Saldana's conspiracy and distribution of cocaine. CI told investigators that, beginning in 2002 or 2003 and continuing for more than one year, CI began to obtain large amounts of cocaine from Saldana. Specifically, CI obtained between ten and fifteen

kilograms of cocaine from Saldana approximately five to six days a week, which Saldana hand delivered to CI.

On July 1, 2005, the DEA was authorized to began intercepting wire communications over Saldana's cellular telephones. The majority of the intercepted phone calls took place in Spanish, government contractors monitored and translated the Spanish into English for the DEA. During the course of these wire interceptions, Saldana frequently disconnected cell phones and opened new accounts because Saldana expressed he was concerned he was being followed by police.

On July 2, 2005, during a number of intercepted telephone calls, Saldana made arrangements to meet with Samuels at his residence, 31 Braywood Circle, Springfield, Massachusetts to conduct a drug transaction. During physical surveillance of the Braywood Circle Property, agents observed a black Mercedes SUV parked in from of the Braywood Circle Property. Law enforcement agents have frequently observed Samuels driving this same vehicle and have observed it parked in front of Samuels's residence; 61 Appaloosa Lane, West Springfield, Massachusetts. Agents then intercepted several telephone call between Saldana and Samuels. During these calls, Samuels told Saldana he believed law enforcement agents were in the area and conducting surveillance. Agents believed that Samuels was either picking up narcotics or dropping off money for a past narcotics debt.

On July 6, 2005, in an intercepted call, DEA agents overheard arrangements made by Saldana, in which he was planning to travel to New York to meet with an individual for the purpose of a drug transaction. Physical surveillance was set up on July 7, 2005, at approximately 12:35 pm in the area of the Braywood Circle Property. DEA agents saw another named co-defendant from the criminal indictment Cesar Zapata, ("Zapata") enter the Braywood Circle Property. The agent observed that both of Zapata's hands were empty. Approximately fifteen minutes later, DEA agents saw the same Zapata leave the Braywood Circle Property carrying a box and place it in the trunk of Zapata's vehicle. Saldana then exited the Braywood Circle Property and got into the driver's side of the vehicle. Surveillance agents followed the vehicle to I-91 South where surveillance was terminated as the vehicle entered Connecticut. At approximately 3:37 pm, DEA Agents from the New York Field Division observed Saldana and Zapata arrive at 1224 Nelson Avenue, Bronx, New York. The agents observed Saldana and Zapata exit the vehicle and meet with an unidentified male. Saldana and the unidentified male then entered the residence and Zapata opened the trunk of the vehicle and retrieved the box described above and enter the building.

These facts, as well as the indictment naming the Braywood Circle Property, justify the endorsement of a Post-Indictment Restraining Order to preserve and maintain the Braywood Circle

Property. Specifically, the Government is seeking to preserve the status quo until the resolution of the criminal case. If the Defendant, Sergio E. Saldana is convicted, the Defendant will have an opportunity to be heard regarding the ultimate forfeiture of the Braywood Circle Property.

For the foregoing reasons, the Government requests this Court to enter a protective order immediately restraining, prohibiting, and enjoining Sergio E. Saldana and Marie Saldana, and their agents, servants, employees, attorneys, family members and those persons in active concert or participation with them, and those persons, financial institutions, or entities who have any interest or control over the subject property from attempting or completing any action that would affect the availability, marketability or value of said property including, but not limited to, selling, assigning, pledging, distributing, encumbering, wasting, secreting or otherwise disposing of, or removing from the jurisdiction of this Court, all or any part of their interest, direct or indirect, in the subject property. The Government further requests that the property owners be required to maintain the present condition of the property subject to the restraining order, including timely payment of all loans and fees, until further order of this Court.

The Government further requests that any financial institutions holding liens on the Braywood Circle Property subject

to this Order be required to respond promptly to requests by the Government for information on said liens' current status.

The Government further requests that the United States Marshal or his designee, or any other appropriate agent of the United States, be directed to promptly serve a copy of this Restraining Order upon Sergio E. Saldana and Marie Saldana, their attorneys, and any other individuals and/or financial institutions having or believed to have an interest in the Braywood Circle Property, and make a return thereon reflecting the date and time of service.

## APPALOOSA LANE PROPERTY

Evidence obtained during the course of this investigation, which includes physical surveillance by law enforcement agents and intercepted telephone calls of Samuels, suggests that the Appaloosa Lane Property was used to store cocaine and drug proceeds and to conduct drug transactions. During the investigation of this, agents observed George Samuels and others, on many occasions, throughout the investigation, enter and leave the Appaloosa Lane Property and believed to be conducting drug transactions.

