UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10235-GAO |
| | ) | |
| SERGIO ELPIDIO ALCANTARA-, | ) | |
| SALDANA | ) | |
| "a/k/a Jose Delgado" | ) | |
| "a/k/a Erving Nieves" | ) | |
| "a/k/a "Ruben" | ) | |
| "a/k/a "Sergio" | ) | |
| | ) | |
| CESAR ZAPATA | ) | |
| "a/k/a Nani" | ) | |
| "a/k/a Zupra" | ) | |
| "a/k/a "Viejo" | ) | |
| "a/k/a "Commandante" | ) | |
| | ) | |
| HERIBERTO CARRASCO | ) | |
| "a/k/a Joselito" | ) | |
| "a/k/a Flaco," and | ) | |
| | ) | |
| GEORGE SAMUELS | ) | |
| Defendants. | ) | |
| | ) | |

## POST-INDICTMENT RESTRAINING ORDER

The United States has made an *ex parte* application to this
Court, pursuant to 21 U.S.C. §853, for a restraining order to
preserve the availability of certain property, that is  subject to
forfeiture in the above-styled criminal action. Upon consideration
of the Government's application, and the Indictment of George
Samuels, the Court finds that there is reasonable cause to enter a
restraining order to preserve 61 Appaloosa Lane, West Springfield,
Massachusetts, (the "Defendant Property"), more fully described as
a certain parcel of land with buildings thereon, being land known

as Lot 4 (four) as shown on a plan entitled "Morgan Hills Estates" revised on December 29, 1999 prepared by D.L. Bean, Inc. and recorded in the Hampden County Registry of Deeds, Book of Plans 316, Page 67, being the same premises conveyed in deed from Vladimir Lapik to George Samuels and Kyanna M. Samuels and recorded in the Hampden County Registry of deeds on April 8, 2005 at Book 14932, Page 576. This restraining order is based upon the following findings:

1.    On September 1, 2005, a federal grand jury of this district returned a Two-Count Indictment against George Samuels and others, charging from an unknown date but at least by in or about 2001 and continuing until on or about August 28, 2005, Conspiracy to Distribute of Cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §846, Possession With the Intent to Distribute five Kilograms or More of Cocaine; in violation of 21 U.S.C. §841 (a) (1), and Aiding and Abetting, in violation of 18 U.S.C. §2. Furthermore, said Indictment alleges criminal forfeiture under 21 U.S.C. §853 of certain property, because the Defendant Property constitutes, or is derived from, proceeds obtained, directly or indirectly, as a result of such violations, property used, or intended to be used, in any manner or part, to commit and to facilitate the commission of such violations, or property traceable thereto, including 61 Appaloosa Lane, West Springfield,

2

Massachusetts, of which George Samuels is the owner and is the mortgage holder.

2. The federal grand jury's indictment of George Samuels, which specifically identified the Defendant Property as being subject to forfeiture under 21 U.S.C. §853, establishes sufficient probable cause for the issuance of this restraining order.

3. On August 27, 2005, a search warrant was executed on the Defendant Property. Twenty-six kilograms of cocaine and an unloaded gun was found at the Defendant Property in the garage inside the trunk of a Mercedes.

4. In the event George Samuels, is convicted of the charges alleged in said Indictment, the Defendant Property would be subject to forfeiture under 21 U.S.C. §853.

5. The need to preserve the availability of the Defendant Property through the entry of the order requested herein outweighs the hardship on any party against whom the order is to be entered.

6. Any third party claims to the Defendant Property may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law.

THEREFORE, IT IS HEREBY ORDERED AND DECREED:

That, effective immediately, George Samuels and Kyanna M. Samuels, their agents, servants, employees, attorneys, family

3

members and those persons in active concert or participation with their, and those persons, financial institutions, or other entities who have any interest or control over the Defendant Property are hereby RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability, marketability or value of said property, including but not limited to selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of, all or any part of their interest, direct or indirect, in the Defendant Property:

> 61 Appaloosa Lane, West Springfield, Massachusetts more fully described as a certain parcel of land with buildings thereon, being land known as Lot 4 (four) as shown on a plan entitled "Morgan Hills Estates" revised on December 29, 1999 prepared by D.L. Bean, Inc. and recorded in the Hampden County Registry of Deeds, Book of Plans 316, Page 67, being the same premises conveyed in deed from Vladimir Lapik to George Samuels and Kyanna M. Samuels and recorded in the Hampden County Registry of deeds on April 8, 2005 at Book 14932, Page 576;

IT IS FURTHER ORDERED that the property owner is required to maintain the present condition of any real property subject to this Order, including timely payment of all mortgage payments, and insurance, utilities, taxes, and assessments until further order of this Court. The Government is hereby authorized to enter said real property to videotape conditions in order to verify that said property is being maintained.

4

IT IS FURTHER ORDERED that any financial institutions holding mortgages on the real property subject to this Order shall respond promptly to requests by the Government for information on said mortgages' current status.

IT IS FURTHER ORDERED that the United State Marshal or his designee shall promptly serve a copy of this Restraining Order upon George Samuels and Kyanna M. Samuels, and Countrywide Home Loans, Inc., and shall make a return thereon reflecting the date and time of service.

THIS RESTRAINING ORDER shall remain in full force and effect until further order of this Court.

DONE this the ___8ᵗʰ___ day of ___September___, 2005.

_____
United States District Judge

5