UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO  05-10235-GAO |
| | ) | |
| SERGIO ELPIDIO ALCANTARA-, SALDANA | ) ) | |
| "a/k/a Jose Delgado" | ) | |
| "a/k/a Erving Nieves" | ) | |
| "a/k/a "Ruben" | ) | |
| "a/k/a "Sergio" | ) | |
| | ) | |
| CESAR ZAPATA | ) | |
| "a/k/a Nani" | ) | |
| "a/k/a Zupra" | ) | |
| "a/k/a "Viejo" | ) | |
| "a/k/a "Commandante" | ) | |
| | ) | |
| HERIBERTO CARRASCO | ) | |
| "a/k/a Joselito" | ) | |
| "a/k/a Flaco," and | ) | |
| | ) | |
| GEORGE SAMUELS | ) | |
| Defendants. | ) | |

**POST-INDICTMENT RESTRAINING ORDER**

The United States has made an *ex parte* application to t s Court, pursuant to 21 U.S.C. § 853(e)(1)(A), for a restrair g order to preserve the availability of certain property that s subject to forfeiture in the above-styled criminal action, nam :

The contents (approximately $450,000) of The Bank of Western Massachusetts, Bank Account Number 0100116421, in the name of Pine Street Auto Sales. (the "Pine Street Account")

Upon consideration of the Government's application, and t Indictment in the above-captioned case, it appears to the Cou that there is reasonable cause to enter a restraining order preserve the subject property based upon the following:

1. That a federal grand jury of this district has returned Indictment against On September 1, 2005, Sergio E. Saldana, Ces Zapata, Heriberto Carrasco and Geoge Samuels (the "Defendants were indicted by a federal grand jury sitting within this distri in a Two-Count Indictment, charging Conspiracy to Distribu Cocaine, in violation of 21 U.S.C. §§846 and 841(a)(1), Possessi With the Intent to Distribute five Kilograms or More of Cocaine; violation of 21 U.S.C. §841 (a) (1), and Aiding and Abetting, violation of 18 U.S.C. §2. The Indictment contained a forfeitu allegation, providing that the Defendants, upon conviction, sha forfeit to to United States, pursuant to 21 U.S.C. §853: (1) a property constituting or derived from any proceeds the sa Defendants obtained directly or indirectly as a result of t charged offenses; and (2) any and all property used or intended be used in any manner or part to commit and to facilitate t commission of the offenses.

2. That the federal grand jury's indictment, containing forfeiture allegation and the Bill of Particulars, as well as t

the facts set forth in the attached Motion for a Restraining Order establish sufficient probable cause for the issuance of th restraining order.

3. That in the event the Defendants are convicted of the charg alleged in said Indictment, the subject property would be subje to forfeiture under 21 U.S.C. §853.

4. That the need to preserve the availability of the subje property through the entry of the order requested herein outweig the hardship on any party against whom the order is to be entere

5. That any third party claims to the subject property may properly brought and resolved in ancillary proceedings conducted this Court following the execution of a Preliminary Order Forfeiture in accordance with the provisions of federal forfei law.

THEREFORE, IT IS HEREBY ORDERED AND DECREED:

That, effective immediately, Defendants, Sergio E. Saldana, Ces Zapata, Heriberto Carrasco and Geoge Samuels, their agent servants, employees, attorneys, family members and those persons active concert or participation with him, and those person financial institutions, or other entities who have any interest control over the subject property are hereby

RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval this Court and upon notice to the United States and an opportuni

for the United States to be heard, from attempting or completir any action that would affect the availability, marketability ( value of said property, including but not limited to sellin transferring, assigning, pledging, distributing, encumberin( wasting, secreting, depreciating, damaging, or in any wa diminishing the value of, all or any part of their interest, dire( or indirect, in the following property:

> The contents (approximately $450,000) of The Bank of
> Western Massachusetts, Bank Account Number 0100116421, in t
> name of Pine Street Auto Sales.

IT IS FURTHER ORDERED that any financial institutions holding a accounts subject to this Order shall take no offsets against su accounts. They shall continue to credit any deposits, interes dividends, or other credits to such accounts in the normal cour of business, and such deposits, interest, dividends, and oth credits shall be subject to this Order. In addition, upon receivi notice of this Order, each financial institution shall prompt inform the Government as to the account balances at the time notice, and shall thereafter supplement such information reporting to the Government any changes to the accounts, and responding promptly to requests by the Government for informati

IT IS FURTHER ORDERED that the United States or any Subject of th Order may seek modifications of this Order if it is deem necessary by them to preserve their interest in the subje property.

IT IS FURTHER ORDERED that the US Marshal or her designee sha promptly serve a copy of this Restraining Order upon Defendant Sergio E. Saldana, Cesar Zapata, Heriberto Carrasco and Geo Samuels and The Bank of Western Massachusetts and shall a make return thereon reflecting the date and time of service.

THIS RESTRAINING ORDER shall remain in full force and effect unt further order of this Court.

DONE this the 13th day of September, 2005.

_____
George A. O'Toole, Jr.
United States District Judge