UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>      v. )<br>SERGIO ELPIDIO ALCANTARA-, )<br>SALDANA )<br>"a/k/a Jose Delgado" )<br>"a/k/a Erving Nieves" )<br>"a/k/a "Ruben" )<br>"a/k/a "Sergio" )<br>                                        )<br>CESAR ZAPATA )<br>"a/k/a Nani" )<br>"a/k/a Zupra" )<br>"a/k/a "Viejo" )<br>"a/k/a "Commandante" )<br>                                        )<br>HERIBERTO CARRASCO )<br>"a/k/a Joselito" )<br>"a/k/a Flaco," and )<br>                                        )<br>GEORGE SAMUELS )<br>      Defendants. ) | )CRIMINAL NO. 05-10235-GAO |

**MOTION TO CORRECT THE POST INDICTMENT RESTRAINING ORDER**

The United States of America, by and through its attorne[y] Michael J. Sullivan, United States Attorney for the District [of] Massachusetts, hereby files the following Motion to Correct t[he] Post Indictment Restraining Order.

Due to a clerical error, the restraining order, signed by t[he] Court on September 13, 2005, although correctly designating t[he] bank and account number, misstated the name of the accountholder [as] "Pine Street Auto Sales," rather than "Pine Point Auto Sales." T[he] attached proposed corrected restraining order changes the wo[rd] "Street" to "Point" but makes no substantive change in t[he] restraining order, which is otherwise identical to the c[...]

1

submitted on September 13, 2005.

Once the Court has acted on the Corrected-Post Indictme Restraining Order, the Government will promptly serve the correct restraining order on interested parties to the property.

Respectfully submitted,

MICHAEL J. SULLIVAN

United States Attorney

By: /s/ Jennifer H. Zacks

JENNIFER H. ZACKS

Assistant U.S. Attorneys

1 Courthouse Way, Suite 9200

Boston, MA 02210

September 14, 2005                (617) 748-3100

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 05-10235-GAO |
| | ) |
| SERGIO ELPIDIO ALCANTARA-, | ) |
| SALDANA | ) |
| "a/k/a Jose Delgado" | ) |
| "a/k/a Erving Nieves" | ) |
| "a/k/a "Ruben" | ) |
| "a/k/a "Sergio" | ) |
| | ) |
| CESAR ZAPATA | ) |
| "a/k/a Nani" | ) |
| "a/k/a Zupra" | ) |
| "a/k/a "Viejo" | ) |
| "a/k/a "Commandante" | ) |
| | ) |
| HERIBERTO CARRASCO | ) |
| "a/k/a Joselito" | ) |
| "a/k/a Flaco," and | ) |
| | ) |
| GEORGE SAMUELS | ) |
| Defendants. | ) |

**CORRECTED POST-INDICTMENT RESTRAINING ORDER**[1]

---

[1] Due to a clerical error, the restraining order, signed the Court on September 13, 2005, although correctly designating t bank and account number, misstated the name of the accountholder "Pine Street Auto Sales," rather than "Pine Point Auto Sales This amended order changes to word "Street" to "Point" but makes substantive change in the restraining order.

The United States has made an *ex parte* application to th[e] Court, pursuant to 21 U.S.C. § 853(e)(1)(A), for a restrain[ing] order to preserve the availability of certain property that [is] subject to forfeiture in the above-styled criminal action, name[ly]:

> The contents (approximately $450,000) of The Bank of Western Massachusetts, Bank Account Number 0100116421, in the name of Pine Point Auto Sales. (the "Pine Point Account")

Upon consideration of the Government's application, and t[he] Indictment in the above-captioned case, it appears to the Co[urt] that there is reasonable cause to enter a restraining order [to] preserve the subject property based upon the following:

1. That a federal grand jury of this district has returned [an] Indictment against On September 1, 2005, Sergio E. Saldana, Ce[sar] Zapata, Heriberto Carrasco and Geoge Samuels (the "Defendants[") were indicted by a federal grand jury sitting within this distri[ct] in a Two-Count Indictment, charging Conspiracy to Distribu[te] Cocaine, in violation of 21 U.S.C. §§846 and 841(a)(1), Possessi[on] With the Intent to Distribute five Kilograms or More of Cocaine; [in] violation of 21 U.S.C. §841(a)(1), and Aiding and Abetting, [in] violation of 18 U.S.C. §2. The Indictment contained a forfeitu[re] allegation, providing that the Defendants, upon conviction, sha[ll] forfeit to to United States, pursuant to 21 U.S.C. §853: (1) a[ny] property constituting or derived from any proceeds the sa[id] Defendants obtained directly or indirectly as a result of t[he] charged offenses; and (2) any and all property used or intended

be used in any manner or part to commit and to facilitate the commission of the offenses.

2. That the federal grand jury's indictment, containing the forfeiture allegation and the Bill of Particulars, as well as the facts set forth in the attached Motion for a Restraining Order establish sufficient probable cause for the issuance of the restraining order.

3. That in the event the Defendants are convicted of the charges alleged in said Indictment, the subject property would be subject to forfeiture under 21 U.S.C. §853.

4. That the need to preserve the availability of the subject property through the entry of the order requested herein outweighs the hardship on any party against whom the order is to be entered.

5. That any third party claims to the subject property may properly brought and resolved in ancillary proceedings conducted this Court following the execution of a Preliminary Order Forfeiture in accordance with the provisions of federal forfeiture law.

THEREFORE, IT IS HEREBY ORDERED AND DECREED:

That, effective immediately, Defendants, Sergio E. Saldana, Ces Zapata, Heriberto Carrasco and Geoge Samuels, their agent servants, employees, attorneys, family members and those persons active concert or participation with him, and those person

financial institutions, or other entities who have any interest
control over the subject property are hereby

RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval
this Court and upon notice to the United States and an opportun:
for the United States to be heard, from attempting or complet:
any action that would affect the availability, marketability
value of said property, including but not limited to sellin
transferring, assigning, pledging, distributing, encumberin
wasting, secreting, depreciating, damaging, or in any v
diminishing the value of, all or any part of their interest, dire
or indirect, in the following property:

> The contents (approximately $450,000) of The Bank of
> Western Massachusetts, Bank Account Number 0100116421, in t
> name of Pine Point Auto Sales.

IT IS FURTHER ORDERED that any financial institutions holding a
accounts subject to this Order shall take no offsets against su
accounts. They shall continue to credit any deposits, interes
dividends, or other credits to such accounts in the normal cour
of business, and such deposits, interest, dividends, and oth
credits shall be subject to this Order. In addition, upon receivi
notice of this Order, each financial institution shall prompt
inform the Government as to the account balances at the time
notice, and shall thereafter supplement such information
reporting to the Government any changes to the accounts, and
responding promptly to requests by the Government for informati

IT IS FURTHER ORDERED that the United States or any Subject of this Order may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the subject property.

IT IS FURTHER ORDERED that the US Marshal or her designee shall promptly serve a copy of this Restraining Order upon Defendant Sergio E. Saldana, Cesar Zapata, Heriberto Carrasco and Geo Samuels and The Bank of Western Massachusetts and shall a make return thereon reflecting the date and time of service.

THIS RESTRAINING ORDER shall remain in full force and effect until further order of this Court.

DONE this the _____ day of _____, 2005.


_____
George A. O'Toole, Jr.
United States District Judge