

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*  *United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts  02210*

September 23, 2005

Counsel of Record

    Re:  United States v. Sergio Alcantara-Saldana et al.
          <u>Criminal No. 05-10235-GAO</u>

Dear Counsel:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.   <u>Rule 16 Materials</u>

1.   <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.   <u>Written Statements</u>

    There are no relevant written statements of the defendants in the possession, custody or control of the government, which are known to the attorney for the government.  There are, however, a large number of papers seized during the arrest of the defendants in this case and the execution of search warrants (which are further described below) which may contain the handwriting of your respective clients.  As further described below, these items are available for your inspection.

    b.   <u>Recorded Statements</u>

    Other than the State wiretap interceptions, which are further described below, there are no relevant recorded statements of the defendants in the possession, custody or control of the government, which are known to the attorney for the government.

    c.   <u>Grand Jury Testimony of the Defendant</u>

None of the defendants testified before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The following documents are enclosed: copies of your respective client's personal history reports (DEA 202's) which included "booking information." With the exception of these reports, the government is unaware of any oral statements made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

Each of you should have received your client's criminal history from Pre-Trial Services at the time of their initial appearance in this matter. If you need your particular client's criminal history, please let me know and I will request an additional copy and provide you with one.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

Please be advised, however, that these materials are located at the DEA offices in Springfield. A detailed listing of the items that were seized are included on the DEA 7a's and the search warrant returns.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

All of the drugs that were seized during the course of search warrants have been sent to the DEA's Northeast Regional Laboratory. These exhibits are referred to as DEA Exhibits 1 and 2 on the enclosed DEA 7's. Thus far, the laboratory analysis has not yet been completed. Once they are completed, I provide each of you copies of the completed laboratory certifications.

Should we be unable to reach a stipulation as to the results of the examination of the drugs seized in this case, the

government plans to offer testimony concerning the results of the laboratory analysis of the drug exhibits.

Please also be advised that pursuant to 21 U.S.C. Sec. 881(f)(2), DEA will destroy 16 of the 26 kilograms of cocaine seized in this case. If you want to preserve this evidence for trial, you will need to file a motion with the court to which the government has no objection. The letter describing the destruction notice is enclosed.

B.   Search Materials under Local Rule 116.1(C)(1)(b)

On August 27, 2005, federal search warrants, signed by U.S. Magistrate Judge Kenneth P. Neiman, were executed at the following locations:

   (1) 31 Braywood Circle, Springfield, MA;

   (2) 93 Florence Street, Apt. 1B, Springfield, MA;

   (3) Pine Point Auto Sales, 1608 State Street, Springfield; and

   (4) 61 Appaloosa Lane, West Springfield, MA.

Please also be advised that during the same time that the government applied for the four foregoing search warrants on August 26, 2005, the government also applied for a search warrant at 41 Brooks Street, Springfield, MA. The court initially denied the government's application, but granted the application on August 28, 2005. On that day, August 28, 2005, federal search warrants, signed by U.S. Magistrate Judge Kenneth P. Neiman, were executed at the following locations:

   (1) 41 Brooks Street, Springfield, MA;

   (2) a 2000 Chrysler 300 automobile, bearing VIN 2C3HE66GXYH233052;

   (3) a 2001 Nissan Maxima automobile, bearing VIN JN1CA31D01T623568; and

   (4) a Sentry safe seized from 93 Florence Street, Springfield, MA.

A copy of the eight foregoing search warrants, application, affidavit, and return are enclosed.

C.   <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

Wire communications, as defined in 18 U.S.C. § 2510, of the defendant relating to the charges in the indictment were intercepted pursuant to court-authorized electronic surveillance. The government intends to offer these communications as evidence in its case-in-chief.  Enclosed please find copies of the application, affidavits in support, warrants and returns for each of these wiretaps which were ordered pursuant to MA state law.

