

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*United States Courthouse,  Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts  02210*

November 16, 2005

**Vincent A. Bongiorni**
95 State Street
Suite 309
Springfield, MA 01103

> Re:  United States v. Sergio Alcantara-Saldana et al.
>      Criminal No. 05-10235-GAO

Dear Counsel:

I am writing in response to your written request for additional discovery dated October 21, 2005 pursuant to LR 116.3(A).

Requests 1 and 2

There were no surveillance photographs taken during the course of the investigation by members of the DEA in Springfield. DEA in Springfield, MA are currently trying to determine if any surveillance photographs were taken of the defendants in the investigation of New York.  The government will disclose these photographs, if they exist, so long as their disclosure does not interfere with the ongoing investigation in New York.

Request 3

As indicated in several of MA wiretaps and criminal complaint in this matter, in January 2005, DEA agents in New York searched the residence of Salvador Beltre and seized approximately twelve (12) kilograms of cocaine and a firearm. Agents also seized a cellular phone bearing cellular telephone number (809) 762-3633.  The MA wiretap affidavits refer to this search as a consent search.  However, the criminal complaint mistakenly refers to this search as a search warrant.  I will be able to provide you copies of the reports regarding this search within two weeks.  The government intends to introduce the evidence of this search at trial.

As indicated in my letter to counsel for SERGIO SALDANA, a consent search was also conducted at the residence of SALDANA's mother in New York around the same time of the arrest in this case.  I will be able to provide you with copies of these reports within two weeks.  No evidence was seized during this consent search and the government does not intend to introduce any such evidence.

Request 4

During the course of the investigation, there were some instances where surveillance was conducted from a helicopter, but such surveillance was done of vehicles on public roads.  No aerial surveillance of any private areas was conducted to support any of the wiretap affidavits or search warrants.

Request 5

On September 23, 2005, the government provided each defense counsel copies of the applications, affidavits in support, warrants and returns for each of MA state wiretaps from this investigation.  The government also provided each defense counsel with copies of each audio recordings made during these wiretaps. The government also provided copies of the written summaries that were created contemporaneously with the intercepted calls and as well as the transcripts and partial transcripts that have been created thus far.

In addition to the above, the government will further agree to provide copies of the minimization instructions and the Detailed Linesheets, an example of which is enclosed and some of which were used as exhibits during the preliminary hearings in this case.  The government will also agree to provide each defense counsel with copies of the minimization instructions used for the wiretaps in this case.

The government will not be producing copies of the periodic reports provided to MA state court during the wiretaps.  While there is not a great deal of case law on the issue, the only relevant case law I could find indicates that defendants are not entitled to copies of the periodic reports. *See United States v. Wright*, 121 F.Supp.2d 1344, 1350 (D.Kansas 2000).

Local Rule 116.1(C) requires the government to produce in automatic discovery: (1) a written description of
the interceptions of wire, oral, and electronic communications as defined in 18 U.S.C. § 2510, relating to the charges in the indictment in which the defendant was intercepted; (2) a copy of

the applications, supporting affidavits, court orders and sealing orders.  The Local Rules make no mention of periodic reports.

Furthermore, while 18 U.S.C. § 2518(9) requires the government to disclose wiretap applications and orders to a defendant, the "good cause" requirement of section 2518(8)(b) and the "interest of justice" standard in section 2518(10)(a) make it clear that the defendant is entitled only to that information that is relevant to his defense and is not protected from disclosure by some other constitutional right or privilege. *See United States v. Orena*, 883 F. Supp. 849 (E.D.N.Y. 1995)("[t]here is no statutory requirement that all recordings made pursuant to the court order be produced. To the contrary, section 2518(10)(a) specifically provides that it rests within the discretion of the trial court to decide whether intercepted communications should be furnished to a defendant"); *United States v. Yoshimura*, 831 F. Supp. 799 (D. Hawaii 1993); *Application of U.S. for an Order Authorizing Interception of Wire and Oral Communications*, 495 F. Supp. 282 (E.D. La. 1980); *United States v. Ferle*, 563 F. Supp. 252 (D.R.I. 1983).

Accordingly, once the additional information described above is disclosed, the government will have complied with its' discovery obligations regarding the wiretaps.

Request 6

The government is already required by LR 116.1(C)(1)(c) to provide written descriptions of any interception of wire, oral, or electronic communication.  Other than the wiretaps previously described there was no other interception of wire, oral, or electronic communication.  Furthermore, under LR 116.3(D), "A defendant participating in automatic discovery must not request information expressly required to be produced under 116.1; all such information is by these Local Rules deemed ordered by the court to be produced."

Request 7 and 8

There were no administrative subpoenas issued by the Hampden County District Attorney's Office in connection with the indictment in this case.  Federal Grand Jury Subpoenas have been issued in this case.  These subpoenas pertain to ongoing investigative matters which the government will decline to produce at this time pursuant to LR 116.6(A).

Pursuant to our prior conversation, you also requested copies of all DEA administrative subpoenas issued in this investigation.  Please be advised that the DEA did issue a number of administrative subpoenas for telephone records and utility records.  The DEA in Springfield are currently making copies of

these items which include hundreds of pages of phone records.  I
will send copies of these records to you and the administrative
subpoenas within two weeks.

    <u>Request 9</u>

    In the governments September 23, 2005 automatic discovery
letter, the government indicated that it would utilizing the
declination procedures of LR 116.6(A) for the federal Title III
wiretaps from New York referred to the criminal complaint and
search warrants in this case.  The government will not be
disclosing this information at this time.  Furthermore, since
your client was not intercepted during the course of these Title
III wiretaps, your client is not an "aggrieved person" under 18
U.S.C. § 2510(11) and lacks standing to suppress any evidence
from these wiretaps under 18 U.S.C. §2510(10)(a).

        Very truly yours,

        MICHAEL J. SULLIVAN
        United States Attorney

    By:
        <u>/s/ Neil Gallagher</u>
        Neil J. Gallagher, Jr.
        Assistant U.S. Attorney
        Charles Dolan
        Special Assistant U.S. Attorney

cc:  Thomas Quinn
     Clerk to the Honorable Judith G.Dein
     (w/o enclosure(s))