IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | 05-10235-GAO |
| SERGIO E. ALCANTARA-SALDANA | ) | |
| et al. | ) | |
| | ) | |

**JOINT STATUS REPORT**

Pursuant to Local Rule 116.5(A), the United States and defendant, through his counsel, respectfully submits this status report in connection with the interim status conference scheduled for November 16, 2005.

1. Local Rule 116.3 Timing Requirements

At the time of the defendants' detention hearings in this case, the government disclosed to defense counsel the *Jencks* material for government witness DEA SA John Barron, which included SA Barron's DEA 6 reports and wiretap affidavits. On September 20, 2005, the government filed an assented to motion for an extension of time, until September 23, 2005, to provide automatic discovery pursuant to LR 116.1(C) which the Court granted on September 26, 2005. On September 23, 2005, the government automatic discovery pursuant to LR 116.1(C).

On September 23, 2005, the government received a written request for additional discovery from defendant ZAPATA which was joined by co-defendants SALDANA-ALCANTARA and SAMUELS. The government responded to this written request on October 14, 2005 and provided some additional discovery.

On October 5, 2005, the government received requests for additional discovery. The government responded in writing to these

requests on November 16, 2005.  The government has agreed to provide some of the requested items within a period of two weeks and has declined to provide other materials.

Therefore, both parties need additional time to resolve discovery issues. Furthermore, because of the large volume of produced discovery, which includes thousands of intercepted phone calls, the defendant may need additional time to review discovery. The government would not oppose this request, though to date no such requests have been made.

2. Expert Testimony

At trial on the pending indictment, the government anticipates that it will present the testimony of one or more forensic chemists regarding the content of controlled substances seized during this case.  The government may also present non-expert opinion testimony and expert opinion testimony pursuant to Fed. R. Evid. 701 and 703 by law enforcement agents regarding the content and meaning of the intercepted phone calls.  As indicated previously, the defendants intend to oppose this testimony in the form of a motion in limine or in a request for a *Daubert* hearing.

3. Additional Discovery

The government anticipates providing additional discovery in this case within the next two weeks.

4. Motion Date

The government anticipates that defense counsel will not be seeking a deadline for the filing of pretrial motions in this case.

5. Anticipated Length of Trial

The government anticipates that a trial in this matter would

last approximately three weeks.

6. <u>Final Status Conference</u>

The government submits that a Final Status Conference should be scheduled on January 19, 2006.

Respectfully submitted,

MICHAEL J. SULLIVAN

United States Attorney

By:    /s/ Neil Gallagher
       Neil J. Gallagher, Jr.
       Assistant U.S. Attorney

By:    /s/ Thomas Butters
       **Thomas J. Butters**
       Butters Brazilian LLP
       One Exeter Plaza
       Boston, MA 02116
       Counsel for SERGIO E.
       ALCANTARA-SALDANA

By:    /s/ David Apfel
       **David J. Apfel**
       Goodwin Procter, LLP
       Exchange Place
       53 State Street
       Boston, MA 02109
       Counsel for CESAR ZAPATA

By:    /s/ Tom Butters for
       **Vincent A. Bongiorni**
       95 State Street
       Suite 309
       Springfield, MA 01103
       Counsel for GEORGE SAMUELS

Date: November 16, 2005