```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
                               )
          v.                   )   CRIMINAL NO. 05-10235-GAO
                               )
SERGIO ELPIDIO ALCANTARA-,     )
SALDANA                        )
"a/k/a Jose Delgado"           )
"a/k/a Erving Nieves"          )
"a/k/a "Ruben"                 )
"a/k/a "Sergio"                )
                               )
CESAR ZAPATA                   )
"a/k/a Nani"                   )
"a/k/a Zupra"                  )
"a/k/a "Viejo"                 )
"a/k/a "Commandante"           )
                               )
HERIBERTO CARRASCO             )
"a/k/a Joselito"               )
"a/k/a Flaco," and             )
                               )
GEORGE SAMUELS                 )
          Defendants.          )
```

**UNITED STATES' MOTION FOR AN ORDER FOR AN INTERLOCUTORY SALE OF 61 APPALOOSA LANE AUTHORIZING AND DIRECTING CLERK OF COURT TO PLACE THE NET PROCEEDS FROM THE SALE INTO THE <u>COURT'S REGISTRY INVESTMENT SYSTEM</u>**

The United States of America, by its Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, the Plaintiff, hereby moves that the Court enter an order, in the form attached hereto, permitting the interlocutory sale of real property located at 61 Appaloosa Lane, West Springfield, Massachusetts (the "Defendant Property")[1] and authorizing and

---

[1] This description refers to a certain parcel of land with buildings thereon, being land known as Lot 4 (four) as shown on a plan entitled "Morgan Hills Estates" revised on December 29, 1999 prepared by D.L. Bean, Inc. and recorded in the Hampden County

directing the Clerk of Court for the District of Massachusetts to receive and hold the net proceeds until the conclusion of this criminal case in the Court's Registry Investment System (the "CRIS Account"), an interest-bearing account under the control of the Court.  As reasons therefor, the United States states as follows:

    1.   In this criminal action, the United States seeks the criminal forfeiture of the real property located at 61 Appaloosa Lane, West Springfield, Massachusetts;

    2.   On September 1, 2005, a federal grand jury returned a two-count indictment charging George Samuels, and others with the following: Count One, Conspiracy to Distribute Cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §846, Count Two, Possession With the Intent to Distribute five Kilograms or More of Cocaine; in violation of 21 U.S.C. §841(a)(1), and Aiding and Abetting, in violation of 18 U.S.C. §2. The Forfeiture Allegation of the Indictment seeks the forfeiture of the Defendant Property, pursuant to 21 U.S.C. §853, as a result of violations of 21 U.S.C. §§846 and 841, alleging the Defendant Property constitutes, and/or is derived from, proceeds obtained, directly or indirectly, as a result of such violations and is property used, or intended to be used, in any manner or part, to commit and to facilitate the

---

Registry of Deeds, Book of Plans 316, Page 67, being the same premises conveyed in deed from Vladimir Lapik to George Samuels and Kyanna M. Samuels and recorded in the Hampden County Registry of deeds on April 8, 2005 at Book 14932, Page 576.

commission of the violations charged in the indictment;

3. On September 8, 2005, the Court endorsed the United States' motion for a <u>lis</u> <u>pendens</u> for the Defendant Property. On September 13, 2005, the court-endorsed <u>lis</u> <u>pendens</u> was recorded at the Hampden Registry of Deeds;

4. On September 8, 2005, the Court endorsed the United States' motion for a Post-Indictment Restraining Order for the Defendant Property, preventing, among other things, any transfer or further encumbrance of the Defendant Property during the pendency of this criminal case and requiring the owners to pay the mortgage on the Defendant Property;

5. In order to preserve full value of the Defendant Property for forfeiture and to avoid the risk of any damage, deterioration, or loss of value of the Defendant Property, the United States moves that the Defendant Property should now be sold, and the net proceeds of sale, after payment of the expenses of sale, and real estate taxes should be held by the Court in the CRIS Account pending the conclusion of this criminal action;

6. A number of statutory provisions permit the Court to authorize the interlocutory sale of property alleged to be subject to criminal forfeiture, with the proceeds to be retained by the Court pending the conclusion of the criminal forfeiture proceedings. Pursuant to 18 U.S.C. §983(j)(1)(A), in a civil forfeiture action, the Court, upon application of the United

States, may take any "action to ... secure, maintain, or preserve the availability of property subject to civil forfeiture." 18 U.S.C. §983(j)(1)(A).  An analogous provision applies in the criminal context, authorizing the Court to take any action "to preserve the availability of property" that has been named in an indictment as subject to forfeiture in the event of a conviction 21 U.S.C. §853(e)(1)(A); 18 U.S.C. §982(b)(1).  Similarly, Rule E(10) of the Supplemental Rules for Certain Admiralty and Maritime Claims, provides that, upon application, while a forfeiture action is pending, a Court may take any action necessary to preserve the availability of property for forfeiture;

    7.   The proposed interlocutory sale of the Defendant Property will not affect the criminal proceedings relating to the indictment, nor will it cause prejudice to any party;

