UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | NO.   05-CR-10235 GAO |
| ) | |
| GEORGE SAMUELS ) | |

**DEFENDANT'S MOTION FOR SALE OF REAL ESTATE**

Now comes the defendant, George Samuels, by and through counsel, and move this Honorable Court for an order permitting the sale of the real property of the defendant known as 61 Appaloosa Lane, West Springfield, Massachusetts, and as his basis therefore asserts the following;

On September 1, 2005 the defendant, George Samuels, was indicted and charged with others in the crimes set forth in the above entitled indictment.

The indictment specifically identified the real estate at 61 Appaloosa Lane as being subject to forfeiture under 21 U.S.C. §853.

On September 5, 2005, the United States District Court O'Toole J. allowed an ex parte restraining order enjoining the defendant, his wife, and others from alienating or transferring the subject real estate, and in addition thereto, ordered the present condition of the real estate to be maintained.

On December 22, 2005, the Government filed a Motion seeking the interlocutory sale of said real estate.

On December 27, 2005, the defendant filed a responsive pleading to the Government's Motion, acquiescing to the sale, with a minimum sale price proviso of $480,000.00.

At present the defendant has a bona fide purchaser for value prepared to purchase the subject property for $465,000.00.

The defendant has entered into a Purchase and Sale Agreement with this individual, contingent upon the defendant obtaining the court's permission to consummate the sale in accordance with its order of September 5, 2005.

The defendant is presently detained and his wife is the sole supporter of his three minor children. The mortgage payment on this home is $1,939.83 monthly. The defendant's family is unable to afford to reside at the 61 Appaloosa Lane address, and is presently unable to continue to afford the monthly expenses of its upkeep which has become a substantial financial hardship for the defendant and his family.

This sale does not involve a Real Estate Broker's commission and should result in net proceeds of approximately of $263,720.61, after the present mortgage balance of $198,531.42 is paid. The <u>tentative</u> net proceeds are subject to change based on the following:

1. Seller Attorney fee;

2. Final water/sewer reading;

3. Payoff of 1st Mortgage Loan thru 3/22/06 with 3 day per diem charge.

The sale of this property is in the best interest of the defendant, and upon information and belief, the Government as well.

The lis pendens on this property, recorded on September 13, 2005 in Hampden County, will be released prior to the closing date.

A DEA Agent will be present at closing to take custody of the check made payable to the U.S. Marshall Service.

WHEREFORE, the defendant moves this Court issue an order permitting the sale of the real estate, and directing the net proceeds of the sale be paid over to the Seized Assets Deposit Fund held by the United States Marshall Service until trial on the forfeiture count of the indictment may be determined.

Respectfully submitted,

DEFENDANT

BY: /s/ Vincent A. Bongiorni
95 State Street - Suite # 309
Springfield, MA 01103
(413) 732-0222
BBO #049040