UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
05-10235-GAO

UNITED STATES OF AMERICA

v.

SERGIO ELPIDIO ALCANTARA-SALDANA
GEORGE SAMUELS
MANUEL FLORENTINO
CARLOS SANCHEZ
HERIBERTO CARRASCO

**INTERIM STATUS REPORT**

July 6, 2006

DEIN, M.J.

An Interim Status Conference was held before this court on Thursday, July 6, 2006, pursuant to the provisions of Local Rule 116.5(A). Based on that Conference, this court enters the following report and orders with respect to the above identified defendants[1]:

1.  The government is in the process of producing additional discovery to the defendants, and responding to discovery letters. The defendants are in the process of reviewing the materials produced to date.

2.  The defendants may request expert discovery in this case. The time for providing any such discovery, and any objections thereto, shall be set at the next status conference. In addition, the defendants may seek to preclude expert testimony proffered by the government by filing a motion in limine or a request for a <u>Daubert</u> hearing.

---

[1] A final status report has been filed with respect to the defendant Cesar Zapata.

3.      The date for filing discovery and/or dispositive motions shall be set at the next status conference.

4.      In this court's view, this is not a case involving unusual or complex issues for which an early joint conference of the district judge and the magistrate judge with counsel of record would be useful.

5.      In this court's view, this is not a case involving features which would warrant special attention or modification of the standard schedule, except as provided herein.

6.      It is too early to determine whether a trial will be necessary.  If the case proceeds to trial, the government anticipates that it would last approximately three weeks.

7.      This court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice, i.e., review of the case, review of evidence, and consideration of alternatives concerning how best to proceed with this matter, outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), the Clerk of this Court enter excludable time for the period of July 6, 2006 through

August 7, 2006, that being the period between the Interim Status Conference and the next Status Conference.[2]

8. Based upon the prior orders of the court dated September 9, 2005, October 20, 2005, November 9, 2005, November 16, 2005, January 19, 2006, February 28, 2006, April 4, 2006, May 4, 2006 nd the order entered herewith, at the time of the next Status Conference on August 7, 2006, there will be zero (0) days of non-excludable time under the Speedy Trial Act and seventy (70) days will remain under the Speedy Trial Act in which this case must be tried.

9. **An Interim Status Conference has been scheduled for August 7, 2006 at 11:00 a.m.  Counsel for the respective parties shall file a Joint Memorandum addressing the matters set forth in LR 116.5(A)(1) through (7) before the close of business no less than THREE business days prior to that Status Conference.  In addition, the parties shall include in the Joint Memorandum not only the periods of excludable time that are applicable, but also the amount of time remaining under the Speedy Trial Act before trial must commence, as well as the total amount of time which has been excluded.**

     / s / Judith Gail Dein
JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE

---

[2]  The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto.  The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).