UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 05-10235-GAO |
| ) | |
| GEORGE SAMUELS ) | |

### DEFENDANTS MOTION FOR RECONSIDERATION OF DETENTION ORDER

Now comes George Samuels, by and through counsel, and moves this Honorable Court for an order reconsidering its original order of detention entered on September 16, 2005, and as his basis, therefore, asserts the following;

The defendant was arrested August 27, 2005 on a criminal complaint charging him and three others with a series of violations of Title 21 §841, §846.

The defendant and two of the original three co-defendants made their first appearance September 2, 2005. The defendant was arraigned on an indictment September 9, 2005. All of the original defendants were charged in the indictment. The defendant was ordered detained after a Hearing on September 16, 2005.

A superceding indictment was returned January 12, 2006 naming two additional defendants, Carlos Sanchez and Manuel Florentino. As of the return of this indictment, one of the defendants in the original indictment, Heriberto Carrasco, had yet to be apprehended.

Florentino and Sanchez were arraigned on January 16, 2006. Carrasco was apprehended in late February 2006, and arraigned February 27, 2006.

On December 6, 2005, defendant moved in the District Court for an order revoking the original order of detention of September 16, 2005. A Hearing on the matter was held on February 22, 2006 and continued for further briefing and argument until May 17, 2006. An order denying the defendant's motion was entered on June 6, 2006.

During the time period between January and April 2006, when the issue of the defendant's detention was litigated, various counsel appeared and withdrew for the two new defendants named in the superceding indictment.

The defendant will have been detained pretrial for over 14 months as of the next status date scheduled for November 14, 2006. The length of his detention has been occasioned in large

part by delays not attributable to the defendant or the Government, but resulted nevertheless from the addition and withdrawal of a series of attorneys for co-defendants, and the time reasonably needed by new counsel to obtain and review discovery.

The length of the defendant's detention together with additional periods of detention that must necessarily flow from anticipated Hearings on substantive motions and an anticipated trial lasting at least 2 additional months will, it is anticipated, result in a pretrial detention of at least 20 months.

Pretrial detention of such duration implicates due process concerns embodied in the 14th Amendment, and as such amounts to changed circumstances warranting the court's reconsideration. *See* United States v. Zannino, 798 F.2d 544 (1st Cir.) and United States v. Accetturo, 783 F2d 382 (3rd Cir.). The extraordinary length of the defendant's pretrial detention has imposed a financial hardship upon the defendant's family. The continued detention of the defendant for this length of time has forced the defendant's wife to sell the family's major assets in order to meet the family financial obligation. (See affidavit of Kyanna Samuels).

The initial order of detention entered September 16, 2006 was premised upon the defendant being both a risk of flight and a danger to the community. The District Court in its order of June 6, 2006, upholding the defendant's detention, impliedly found the defendant's ties to the community and social history supported a finding the defendant was not a flight risk. See order of June 6, 2005 at page 11.

The defendant proposes new conditions of release that would virtually guarantee any risk of danger to the community would be effectively neutralized, including 24 Hour House Arrest, no visitation beyond immediate family, the installation of a pen register or similar device to permit the Government to monitor his home telephone, and executing agreements to permit Pretrial Services unlimited authority to enter his residence in order to monitor compliance.(See attached Proposed Conditions).

WHEREFORE, the defendant moves this Honorable Court for reconsideration of is original order of detention.

                                                     Respectfully submitted,

                                                     THE DEFENDANT

        BY: /s/ Vincent A. Bongiorni
        95 State Street - Suite #309
        Springfield, MA 01103
        (413) 732-0222
        BBO #049040


CERTIFICATE OF SERVICE

    I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing to Assistant United States Attorney Neil Gallagher, United States Courthouse, Suite #9200, I Courthouse Way, Boston, MA this 1 day of November 2006.

        /s/ Vincent A. Bongiorni

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                          ) | Criminal No. 05-10235-GAO |
| ) | |
| GEORGE SAMUELS                ) | |

**PROPOSED CONDITIONS REGARDING
RECONSIDERATION OF DETENTION ORDER**

1. Posting of a surety bond in the amount of $500,000.00 to be secured by the equity in the defendant's parents houses, and all of the Samuel's family Real Estate.

2. Electronic Monitoring to enforce an order of 24 Hours per day House Arrest without limitation or reservation, limiting the defendant's visitors to his mother, father, immediate family, and legal representative.

3. The installation of a pen register, smart slave, or other device on the defendant's home telephone authorizing the Government to monitor the defendant's telephone calls twenty four hours each day.

4. An authorization allowing the Pretrial Services Department of this court to make unannounced entry to his residence to monitor compliance with the proposed conditions.

5. An agreement by the defendant, and all of the sureties, that the defendant will not possess, own , control, subscribe, either directly or indirectly, cellular or regular telephone service other than described above, any violation of which would act as a breach of the terms of the proposed conditions

6. The execution of Quit Claim Deeds to the property posted as surety in favor of the Government, in lieu of forfeiture, in the event of a breach of conditions.

Respectfully submitted,

THE DEFENDANT

BY: /s/ Vincent A. Bongiorni
95 State Street - Suite #309
Springfield, MA 01103
(413) 732-0222
BBO #049040

CERTIFICATE OF SERVICE

    I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing to Assistant United States Attorney Neil Gallagher, United States Courthouse, Suite #9200, I Courthouse Way, Boston, MA this 1 day of November 2006.

                                                               /s/ Vincent A. Bongiorni

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-10235-GAO |
| | ) | |
| GEORGE SAMUELS | ) | |

**AFFIDAVIT OF KYANNA SAMUELS IN SUPPORT OF
MOTION FOR RECONSIDERATION OF DETENTION ORDER**

Now comes Kyanna Samuels, and being duly sworn, hereby deposes and states as follows;

I am 31 years old and currently reside at 175 Brittany Road in Springfield, Massachusetts. I have been married to George Samuels since 1998. We have 3 children, ages 12, 8, and 14 months old. We have lived together for the last 15 years.

My husband's detention began on August 27, 2005, this was the day my youngest child was born, prior to his arrest my husband supported our family through his trucking and Real Estate business. Approximately 4 days after my husband's arrest I withdrew our life savings from the bank in order to hire an attorney, and purchase a motor vehicle, as the DEA had seized all our vehicles. Since my husband's incarceration I have had to sell his truck and our family home in order to support myself and my 3 children. Prior to my husband's arrest I ran a day care business from our home. I am no longer able to do this because I have sold the home and moved into a much smaller residence which myself, and my husband formerly owned which we were renting. I sold our primary residence because I was unable to meet the mortgage obligation and the utilities. I am able to obtain full time employment, however, current childcare for my youngest child would cost me between $235.00 to $285.00 per week, effectively costing half of my expected salary. This does not include additional costs for after school programs attended by my two older children, I am currently receiving only a rental income from one other remaining property we own and what little savings I have left in order to support my family. My husband is, and always has been, a very loving and caring father who personally took part in all aspects of our children's lives from infancy to the present.

      If my husband were to be held under House Arrest I would be able to work full time, support my family while my husband provides daycare for our children, and I would not have to sell any more personal belongings to make ends meet. I understand my husband has been charged with a serious crime, but I also know what kind of a father he is to our children, and what a devastating impact this has had on our family.

      I respectfully ask the court to reconsider its ruling to permit my husband's release to his home. My children and I need him emotionally and to allow me to alleviate the financial burden I have been under for the last year.

      Signed under the pains and penalties of perjury this 1 day of November 2006.

/s/ Mrs. George Samuels