IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | 05-10235-GAO |
| SERGIO E. ALCANTARA-SALDANA ) | |
| et al. ) | |
| ) | |

**FINAL STATUS REPORT**

Pursuant to Local Rule 116.5(C) and in anticipation of the final status conference scheduled for November 29, 2006 in this matter, the United States respectfully submits this proposed status report. The government submit as follows:

(1) There are no outstanding discovery issues to be presented or resolved by the Court.

(2) The government does not anticipate producing any additional discovery other than 21 day discovery under LR 117.1(a)(4), expert witness discovery if necessary regarding the testimony of DEA forensic chemists or fingerprint experts 30 days in advance of trial, and trial exhibits consisting of wiretap transcripts and other documents obtain by trial subpoena. Defendants do not anticipate producing any discovery at this point.

(3) Defendants do not intend to raise a defense of insanity or public authority.

(4) The government requested notice of alibi as part of its automatic discovery letter to defense counsel. Defendants, however, do not intend to offer an alibi defense.

(5) Defendants do intend to file motions to suppress evidence including the wiretap, to sever, and to transfer the case to the District Court in Springfield, Massachusetts or any other motion

requiring a ruling by the Court.

(6) A pretrial schedule needs to be set in this case regarding a deadline for the filing of pretrial motions.

(7) The government has discussed a resolution of the case without trial with some of the parties, but no resolution has yet been reached.

(8) Speedy Trial Act

    a.  On January 12, 2006, a superseding indictment was returned naming each of the defendant in this case.

    b.  On January 19, 2006, defendants 1) Sergio Elpidio Alcantara-Saldana, 2) Cesar Zapata, 4) George Samuels, 5) Manuel Florentino and 6) Carlos Sanchez were arraigned and pled not guilty.

    c.  On January 23, 2006, the court entered an order on EXCLUDABLE DELAY as to Sergio Elpidio Alcantara-Saldana, George Samuels, Manuel Florentino, Carlos Sanchez, excluding the time from 1/19/06 until 2/16/06.  The same day, the court also entered an order referring defendant Cesar Zapata to the U.S. District Court.

    d.  On February 23, 2006, defendant Heriberto Carrasco made his first appearance on the superseding indictment in the District of Massachusetts.  Defendant Carrasco was arraigned on the indictment on February 27, 2006.

    e.  On February 28, 2006, the court entered an order on excludable delay as to defendant Carrasco from 2/27/06 until 3/27/06.

    f.  On March 3, 2006, the court entered an order on excludable delay as to defendants Manuel Florentino, Carlos

Sanchez, Sergio Elpidio Alcantara-Saldana, George Samuels from 2/28/06 until 4/4/06.

      g.   On April 7, 2006, the court entered an order on excludable delay as to defendants Manuel Florentino, Carlos Sanchez, Sergio Elpidio Alcantara-Saldana, Heriberto Carrasco, George Samuels Time from 4/4/06 until 5/4/06.

      h.   On May 5, 2006, the court entered an order on excludable delay as to defendants Manuel Florentino, Carlos Sanchez, Sergio Elpidio Alcantara-Saldana, Heriberto Carrasco, George Samuels Time from 5/4/06 until 7/6/06

      i.   On August 9, 2006, the court entered an order on excludable delay as to defendants Manuel Florentino, Carlos Sanchez, Sergio Elpidio Alcantara-Saldana, Heriberto Carrasco, George Samuels from 8/7/06 until 10/4/06.

      j.   No order for excludable delay was entered for the time period of 10/4/06 until 11/29/06.  However, on 10/5/06, defendant Sanchez filed a motion for a bail hearing.  A hearing was held on the motion on 10/8/06, though the motion for release has not yet been resolved.  Furthermore, on 11/1/06, defendant Samuels filed a motion for reconsideration of U.S. District Court's denial of his motion for bail which was denied on 6/26/06.  This motion also remains pending before the U.S. District Court.  Therefore, under 18 U.S.C. §3161(h)(1)(F), the time between 10/5/06 through the present time is excluded under the Speedy Trial Act.

      k.   Therefore, under pursuant to Local Rule 112.2(A)(2) and 18 U.S.C. §3161(h)(8)(A), 69 days remain for Speedy Trial Act purposes.

(9) The parties anticipate that there will be a trial in this case which will last approximately four to six weeks.

                               Respectfully submitted,

                               MICHAEL J. SULLIVAN
                               United States Attorney

          By:       /s/ Neil Gallagher
                               Neil J. Gallagher, Jr.
                               Assistant U.S. Attorney

Date: November 29, 2006