UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
05-10235-GAO

UNITED STATES OF AMERICA

v.

GEORGE SAMUELS

**ORDER ON MOTION FOR RECONSIDERATION
OF DETENTION ORDER**

December 12, 2006

DEIN, M.J.

This court has carefully considered the new proposed conditions of release, the affidavit of Kyanna Samuels, the memorandum and arguments of counsel, and the defendant's proffer regarding the letters of support of Mr. Samuels. Nevertheless, the Motion for Reconsideration of Detention Order (Docket No. 148) is DENIED.

As an initial matter, this court does not find any relevant change in circumstances which would warrant reconsideration of the order of detention. See United States v. Ishraiteh, 59 F. Supp. 2d 160, 161 (D. Mass. 1990), and cases cited. See also United States v. Dillon, 938 F.2d 1412, 1415 (1st Cir. 1991) (court upholds decision not to reopen detention hearing in the absence of new evidence). The support of Mr. Samuels' family and friends is not new. The length of the defendant's pretrial detention "is not material to the issue of risk of flight or dangerousness," especially given the sentence Mr. Samuels faces if convicted of the crime with which he has been

charged. United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989). See also United States v. Tortora, 922 F.2d 880, 889 (1st Cir. 1990) ("Congress conspicuously omitted any instruction to consider the potential length of detention as part of the retrial release calculus.").

Nevertheless, even if this court were to reconsider detention, the results would be the same. This detention decision was, and remains, a difficult one. Nevertheless, none of the proffered conditions of release alter the court's fundamental concern about the danger to the community. As Judge O'Toole found:

> Even if I were to conclude that the evidence offered by the defendant was sufficient to rebut the presumption that his detention was necessary to reasonably assure his appearance and that his ties to the area together with the proposed release conditions would limit the likelihood of flight, I would still find that the defendant's detention is necessary in order to reasonably assure the safety of the community. Given the considerable quantity of cocaine found in his residence, the confidential witness's statement that the defendant had been a "kilogram quantity distributor of cocaine" in the Springfield area for several years, and the evidence from electronic and physical surveillance suggesting that the defendant was connected to an extensive narcotics-trafficking organization, I conclude that there is no condition of combination of conditions that will reasonably assure the safety of the community if the defendant is released.

(Docket No. 132 at 11-12). The motion for reconsideration is DENIED.

       / s / Judith Gail Dein
    Judith Gail Dein
    United States Magistrate Judge