On July 29, 2005, DEA established surveillance on Samuels and the Appaloosa Lane Property based on intercepted calls between Saldana and Samuels, who arranged a meeting at the Appaloosa Lane Property. Based on the intercepted calls, agents believed this meeting was held for Samuels to give Saldana drug money. At approximately 9:28 pm, DEA agents saw Saldana arrive at the

Appaloosa Lane Property. Saldana's vehicle was parked outside the Appaloosa Lane Property for fifteen minutes before leaving the Appaloosa Lane Property.

On August 18, 2005, surveillance by law enforcement agents was established in the area of the Appaloosa Lane Property. The surveillance was set up because of an authorized intercepted call between Samuels and Saldana in which they indicated they would meet for Saldana to drop off to Samuels "Flowers." "Flowers" is known to agents to be a code term for drugs used among drug dealers. At approximately 10:32 pm agents observed Saldana arrive at the Appaloosa Lane Property. Saldana was at the Appaloosa Lane Property for approximately twelve minutes before he left.

On August 21, 2005, at approximately 8:54 pm, agents intercepted several calls between Saldana and Samuels. During these intercepted calls, Samuels and Saldana arranged to meet so that Samuels could give Saldana "papers." "Papers" is known to agents to be a code term for money used among drug dealers. At approximately 10:45 pm, agents observed Saldana arrive at the Appaloosa Lane Property. Saldana and Samuels were then seen meeting together in the rear garage doorway. Samuels handed Saldana a small dark colored bag. Agents then saw Saldana enter the vehicle he arrived in and leave the Appaloosa Lane Property.

On August 27, 2005, a federal search warrant was executed for the residence at Appaloosa Lane Property. A search of the

aforementioned location resulted in the following items being seized: twenty-six kilograms of cocaine and an unloaded gun was found in the garage of the Appaloosa Lane Property inside the trunk of a Mercedes.

These facts, as well as the indictment naming the Appaloosa Lane Property, justify the endorsement of a Post-Indictment Restraining Order to preserve and maintain the Appaloosa Lane Property. Specifically, the Government is seeking to preserve the status quo until the resolution of the criminal case. If the Defendant, George Samuels is convicted, the Defendant will have an opportunity to be heard regarding the ultimate forfeiture of the Appaloosa Lane Property.

For the foregoing reasons, the Government requests this Court to enter a protective order immediately restraining, prohibiting, and enjoining George Samuels and Kyanna M. Samuels, and their agents, servants, employees, attorneys, family members and those persons in active concert or participation with them, and those persons, financial institutions, or entities who have any interest or control over the subject property from attempting or completing any action that would affect the availability, marketability or value of said property including, but not limited to, selling, assigning, pledging, distributing, encumbering, wasting, secreting or otherwise disposing of, or removing from the jurisdiction of this Court, all or any part of their interest,

direct or indirect, in the subject property. The Government further requests that the property owners be required to maintain the present condition of the property subject to the restraining order, including timely payment of all loans and fees, until further order of this Court.

The Government further requests that any financial institutions holding liens on the Appaloosa Lane Property subject to this Order be required to respond promptly to requests by the Government for information on said liens' current status.

The Government further requests that the United States Marshal or his designee, or any other appropriate agent of the United States, be directed to promptly serve a copy of this Restraining Order upon George Samuels and Kyanna M. Samuels, their attorneys, Countrywide Home Loans, Inc., and any other individuals and/or financial institutions having or believed to have an interest in the Appaloosa Lane Property, and make a return thereon reflecting the date and time of service.

## CONCLUSION

Pursuant to 21 U.S.C.§853(e)(1)(A), this Court is authorized to enter restraining orders or injunctions. The September 1, 2005 two-count indictment by a federal grand jury establishes the requisite probable cause that the Defendants' interest in the properties are subject to forfeiture. The Government requests this Court to grant this Application for Post-Indictment Restraining

Orders, to prevent the destruction, transfer, movement, conveyance or encumbrance of the Braywood Circle Property and the Appaloosa Lane Property in order to secure the Government's interest.

The Government further requests that these Restraining Orders remain in full force and effect until further order of this Court.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
Jennifer H. Zacks
Assistant U.S. Attorney
U. S. Attorney's Office
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3100

Date: 9/8 , 2005