The following is a list of these MA state wiretaps:

- On May 31, 2005, Associate Justice Constance M. Sweeney of the Superior Court Trial Department, Trial Court of Massachusetts signed an order pursuant to MA state law authorizing the interception of wire communications over cellular telephone (413) 883-7649, subscribed to Jose Gil, 650 W.172nd Street, Apartment 1, New York, NY for a period of 15 days.  These interceptions began on June 2, 2005.

- On June 16, 2005, Associate Justice Constance M. Sweeney of the Superior Court Trial Department, Trial Court of Massachusetts signed an order pursuant to MA state law authorizing a first 15 day extension of the interception of wire communications over cellular telephone (413) 883-7649, subscribed to Jose Gil, 650 W.172nd Street, Apartment 1, New York, NY.

- On June 30, 2005, Associate Justice Constance M. Sweeney of the Superior Court Trial Department, Trial Court of Massachusetts signed an order pursuant to MA state law authorizing a second 15 day extension of the interception of wire communications over cellular telephone (413) 883-7649, subscribed to Jose Gil, 650 W.172nd Street, Apartment 1, New York, NY.

- On July 14, 2005, Associate Justice Constance M. Sweeney of the Superior Court Trial Department, Trial Court of Massachusetts signed an order pursuant to MA state law authorizing a third 15 day extension of the interception of wire communications over cellular telephone (413) 883-7649, subscribed to Jose Gil, 650 W.172nd Street, Apartment 1, New York, NY.

- On July 29, 2005, Associate Justice Tina S. Page of the Superior Court Trial Department, Trial Court of Massachusetts signed an order pursuant to MA state law

    authorizing a four 15 day extension of the interception of wire communications over cellular telephone (413) 883-7649, subscribed to Jose Gil, 650 W.172nd Street, Apartment 1, New York, NY.

- On August 15, 2005, Associate Justice Tina S. Page of the Superior Court Trial Department, Trial Court of Massachusetts signed an order pursuant to MA state law authorizing a fifth 15 day extension of the interception of wire communications over cellular telephone (413) 883-7649, subscribed to Jose Gil, 650 W.172nd Street, Apartment 1, New York, NY.

- On July 1, 2005, Associate Justice Constance M. Sweeney of the Superior Court Trial Department, Trial Court of Massachusetts signed an order pursuant to MA state law authorizing the interception of wire communications over cellular telephone (413) 313-3144, subscribed to Brandon Cruz, 24 Maple Street, Holyoke, MA.  However, no calls were intercepted pursuant to this wiretap order.

- On July 1, 2005, Associate Justice Constance M. Sweeney of the Superior Court Trial Department, Trial Court of Massachusetts signed an order pursuant to MA state law authorizing the interception of wire communications over cellular telephone (413) 204-8402, subscribed to Branden Cruz.

- On July 19, 2005, Associate Justice Tina S. Page of the Superior Court Trial Department, Trial Court of Massachusetts signed an order pursuant to MA state law authorizing the interception of wire communications over cellular telephone (917) 684-5975, subscribed to Robin Mentel, 200 W.113th Street, New York, NY.

- On July 19, 2005, Associate Justice Tina S. Page of the Superior Court Trial Department, Trial Court of Massachusetts signed an order pursuant to MA state law authorizing the interception of wire communications over cellular telephone (347) 621-7413.

- On August 3, 2005, Associate Justice Tina S. Page of the Superior Court Trial Department, Trial Court of Massachusetts signed an order pursuant to MA state law authorizing a first 15 day extension of the interception of wire communications over cellular telephone (917) 684-5975, subscribed to Robin Mentel,

>   200 W.113th Street, New York, NY.

- On August 3, 2005, Associate Justice Tina S. Page of the Superior Court Trial Department, Trial Court of Massachusetts signed an order pursuant to MA state law authorizing a first extension of the interception of wire communications over cellular telephone (347) 621-7413.

- On August 17, 2005, Associate Justice Tina S. Page of the Superior Court Trial Department, Trial Court of Massachusetts signed an order pursuant to MA state law authorizing the interception of wire communications over cellular telephone (646) 427-9433, subscribed to Ralph Tellalian, 5000 Broadway, New York, NY.