    8.   The United States states that an order allowing the proposed interlocutory sale of the Defendant Property and authorizing and directing the Clerk of Court to receive and hold the net proceeds in an interest-bearing account will aid in preserving the availability of the Defendant Property for forfeiture in the event of conviction in this criminal case.  The United States proposes that the interlocutory sale of the Defendant Property take place on the following terms:

        a.   The sale will be conducted under the supervision of the U.S. Marshals Service.  If the closing occurs

       prior to the verdict, at the closing a check for the full sale price will be made out to the "United States Marshal" and delivered to a representative of the United States Marshal. The United States Marshal will then pay, from the proceeds of the sale, the costs of the sale and any real estate taxes;

b.   The United States Marshal Service will then make out a check for the net proceeds from the sale, payable to the "Clerk, United States District Court." The net proceeds will be deposited in the CRIS Account, an interest-bearing account under the control of the Court, until the conclusion of this criminal case and criminal forfeiture action;

c.   By the time of the closing, the United States shall file a motion with this Court for a release of the <u>lis pendens</u> and restraining order against the Defendant Property;

d.   At the conclusion of all forfeiture proceedings relating to the Defendant Property, the net proceeds held in the CRIS Account will be disposed of according to law.

WHEREFORE, the United States moves that the Court enter an Order pursuant to 21 U.S.C. §853(e)(1)(A), incorporated by 18 U.S.C. §982 (b)(1), authorizing the interlocutory sale of the Defendant Property and authorizing and directing the Clerk of Court for the District of Massachusetts to receive and hold the net proceeds in the interest-bearing CRIS Account. A proposed order is submitted herewith for the consideration by the Court.

    Respectfully submitted,

    MICHAEL J. SULLIVAN,
    UNITED STATES ATTORNEY


By: /s/ JENNIFER H. ZACKS
Jennifer H. Zacks
Assistant US Attorney
1 Courthouse Way Suite 9200
Boston, MA 02210
617-748-3100
Dated: December 22, 2005

**CERTIFICATE OF SERVICE**

I certify that I have served a true copy of the foregoing upon Vincent A. Bongiorni, Esquire, 95 State Street, Springfield, MA 01103-2000 as counsel for Defendant George Samuels and upon Veronica C. Viveiros, Esquire, 150 California Street, Newton, MA 02458, as mortgage holder for Countrywide Home Loans by first class mail, postage prepaid.

                                                /s/Jennifer H. Zacks
                                                Jennifer H. Zacks
                                                Assistant U.S. Attorney

Dated: December 22, 2005

```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10235-GAO |
| | ) | |
| SERGIO ELPIDIO ALCANTARA-, | ) | |
| SALDANA | ) | |
| "a/k/a Jose Delgado" | ) | |
| "a/k/a Erving Nieves" | ) | |
| "a/k/a "Ruben" | ) | |
| "a/k/a "Sergio" | ) | |
| | ) | |
| CESAR ZAPATA | ) | |
| "a/k/a Nani" | ) | |
| "a/k/a Zupra" | ) | |
| "a/k/a "Viejo" | ) | |
| "a/k/a "Commandante" | ) | |
| | ) | |
| HERIBERTO CARRASCO | ) | |
| "a/k/a Joselito" | ) | |
| "a/k/a Flaco," and | ) | |
| | ) | |
| GEORGE SAMUELS | ) | |
|     Defendants. | ) | |

**ORDER FOR AN INTERLOCUTORY SALE AND DEPOSIT
FUNDS INTO COURT'S REGISTRY INVESTMENT SYSTEM**

It is hereby ORDERED, ADJUDGED, and DECREED that:

Court having considered applicable principles of law and this cause having come before this Court and the Court being fully advised of the United States' Motion for an Interlocutory Sale of property located at 61 Appaloosa Lane, West Springfield, Massachusetts with a deed recorded at Book 14932, Page 576, of the Hampden County Registry of Deeds (the "Defendant Property") and the deposit of the net proceeds of the sale of the Defendant Propoerty into the Court's Registry Investment System (the "CRIS Account"), an interest-bearing account under the control of the Court, the

instant motion is allowed;

Now, it is HEREBY ORDERED, that an Order for an Interlocutory Sale and Authorizing and Directing the Clerk of Court to Place the Net Proceeds from the Sale into the Court's Registry Investment System, is granted, and;

IT IS FURTHER ORDERED, that the United States Marshals Service, shall sell, and dispose of the Defendant Property, as provided by law;

IT IS FURTHER ORDERED, after deducting from the sale proceeds the costs and expenses relating to the sale of the Defendant Property, and after paying from the sale proceeds of the Defendant Property any outstanding real estate taxes on the Defendant Property, that the United State Marshals Service is ordered to make out a check for the net proceeds from the sale of the Defendant Property payable to the "Clerk, United States District Court;"

IT IS FURTHER ORDERED, that the net proceeds will be deposited in the CRIS Account and that the net proceeds be held in the CRIS Account until further order of this Court;

DONE and ORDERED in Boston, Massachusetts, this _____ Day of _____, 2005.

_____
GEORGE A. O'TOOLE
United States District Judge