- On August 17, 2005, Associate Justice Tina S. Page of the Superior Court Trial Department, Trial Court of Massachusetts signed an order pursuant to MA state law authorizing the interception of wire communications over cellular telephone (413) 519-9044, subscribed to George Samuels, 61 Appaloosa Lane, West Springfield, MA.

Please also be advised that during the investigation of this case, law enforcement agents in New York City were monitoring and intercepting one or more telephones of individuals with whom defendant CESAR ZAPATA had telephone contact pursuant to Title III wiretaps. These individuals with whom ZAPATA had contact are described in the affidavit filed in support of the criminal complaint. The government may seek to introduce, at trial, some of these intercepted calls during which ZAPATA was intercepted, or during which ZAPATA or other members of the conspiracy, including SERGIO ALCANTARA-SALDANA, were referred to at trial under Fed. R. Evid. 801(d)(2)(E).

At this time, pursuant to LR 116.6(A), the government is declining to provide these materials for a period of at least thirty days because of the ongoing nature of a criminal investigation.

D.   <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the

government intends to offer as evidence in its case-in-chief.

E.   Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

The government believes that, at this writing, there are a number of individuals who may qualify as "unindicted coconspirators." The identity of some of these individuals are described in a separate letter. When and if such persons are indicted in the future, their names will, of course, be made public. If at such time such individuals have not been indicted, such names will also be made available to counsel. However, because of the ongoing nature of this investigation and other related investigations, the release of these names at this time would be detrimental to the investigation. Therefore, pursuant to L.R. 116.6(A), the government is declining to provide such information at this time.

F.   Identifications under Local Rule 116.1(C)(1)(f)

Each of the defendants were the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief. In particular, as described in the affidavit filed in support of the criminal complaint, both CW-1 and CW-2 were shown two separate 8-person photo arrays which contained MA RMV photographs for both CESAR ZAPATA and SERGIO ALCANTARA-SALDANA (under the name Jose Delgado) and positively identified ZAPATA and ALCANTARA. Copies of these two 8-person photo arrays are included, though at this time the identifying initials of the CW-1 and CW-2 have been redacted.

In addition to these identifications procedures used with CW-1 and CW-2, CW-3 was shown as an RMV photograph of SERGIO ALCANTARA-SALDANA (under the name Jose Delgado) and positively identified ALCANTARA. Finally, during the investigation of this case, DEA and other law enforcement agents utilized MA RMV photographs for SERGIO ALCANTARA-SALDANA (under the names Jose Delgado and Irving Nieves), CESAR ZAPATA, and GEORGE SAMUELS to identify the defendants during physical surveillance. Copies of each of these RMV photographs are included. In the event that I become aware that other identification procedures were used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

G.   Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is

defined in Local Rule 116.2(A), the government states as follows:

The government is aware of no information or materials relating to this case of the types described in Local Rule 116.2(B)(1) other than the following:

The affidavit filed in support of the criminal complaint refers to three different cooperating witnesses, identified as CW-1, CW-2, and CW-3.  The affidavit also provided some information relevant to 116.2(B)(1)(c - e).  In addition to this information, please be advised that CW-3 has pled guilty to a federal drug offense and has been cooperating with DEA in hopes in obtain leniency at sentencing and assistance in immigration status.  Other than this information, pursuant to LR 116.6(B), the government is declining to provide further any further information pursuant to regarding CW-1, CW-2, and CW-3.

H.   Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi.  The time, date, and place at which the alleged offenses were committed is set forth in indictment in this case.

  Please call the undersigned Assistant U.S. Attorney at (617) 748-3397 if you have any questions.

         Very truly yours,

         MICHAEL J. SULLIVAN
         United States Attorney

     By:
         <u>/s/ Neil J. Gallagher, Jr.</u>
         Neil J. Gallagher, Jr.
         Assistant U.S. Attorney
         Charles Dolan
         Special Assistant U.S. Attorney


cc: Thomas Quinn
   Clerk to the Honorable Judith G. Dein
   (w/o enclosure(s))