UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA   )
                               )
vs.                             )     No. 05-10235-GAO
                               )
GEORGE SAMUELS           )

## DEFENDANT'S OMNIBUS MOTION TO SUPPRESS

     Now comes Defendant, George Samuels ("Samuels"),by and through counsel, and moves this Honorable Court pursuant to Rules 41 and 12 of the Federal Rules of Criminal Procedure for an order suppressing the fruits of a series of searches directed against  him, and as his basis, therefore, the Defendant asserts  the following:

## SEARCH  WARRANT

     On August 27, 2005, Samuels resided at 61 Appoloosa Lane, West Springfield, Massachusetts. On August 27, 2005, Agents of the Drug Enforcement Administration executed a search warrant at Samuels' residence and seized  certain items of evidence all as described in the officer's return on said warrant.  (A copy of which is attached hereto as Exhibit A).

## STATE WIRETAP WARRANTS

     On May 31, 2005, the Hampden County Superior Court, Sweeney, J. authorized the interception of wire and oral communications over cellular telephone (413) 883-7649 subscribed to by Jose Gil.  Five consecutive 15-day extensions of this order were granted. Samuels was not a target of this order nor was he intercepted.

     On July 1, 2005, the Hampden County Superior Court, Sweeney J. authorized the interception of oral and wire communications over cellular telephone (413) 313-3144 subscribed to Brandon Cruz.  Samuels was named as a target of this order but was not intercepted.

     On July 1, 2005, the Hampden County Superior Court, Sweeney J. authorized the

interception of oral and wire communications over cellular telephone (413) 204-8402 subscribed to Brandon Cruz. Samuels was named as a target in this order and was intercepted.

On July 19, 2005, the Hampden County Superior Court, Page J. authorized the interception of oral and wire communications over cellular telephone (347) 621-7413 subscribed to Willis Smith. A single extension of this order was granted on August 3, 2005. Samuels, was named as a target of this order and was intercepted.

On July 19, 2005, the Hampden County Superior Court , Page J. authorized the interception of oral and wire communications over cellular telephone (917) 684-5975 subscribed to Robin Mentel.  A single extension of this order was granted August 3, 2005. Samuels was named as a target of this order but was not intercepted.

On August 17, 2005, the Hampden County Superior Court , Page J. authorized the interception of oral and wire communications over cellular telephone (646) 427-9433 subscribed to Ralph Tellalian. Samuels was named as a target of this order and was intercepted.

On August 17, 2005, the Hampden County Superior Court , Page J.  Authorized the interception of oral and wire communications over cellular telephone (413) 519-9044 subscribed to George Samuels. Samuels was named as a target of this order and was intercepted.

As a result of the execution of the warrants as aforesaid the electronic communications of Samuels were intercepted all as described by the officers return on said warrants. (A copy of which is annexed hereto as Exhibit B).[1]


## SEARCH INCIDENT TO ARREST


On August 27, 2005, Samuels was arrested in Springfield, Massachusetts on a warrant charging him with Violations of Title 21 U.S.C. §841. As a result of Samuels' arrest certain items of his property were seized, including United States currency, a cellular telephone, and a 2004 Nissan automobile.

---

[1] A complete summary of the authorizations, applications, orders, targets, and dates of interception is attached as Appendix A to this motion.

## THE DEFENDANT'S POST ARREST ADMISSIONS

During the course of Samuels' arrest/detention the defendant was interrogated in a custodial setting, was not advised of his constitutional right to remain silent, and upon information and belief, made inculpatory statements without a valid waiver of his constitutional rights.

Samuels believes, and therefore avers, that the Government intends to introduce into evidence at the trial of the indictment all of the above described evidence so seized together with all evidence derived therefrom.

The Government ought not to be permitted to introduce said evidence for the following reasons:

## THE SEARCHES BY SEARCH WARRANT

As to the search warrant identified in the body of this motion:

1. The Affidavit sworn in support of the application for each search warrant failed, as a matter of law, to establish the requisite level of probable cause sufficient to support the warrant which issued.

2. The search warrant failed to particularly describe the items of evidence to be seized, in violation of the Fourth Amendment to the United States Constitution.

3. The officers executing the search warrant failed to limit their seizure of evidence to those items described in the warrant and seized evidence outside the warrant's limitation, in violation of the Fourth Amendment to the United States Constitution.

4. The Affidavit sworn in support of the application for the series of the search warrants contains information which, in whole or in part, was derived from a series of unlawful warrantless searches and/or unlawful electronic surveillance, which information was utilized to establish probable cause for the warrants' issuance. As a direct result, the information so utilized is the fruit of the prior illegality. Wong Sun v. U.S., 371 U. S. 471 (1963); United States v. Segura, 468 U. S. 796 (1984).

5. The applicant failed to inform the issuing Magistrate of a change of facts and circumstances material to the continued existence of probable cause prior to the warrants' execution , rendering the searches thereunder unreasonable.

6. The affidavits sworn in support of the applications for the search warrant for 61

Appoloosa Lane, West Springfield  contains willful misrepresentations of material fact; factual assertions deliberately made with a reckless disregard for the truth of the matters; and material omissions of fact necessary to a legitimate determination of probable cause. Franks v. Delaware, 438 U. S. 154 (1978). (See Defendant's Affidavit attached  hereto and incorporated by reference herein).

## THE WIRE TAP SEARCHES

Samuels, asserts that he is an  "aggrieved persons as defined by Title 18 U.S.C. §2510 (11) and §2518 (10)(a) and, therefore, has standing to complain about the interceptions which are the subject matter of this motion.

Samuels asserts that these oral/wire/electronic communications were unlawfully intercepted in violation of Title 18 U.S.C. §2518 (10)(a) (i).

Samuels asserts that these oral/wire/electronic communications should be suppressed pursuant to Title 18 U.S.C. §2518 (10)(a)(ii) insofar as the wiretap order authorizing the interception was facially insufficient.

The interception of Samuels' oral/wire/electronic communications was not made in conformity with the order of authorization pursuant to Title 18 U.S.C. §2518 (10)(a)(iii).

In support of this request, Samuels claims:

The application failed to set forth a full and complete statement establishing the necessity for the wiretap order sought as required by Title 18 U.S.C. §2518 §(1)(c).

The application failed to set forth a full and complete statement setting forth prior applications involving the same parties as required by Title 18 U.S.C. §2518 §(1)(e).

The Judge issuing the order authorizing the interception of the Defendant's wire/oral communications failed to determine probable cause establishing that a particular communication concerning the described offenses would be obtained through such interception in violation of Title 18 U.S.C. §2518 (3)(b).

The orders authorizing the interception of the Defendant's wire/oral communications failed to particularly describe the type of oral/wire/electronic communications sought to be intercepted as well as the specific crime to which it related in violation of Title 18 U.S.C. §2518 (4)(c).

The orders authorizing the interception of the Defendant's wire/oral/electronic

communications permitted interception beyond the time period necessary to achieve the objective of the authorization in violation of Title 18 U.S.C. §2518 (5).

Disclosure of the Defendant's wire/oral/electronic communications, and all derivative evidence, would be unlawful as the communications were unlawfully intercepted, were not intercepted in conformity with the order of authorization or approval, and were intercepted under a facially insufficient warrant in violation of Title 18 U.S.C. §2518 (10)(a)(i)(ii) and (iii) as well as United States Constitution Amendments Four and Fourteen.

The oral/wire/electronic communications of the Defendant intercepted on authority of the various extension orders of each warrant were the fruits of these multiple unlawful interceptions and were, therefore, evidence derived from unlawful electronic surveillance in violation of Title 18 U.S.C. §2518 (10)(a) requiring suppression of all extension orders issued thereunder.

The orders authorizing the interception of the Defendant's oral/wire/electronic communications were not issued in conformity with Title 18 U.S.C. §2516 (2) insofar as the applications were not authorized by the principal prosecuting attorney of a legally recognizable political subdivision of the Commonwealth of Massachusetts, were not made in conformity with Massachusetts General Laws Chapter 272 §99, and authorized interceptions for designated offenses not authorized under State Law.

For all of the reasons set forth above, and incorporated by reference herein, the Defendant's wire communications are inadmissible pursuant to Title 18 U.S.C. §2515.


## THE DEFENDANT'S ORAL ADMISSIONS


The Defendant asserts that the Government bears a continuing burden to demonstrate voluntariness throughout the course of the interrogation at issue. An Evidentiary Hearing is required. Colorado v. Connelly, 479 U.S. 157 (1986). The admissions/confessions obtained from Samuels were involuntary pursuant to Title 18 U.S.C. §3501 (b).

Samuels' arrest/detention was not supported by probable cause, and any admissions or confessions obtained thereby must be suppressed.

Government agents failed to obtain a voluntary waiver of Samuels' Fifth Amendment rights prior to obtaining his admissions.

## <u>THE SEARCH INCIDENT TO ARREST</u>

The Affidavit sworn in support of the Arrest Warrant failed, as a matter of law, to establish the requisite level of probable cause sufficient to support the warrant which issued.

The Search of the Defendant's person and motor vehicle and subsequent seizures exceeded the scope of a  valid search  incident to a lawful arrest.

WHEREFORE, the Defendant claims said items of evidence and evidence derived therefrom was obtained in violation of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution as well as Chapter 272 §99 of the General Laws of the Commonwealth Massachusetts, Title 18 U.S.C. §2515, §2516, §2518, §3501, 3504, and that the evidence so obtained be suppressed at the trial of these indictments; in anticipation of further discovery by way of Evidentiary Hearing; leave is sought to amend and supplement the grounds and basis alleged in support of the Motion to Suppress and for the filing of an additional Memorandum of Law in order to properly focus the relevant issues for the Court's consideration.

This motion is supported by affidavit.

THE DEFENDANT,
George Samuels


BY: /s/ Vincent A. Bongiorni, Esq.
95 State Street, Suite 309
Springfield, MA. 01103
(413) 737-1489
BBO #049040


CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing via CM/ECF to Assistant United States Attorney, Neil Gallagher, United States Courthouse, One Courthouse Way, Boston, MA this 1 day of March 2007.

/s/ Vincent A. Bongiorni

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-10235-GAO |
| | ) | |
| GEORGE SAMUELS | ) | |

### AFFIDAVIT IN SUPPORT OF OMNIBUS MOTION TO SUPPRESS

Now comes George Samuels, and being duly sworn hereby deposes and states as follows;

I am the defendant in the above entitled action. I have reviewed the Discovery provided by the Government to my attorney in preparing this affidavit. This includes an affidavit sworn in support of the search warrant for my residence and a series of affidavits sworn in support of a series of wiretap warrants.

I believe, and therefore aver, that the above referenced affidavit contains material falsehoods, statements made with a reckless disregard for the truth, and omitted information critical to a finding of probable cause and designed to mislead the issuing authority.

In the affidavit sworn in support of the search warrant for my residence, the affiant set forth information from a confidential source described as CW-2. I know this individual to be Christopher Ortega. Mr. Ortega does not know me personally. I know who he is and have seen him at the automobile auction. Mr. Ortega provided information about me which was patently false. I have never been a partner with Kenneth Mitchell in Schillacci's Fashion or otherwise.

I had not encountered Mr. Ortega for at least 18 months prior to my arrest. I believe, and therefore aver, that the affiant was aware that Mr. Ortega's information was false and that Mr. Ortega was deactivated as an informant, not only because he was known to be a cooperating individual. Mr. Ortega was continuing to sell narcotics through an intermediate named Jason Dickson, even while cooperating with DEA. Mr. Ortega was subpoenaed as a defense witness in United States v. Santiago, Docket No. 05-30020-MAP in July 2006 and invoked his 5th Amendment privilege when questioned as to whether he disclosed this information to the Government.

I have also reviewed pages 34 and 35 of the search warrant affidavit which reflects that the affiant informed the issuing magistrate that Mr. Saldana was intending to make a delivery of cocaine to my residence at 61 Appoloosa Lane on the evening of August 26, 2005. I believe, and therefore aver, that my cellular telephone and Mr. Saldana's cellular telephone were monitored continuously while Mr. Saldana was in New York from the evening of August 25, 2005 until his arrest on August 27, 2005.

I have reviewed all of the intercepted conversations between that date and the time of the actual search of my residence. As a result I believe that affiants were aware prior to the search of my residence that Mr. Saldana remained in New York for the entire evening of August 26, 2005, and that I took my wife to the hospital to have my third child in the early morning hours of

August 27, 2005, and prior to the execution of the warrant were aware no cocaine delivery had occurred as predicted.

I have reviewed the wiretap affidavit dated August 17, 2005 for my cellular telephone. In addition to Christopher Ortega (who is referred to as CW-1) it sets forth information from two individuals, Jose Merced and Jose Garcia. I have never met either of these individuals and they have never met me. Neither of these individuals has any first hand information regarding me. I believe, and therefore aver, that the affiants knew that Mr. Merced was intercepted on a monitored telephone at the Hampshire County House of Correction after my arrest trying to contact individuals to learn the circumstances of my case in order to trade it for a reduced sentence in his case. If either of these two individuals were debriefed, they would have attested to the fact they <u>do</u> <u>not</u> know me.

I have reviewed the wiretap application and affidavit for the series of intercept orders in which my cellular telephone conversations were intercepted. I have read all of the basis asserted by the affiant to establish the necessity for the wiretaps. I believe, and therefore aver, that the application for the orders intentionally did not list Jesus Medina, Jose Montolio Rene Lora, nor Dagoberto Cordero- Sanchez as persons they expected to intercept because these individuals were already the targets of ongoing Title III orders in New York. I believe and therefore aver that prior to the application for a wiretap directed against me, that the Government had identified all of the members of the Cordero-Sanchez organization, the Government had identified their respective roles and that the Government believed they were the major source of supply for Mr. Zapata. The Government had not only identified Apt. 46, 1 Post Road, N.Y., NY., as the location from which the organization distributed cocaine, but also identified the location in Manhattan within which it was warehoused. The Government also failed to disclose it has learned the routes used to import cocaine as well as identified the business and individuals this organization utilized to launder the proceeds from the sale of cocaine imported.

I believe, and therefore aver, this information was not provided to the state court judges in order to compartmentalize this intelligence for law enforcement purposes. This failure to fully disclose these facts materially affected the finding of necessity for this wiretap.

From June 1 through the date of my arrest I was the subscriber of cellular telephone number (413) 519-9044. The communication service I utilized was Verizon. This service provided digital cellular telephone service. I believe, and therefore aver, that at all times material hereto all of my cellular telephone conversations made to any individual, charged or uncharged as co-conspirator, were made from my digital cellular telephone to the digital cellular telephones of another. At no time material hereto did any interstates facility transfer my voice by wire or cable. I offer to establish at an evidentiary hearing that all of the intercepted communications the Government intends to introduce at trial were digital cellular communications which involved the transmission of binary code by way of radio wave and were at all times material hereto electronic communications as defined by Title 18 U.S.C. §2510.

After I was taken into custody on August 27, 2005, I was not immediately advised of my rights. I responded to several questions posed by agents without waiving my rights. At some point after being questioned I asked to speak to an attorney. I  was not questioned after this, but

after I requested counsel I was formally advised of my rights. Several items were taken from my person including my cell telephone, U.S. currency, and my wife's vehicle. I believe none of these items were contraband or evidence of criminal activity. After my home was searched, I learned the agents executing the warrant took a substantial amount of records such as tax returns, real estate records, financial documents, and other documentation which were not identified as seizable on the warrant.

To the extent the Government intends to introduce this evidence, I believe it was seized outside the scope of this search warrant.

Signed under the pains and penalties of perjury this 1 day of March 2007.

/s/ George Samuels

<u>**APPENDIX "A"**</u>

Cellular telephone # (413) 313-3144
Date of Application: July 1, 2005
Applicant: Assistant District Attorney Charles Dolan
Authorization : Hampden County District Attorney William M. Bennett
Issuing Judge:  Sweeney
Date of Order: July 1, 2005
Targets: J. Delgado, C. Zapata, P. Nazario, V. Florentino, M. Florentino, G. Samuels


Communications to be intercepted: "oral and wire communications"
Termination Date: July 15, 2005

Cellular telephone # (413) 204-8402
Date of Application: July 1, 2005
Applicant : Assistant District Attorney Charles Dolan
Authorization : Hampden County District Attorney William M. Bennett
Issuing Judge : Sweeney
Date of Order : July 1, 2005
Targets: J. Delgado, C. Zapata, P. Nazario, V. Florentino, M. Florentino, G. Samuels
Communications to be intercepted: "oral and wire communications"
Termination date: July 15, 2005

Cellular telephone # (917) 684-5975
Application Date: July 19, 2005
Applicant: Assistant District Attorney Charles Dolan
Authorization: Hampden County District Attorney William M. Bennett
Issuing Judge : Page
Date of Order: July 19, 2005
Targets: J. Delgado C. Zapata, P. Nazario, V. Florentino, M. Florentino, H. Carrasco
    G. Samuels
Communications to be intercepted: "oral and wire communications"
Termination date: August 3, 2005
Renewal Application Date August 3, 2005
Renewal Applicant: Assistant District Attorney James Orenstein
Renewal Authorization:


Issuing Judge: Page
Date of renewal order: August 3, 2005
Targets : Same as original order
Communications to be intercepted: "oral and wire communications"
Termination Date: August 11, 2005

Cellular Telephone # (347) 621-7413
Application Date: July 19, 2005
Applicant : Assistant District Attorney Charles Dolan
Authorization: Hampden District Attorney William M. Bennett
Issuing Judge: Page
Date of Order July 19, 2005
Targets : J. Delgado, C. Zapata, P. Nazario, V. Florentino, M. Florentino, H. Carrasco
       G. Samuels
Communications to be intercepted: "oral and wire communications"
Termination Date: August 3, 2005
Renewal Application Date August 3, 2005
Renewal Applicant Assistant District Attorney James Orenstein
Issuing Judge:  Page
Renewal Date August 3, 2005
Targets: Same as original order
Communications to be intercepted: "oral and wire communications"
Termination Date: August 11, 2005


Cellular Telephone # (646) 427-9433
Date of application August 17, 2005
Applicant: Assistant District Attorney Charles Dolan
Authorization: Hampden County District Attorney William M. Bennett
Issuing Judge:  Page
Date of Order August 17, 2005
Targets: J. Delgado, C. Zapata, P. Nazario, V. Florentino, M. Florentino, H. Carrasco,
       G. Samuels
Communications to be interception: "oral and wire communication"
Termination Date: August 27, 2005


Cellular Telephone # (413) 519-9044
Date of Application: August 17, 2005
Applicant: Assistant District Attorney Charles Dolan
Authorization: Hampden County District Attorney William M. Bennett
Issuing Judge :Page
Date of Order: August 17, 2005
Targets : G. Samuels, J. Delgado, C. Zapata,  L. Lizardi, P. Stefogolo, L. Coleman
Communications to be intercepted: "oral and wire communications"
Termination Date: August 27 , 2005



EXHIBIT

**A**

ALL-STATE LEGAL

Search Warrant

# UNITED STATES DISTRICT COURT

_____ DISTRICT OF MASSACHUSETTS _____

| In the Matter of the Search of | **SEARCH WARRANT** |
|---|---|
| (Name, Address or brief description of person or property to be searched) | CASE NUMBER:  M.J. No. 05-645 |

Premises know as: 61 Appaloosa Lane,
West Springfield, MA

TO:  <u>SA Jonathan Shankweiler, DEA,</u> and any Authorized Officer of the United States
Affidavit(s) having been made before me by <u>Jonathan Shankweiler</u>            who has
reason to believe that [ ] on the person of or [X] on the premises known as:

61 Appaloosa Lane, West Springfield, MA, more particularly
described in Attachment C which is incorporated herein by
reference and as depicted in the two photographs labeled as
exhibits 1-2 which are incorporated herein by

in the District of <u>Massachusetts</u> there is now concealed a certain person or
property, namely:

See description of items to be seized on Attachment C-1 which is incorporated herein
by reference

I am satisfied that the affidavit(s) and any record testimony establish probable cause to believe
that the person or property so described is now concealed on the person or premises above-
described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before    <u>September 5, 2005</u>
                                                                                 Date
(not to exceed 10 days) the person or place named above for the person or property specified, serving this
warrant and making the search ~~(in the daytime -- 6:00 A.M. to 10:00 P.M.)~~ and if the person or property be     KPN
found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and
prepare a written inventory of the person or property seized and promptly return this warrant to
<u>U.S. Magistrate Judge</u>              as required by law.

<u>August 24, 2005</u>     at <u>1:30 p.m.</u> <u>Springfield, Massachusetts</u>
Date and Time Issued                        City and State

<u>KENNETH  P. NEIMAN</u>
**U.S. MAGISTRATE JUDGE**                        Signature of Judicial Officer
Name and Title of Judicial Officer

USAO0000131
USAO0000131

AO 93 (Rev. 8/98) Search Warrant (Reverse)

| RETURN | | CASE NUMBER: |
|---|---|---|
| DATE WARRANT RECEIVED<br>08/26/05 | DATE AND TIME WARRANT EXECUTED<br>08/27/05 at approx. 7:30pm | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH<br>Inside Residence |
| INVENTORY MADE IN THE PRESENCE OF<br>TA McKenzie | | |

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

```
    1 Smith and Wesson 357 revolver
    2 Large Plastic Bins Containing Misc. Documents
    $6123.00 USC
    2003 Mercedes CL55
    Mercedes Title
    1 brown box containing rubber bands, 2 knives, and a 100 gram weight.
    Approx. 26 kilograms cocaine
    car keys for Mercedes
    key for Harley Davidson motorcycle
```

## CERTIFICATION

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____          _____
U.S. Judge or Magistrate Judge                    Date

USAO0000132
USAO0000132



**61 Appaloosa Lane, West Springfield, MA (Residence of GEORGE SAMUELS)**

61 Appaloosa Lane, West Springfield, MA is described as a two story contemporary colonial with a gray brick front and beige siding on the sides and back. This residence is situated at the end of a cul-de-sac on the left side of the road and has a driveway to the right of the residence if looking at it from the street. The number 61 is marked clearly to the right of the large wooden front door.

USAO0000133

USAO0000133

**61 Appaloosa Lane, West Springfield, MA (Residence of GEORGE SAMUELS)**

<u>Items to Be Seized</u>

1. Controlled substances, including cocaine;

2. Paraphernalia for packaging, processing, diluting, weighing, and distributing controlled substances, such as scales, funnels, sifters, grinders, glass panes and mirrors, razor blades, plastic bags, bundling materials and heat-sealing devices;

3. Cash, U.S. currency; books and papers reflecting debts and collections relating to monies owed or due for the distribution of controlled substances; and records relating to controlled substances income and expenditures of money and wealth, such as money orders, wire transfers, cashier's checks and receipts, bank statements, passbooks, checkbooks, and check registers, safety deposit keys and deeds to real property;

4. Books, records, receipts, notes, ledgers, and other papers relating to the distribution of controlled substances;

5. Personal books and papers reflecting names, addresses, telephone numbers, and other contact or identification data relating to the distribution of controlled substances;

6. The following items of personal property that tend to identify the person(s) in residence, occupancy, control, or ownership of the Target Location: (a) Utility bills; (b) Telephone bills; (c) Leases; and (d) Rental agreements.

7. Firearms, ammunition, and records relating to the possession of firearms

8. Cell phones, pagers, billing records related telephone communications.

USAO0000134
USAO0000134

**EXHIBIT B**

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN,ss.                              SUPERIOR COURT DEPARTMENT
                                         TRIAL COURT OF THE COMMONWEALTH

---

RETURN OF WARRANT AUTHORIZING INTERCEPTION OF CERTAIN ORAL & WIRE
COMMUNICATIONS OF CESAR ZAPATA AND OTHERS OVER TELEPHONE SERVICE
(413) 883-7649 PURSUANT TO M.G.L. CHAPTER 272 SECTION 99

---

TO:   THE HONORABLE , TINA S. PAGE ASSOCIATE JUSTICE OF THE TRIAL COURT
OF THE COMMONWEALTH OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT

---

# **RETURN**

We, William M. Bennett, District Attorney, and Charles E. Dolan, Specially Designated
Assistant District Attorney, as applicants for a Warrant authorizing interception of certain oral
and wire communications of Cesar Zapata and others over telephone service (413) 883-7649,
hereby make return of said Warrant, under pains and penalties of perjury, as follows:

A.    Interceptions of oral and wire communication between Cesar Zapata and others were
      undertaken, as authorized, on telephone service (413) 883-7649. These interceptions took
      place from 1441 Main Street in Springfield, Massachusetts. These interceptions were
      made by Special Agents, Task Force Agents, and the Intelligence Analyst of the Drug
      Enforcement Administration under the supervision of Special Agent John Barron.

B.    Pursuant to a Warrant signed by the Honorable Constance M. Sweeney on May 31, 2005,
      interceptions of certain oral and wire communications of Cesar Zapata and other
      persons over services  (413) 883-7649 commenced on June 2, 2005, and continued
      through and included August 27, 2005.

C.    Interceptions were completed everyday from June 2, 2005 to August 27, 2005 with the
      exception of June 30, 2005 and July 16, 2005.

Interceptions made over telephone service **(413) 883-7649** as follows:

D.    The following is a list of those identified persons whose oral communications have been
      intercepted: Jose DELGADO, Andres TAVARES-HERNANDES, Raul
      PORTORREAL, Ivelisse DELAPAZ, Dania ALCANTARA, Freddy DOMINGUEZ,
      Jose MONTOLIO, Pedro NAZARIO, Rene LORA, Manuel FLORENTINO, Jesus
      MEDRANO, Heriberto CARRASCO, Wilfredo RIVERA, Bianca FELIZ and Marie
      SALDANA.

E.    Enclosed with this return are original disk recordings of intercepted oral and wire
      communications consisting of one (1) disk of interceptions over (413) 883-7649.

F.    All interceptions were recorded on the enclosed disk.

G.    Enclosed with this return are all original court documents including affidavits with
      attachments, applications, warrants, and monitoring instructions relating to interceptions
      completed for telephone service (413) 883-7649.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY,
THIS 31st DAY OF AUGUST, 2005

_____
Charles E. Dolan
Specially Designated Assistant District Attorney for the
Hampden District of the Commonwealth of Massachusetts

SWORN AND SUBSCRIBED TO BEFORE ME THIS 31st DAY OF AUGUST, 2005.

_____
Tina S. Page
Associate Justice
Superior Court Department
Trial Court of the Commonwealth

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN,ss.                                    SUPERIOR COURT DEPARTMENT
                                              TRIAL COURT OF THE COMMONWEALTH

---

RETURN OF WARRANT AUTHORIZING INTERCEPTION OF CERTAIN ORAL & WIRE
COMMUNICATIONS OF JOSE DELGADO AND OTHERS OVER TELEPHONE SERVICE
(413) 313-3144 PURSUANT TO M.G.L. CHAPTER 272 SECTION 99

---

TO:  THE HONORABLE , TINA S. PAGE ASSOCIATE JUSTICE OF THE TRIAL COURT
OF THE COMMONWEALTH OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT

---

# **RETURN**

We, William M. Bennett, District Attorney, and Charles E. Dolan, Specially Designated
Assistant District Attorney, as applicants for a Warrant authorizing interception of certain oral
and wire communications of Jose Delgado and others over telephone service (413) 313-3144,
hereby make return of said Warrant, under pains and penalties of perjury, as follows:

A.     Interceptions of oral and wire communication between Jose Delgado and others were
       undertaken, as authorized, on telephone service (413) 313-3144. These interceptions took
       place from 1441 Main Street in Springfield, Massachusetts.  These interceptions were
       made by Special Agents, Task Force Agents, and the Intelligence Analyst of the Drug
       Enforcement Administration under the supervision of Special Agent Jonathan
       Shankweiler.

B.     Pursuant to a Warrant signed by the Honorable Constance M. Sweeney on July 1 , 2005,
       interceptions of certain oral and wire communications of Jose Delgado and other
       persons over services  (413) 313-3144 commenced on July 1, 2005, and continued
       through and included July 15, 2005.

Interceptions made over telephone service **(413) 313-3144 as follows:**

**ORIGINAL ORDER -**

Commencing on July 1, 2005 over **(413) 313-3144**

     (A)    DAY #1 On Friday, July 1, 2005, NO INTERCEPTIONS COMPLETED.

     (B)    DAY #2 On Saturday, July 2, 2005, NO INTERCEPTIONS COMPLETED.

     (C)    DAY #3 On, Sunday, July 3, 2005, NO INTERCEPTIONS COMPLETED.

     (D)    DAY #4 On Monday, July 4, 2005, INTERCEPTIONS COMPLETED.

     (E)    DAY #5 On Tuesday, July 5, 2005, NO INTERCEPTIONS COMPLETED.

     (F)    DAY #6 On Wednesday, July 6, 2005, NO INTERCEPTIONS COMPLETED.

     (G)    DAY #7 On Thursday, July 7, 2005, NO INTERCEPTIONS COMPLETED.

     (H)    DAY #8 On Friday, July 8, 2005, NO INTERCEPTIONS COMPLETED.

     (I)    DAY #9 On Saturday, July 9, 2005, NO INTERCEPTIONS COMPLETED.

     (J)    DAY #10 On Sunday, July 10, 2005, NO INTERCEPTIONS COMPLETED.

     (K)    DAY #11 On Monday, July 11, 2005, NO INTERCEPTIONS COMPLETED.

     (L)    DAY #12 On Tuesday, July 12, 2005, NO INTERCEPTIONS COMPLETED.

     (M)    DAY #13 On Wednesday, July 13, 2005, NO INTERCEPTIONS COMPLETED.

     (N)    DAY #14 On Thursday, July 14, 2005, NO INTERCEPTIONS COMPLETED.

     (O)    DAY #15 On Friday, July 15, 2005, NO INTERCEPTIONS COMPLETED.

D.    No individuals were identified on telephone service (413) 313-3144 during the time period shown above.

E.    Enclosed with this return are original disk recordings of intercepted oral and wire communications consisting of one (1) disk of interceptions over (413) 313-3144.

F.    All interceptions were recorded on the enclosed disk.

G.    Enclosed with this return are all original court documents including affidavits with

attachments, applications, warrants, and monitoring instructions relating to interceptions completed for telephone service (413) 313-3144.


SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY,
THIS 19th DAY OF JULY, 2005


_____
Charles E. Dolan
Specially Designated Assistant District Attorney for the
Hampden District of the Commonwealth of Massachusetts


SWORN AND SUBSCRIBED TO BEFORE ME THIS 19th DAY OF JULY, 2005.


_____
Tina S. Page
Associate Justice
Superior Court Department
Trial Court of the Commonwealth

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN,ss.                          SUPERIOR COURT DEPARTMENT
                                     TRIAL COURT OF THE COMMONWEALTH

---

RETURN OF WARRANT AUTHORIZING INTERCEPTION OF CERTAIN ORAL & WIRE
COMMUNICATIONS OF JOSE DELGADO AND OTHERS OVER TELEPHONE SERVICE
(413) 204-8402 PURSUANT TO M.G.L. CHAPTER 272 SECTION 99

---

TO:  THE HONORABLE , TINA S. PAGE ASSOCIATE JUSTICE OF THE TRIAL COURT
OF THE COMMONWEALTH OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT

---

# **RETURN**

We, William M. Bennett, District Attorney, and Charles E. Dolan, Specially Designated
Assistant District Attorney, as applicants for a Warrant authorizing interception of certain oral
and wire communications of Jose Delgado and others over telephone service (413) 204-8402,
hereby make return of said Warrant, under pains and penalties of perjury, as follows:

A.   Interceptions of oral and wire communication between Jose Delgado and others were
     undertaken, as authorized, on telephone service (413) 204-8402. These interceptions took
     place from 1441 Main Street in Springfield, Massachusetts.  These interceptions were
     made by Special Agents, Task Force Agents, and the Intelligence Analyst of the Drug
     Enforcement Administration under the supervision of Special Agent Jonathan
     Shankweiler.

B.   Pursuant to a Warrant signed by the Honorable Constance M. Sweeney on July 1 , 2005,
     interceptions of certain oral and wire communications of Jose Delgado and other
     persons over services  (413) 204-8402 commenced on July 1, 2005, and continued
     through and included July 15, 2005.

Interceptions made over telephone service **(413) 204-8402** as follows:

**ORIGINAL ORDER -**
Commencing on July 1, 2005 over **(413) 204-8402**

    (A)    DAY #1 On Friday, July 1, 2005, INTERCEPTIONS COMPLETED.

    (B)    DAY #2 On Saturday, July 2, 2005, INTERCEPTIONS COMPLETED.

    (C)    DAY #3 On, Sunday, July 3, 2005, INTERCEPTIONS COMPLETED.

    (D)    DAY #4 On Monday, July 4, 2005, INTERCEPTIONS COMPLETED.

    (E)    DAY #5 On Tuesday, July 5, 2005, INTERCEPTIONS COMPLETED.

    (F)    DAY #6 On Wednesday, July 6, 2005, INTERCEPTIONS COMPLETED.

    (G)    DAY #7 On Thursday, July 7, 2005, INTERCEPTIONS COMPLETED.

    (H)    DAY #8 On Friday, July 8, 2005, INTERCEPTIONS COMPLETED.

    (I)    DAY #9 On Saturday, July 9, 2005, INTERCEPTIONS COMPLETED.

    (J)    DAY #10 On Sunday, July 10, 2005, INTERCEPTIONS COMPLETED.

    (K)    DAY #11 On Monday, July 11, 2005, INTERCEPTIONS COMPLETED.

    (L)    DAY #12 On Tuesday, July 12, 2005, INTERCEPTIONS COMPLETED.

    (M)    DAY #13 On Wednesday, July 13, 2005, INTERCEPTIONS COMPLETED.

    (N)    DAY #14 On Thursday, July 14, 2005, INTERCEPTIONS COMPLETED.

    (O)    DAY #15 On Friday, July 15, 2005, INTERCEPTIONS COMPLETED.

D.    The following is a list of those identified persons whose oral communications have been intercepted:

Cesar Zapata                Heriberto Carrasco

George Samuels           Raul Portorreal

Andres Hernandez

E.    Enclosed with this return are original disk recordings of intercepted oral and wire communications consisting of one (1) disk of interceptions over (413) 204-8402.

F.    All interceptions were recorded on the enclosed disk.

G.    Enclosed with this return are all original court documents including affidavits with attachments, applications, warrants, and monitoring instructions relating to interceptions completed for telephone service (413) 204-8402.


SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY,
THIS 19th DAY OF JULY, 2005


_____
Charles E. Dolan
Specially Designated Assistant District Attorney for the
Hampden District of the Commonwealth of Massachusetts


SWORN AND SUBSCRIBED TO BEFORE ME THIS 19th DAY OF JULY, 2005.


_____
Tina S. Page
Associate Justice
Superior Court Department
Trial Court of the Commonwealth

HAMPDEN,ss.                           SUPERIOR COURT DEPARTMENT
                                      TRIAL COURT OF THE COMMONWEALTH

---

RETURN OF WARRANT AUTHORIZING INTERCEPTION OF CERTAIN ORAL & WIRE
COMMUNICATIONS OF JOSE DELGADO AND OTHERS OVER TELEPHONE SERVICE
(347) 621-7413 PURSUANT TO M.G.L. CHAPTER 272 SECTION 99

---

TO:  THE HONORABLE , TINA S. PAGE ASSOCIATE JUSTICE OF THE TRIAL COURT
OF THE COMMONWEALTH OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT

---

# **RETURN**

We, William M. Bennett, District Attorney, and Charles E. Dolan, Specially Designated
Assistant District Attorney, as applicants for a Warrant authorizing interception of certain oral
and wire communications of Jose Delgado and others over telephone service (347) 621-7413,
hereby make return of said Warrant, under pains and penalties of perjury, as follows:

A.    Interceptions of oral and wire communication between Jose Delgado and others were
      undertaken, as authorized, on telephone service (347) 621-7413. These interceptions took
      place from 1441 Main Street in Springfield, Massachusetts. These interceptions were
      made by Special Agents, Task Force Agents, and the Intelligence Analyst of the Drug
      Enforcement Administration under the supervision of Special Agent Jonathan
      Shankweiler.

B.    Pursuant to a Warrant signed by the Honorable Tina S. Page on July 19 , 2005,
      interceptions of certain oral and wire communications of Jose Delgado and other
      persons over services  (347) 621-7413 commenced on July 20, 2005, and continued
      through and included August 11, 2005.

---

Interceptions made over telephone service **(347) 621-7413** as follows:

**ORIGINAL ORDER -**
Case 1:05-cr-10235-GAO   Document 169-5   Filed 03/01/2007   Page 10 of 20
Commencing on July 20, 2005 over (347) 621-7413

(A)   DAY #1 On Wednesday, July 20, 2005, INTERCEPTIONS COMPLETED.

(B)   DAY #2 On Thursday, July 21, 2005, INTERCEPTIONS COMPLETED.

(C)   DAY #3 On, Friday, July 22, 2005, INTERCEPTIONS COMPLETED.

(D)   DAY #4 On Saturday, July 23 2005, INTERCEPTIONS COMPLETED.

(E)   DAY #5 On Sunday, July 24, 2005, INTERCEPTIONS COMPLETED.

(F)   DAY #6 On Monday, July 25, 2005, INTERCEPTIONS COMPLETED.

(G)   DAY #7 On Tuesday, July 26, 2005, INTERCEPTIONS COMPLETED.

(H)   DAY #8 On Wednesday, July 27, 2005, INTERCEPTIONS COMPLETED.

(I)   DAY #9 On Thursday, July 28, 2005, INTERCEPTIONS COMPLETED.

(J)   DAY #10 On Friday, July 29, 2005, INTERCEPTIONS COMPLETED.

(K)   DAY #11 On Saturday, July 30, 2005, INTERCEPTIONS COMPLETED.

(L)   DAY #12 On Sunday, July 31, 2005, INTERCEPTIONS COMPLETED.

(M)   DAY #13 On Monday, August 1, 2005, INTERCEPTIONS COMPLETED.

(N)   DAY #14 On Tuesday, August 2, 2005, INTERCEPTIONS COMPLETED.

(O)   DAY #15 On Wednesday, August 3, 2005, INTERCEPTIONS COMPLETED.

RENEWAL EXTENSION –
Commencing August 4, 2005 over (347) 621-7413

(P)   DAY #16 On Thursday, August 4, 2005, INTERCEPTIONS COMPLETED.

(Q)   DAY #17 On Friday, August 5, 2005, INTERCEPTIONS COMPLETED.

(R)   DAY #18 On Saturday, August 6, 2005, INTERCEPTIONS COMPLETED.

(S)   DAY #19 On Sunday, August 7, 2005, INTERCEPTIONS COMPLETED.

(U)    DAY #21 On Tuesday, August 9, 2005, NO INTERCEPTIONS.

(V)    DAY #22 On Wednesday, August 10, 2005, NO INTERCEPTIONS.

(W)    DAY #23 On Thursday, August 11, 2005, NO INTERCEPTIONS.

D.    The following is a list of those identified persons whose oral communications have been intercepted:

Cesar Zapata                          George Samuels

Andres Hernandez                      Heriberto Carrasco

Bianca Feliz                          Jenifer Caceres

E.    Enclosed with this return are original disk recordings of intercepted oral and wire communications consisting of one (1) disk of interceptions over (347) 621-7413.

F.    All interceptions were recorded on the enclosed disk.

G.    Enclosed with this return are all original court documents including affidavits with attachments, applications, warrants, and monitoring instructions relating to interceptions completed for telephone service (347) 621-7413.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY,
THIS 15th DAY OF AUGUST, 2005

_____
Charles E. Dolan
Specially Designated Assistant District Attorney for the
Hampden District of the Commonwealth of Massachusetts

SWORN AND SUBSCRIBED TO BEFORE ME THIS 15th DAY OF AUGUST, 2005.

_____
Tina S. Page
Associate Justice
Superior Court Department
Trial Court of the Commonwealth

HAMPDEN,ss.                                    SUPERIOR COURT DEPARTMENT
                                               TRIAL COURT OF THE COMMONWEALTH

---

RETURN OF WARRANT AUTHORIZING INTERCEPTION OF CERTAIN ORAL & WIRE
COMMUNICATIONS OF JOSE DELGADO AND OTHERS OVER TELEPHONE SERVICE
(917) 684-5975 PURSUANT TO M.G.L. CHAPTER 272 SECTION 99

---

TO:  THE HONORABLE , TINA S. PAGE ASSOCIATE JUSTICE OF THE TRIAL COURT
OF THE COMMONWEALTH OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT

---

# **RETURN**

We, William M. Bennett, District Attorney, and Charles E. Dolan, Specially Designated
Assistant District Attorney, as applicants for a Warrant authorizing interception of certain oral
and wire communications of Jose Delgado and others over telephone service (917) 684-5975,
hereby make return of said Warrant, under pains and penalties of perjury, as follows:

A.    Interceptions of oral and wire communication between Jose Delgado and others were
      undertaken, as authorized, on telephone service (917) 684-5975. These interceptions took
      place from 1441 Main Street in Springfield, Massachusetts.  These interceptions were
      made by Special Agents, Task Force Agents, and the Intelligence Analyst of the Drug
      Enforcement Administration under the supervision of Special Agent Jonathan
      Shankweiler.

B.    Pursuant to a Warrant signed by the Honorable Tina S. Page on July 19 , 2005,
      interceptions of certain oral and wire communications of Jose Delgado and other
      persons over services  (917) 684-5975 commenced on July 20, 2005, and continued
      through and included August 11, 2005.

Interceptions made over telephone service **(917) 684-5975** as follows:

**ORIGINAL ORDER -**
Commencing on July 20, 2005 over **(917) 684-5975**

(A)    DAY #1 On Wednesday, July 20, 2005, INTERCEPTIONS COMPLETED.

(B)    DAY #2 On Thursday, July 21, 2005, INTERCEPTIONS COMPLETED.

(C)    DAY #3 On, Friday, July 22, 2005, INTERCEPTIONS COMPLETED.

(D)    DAY #4 On Saturday, July 23 2005, INTERCEPTIONS COMPLETED.

(E)    DAY #5 On Sunday, July 24, 2005, INTERCEPTIONS COMPLETED.

(F)    DAY #6 On Monday, July 25, 2005, INTERCEPTIONS COMPLETED.

(G)    DAY #7 On Tuesday, July 26, 2005, INTERCEPTIONS COMPLETED.

(H)    DAY #8 On Wednesday, July 27, 2005, INTERCEPTIONS COMPLETED.

(I)    DAY #9 On Thursday, July 28, 2005, INTERCEPTIONS COMPLETED.

(J)    DAY #10 On Friday, July 29, 2005, INTERCEPTIONS COMPLETED.

(K)    DAY #11 On Saturday, July 30, 2005, INTERCEPTIONS COMPLETED.

(L)    DAY #12 On Sunday, July 31, 2005, INTERCEPTIONS COMPLETED.

(M)    DAY #13 On Monday, August 1, 2005, INTERCEPTIONS COMPLETED.

(N)    DAY #14 On Tuesday, August 2, 2005, INTERCEPTIONS COMPLETED.

(O)    DAY #15 On Wednesday, August 3, 2005, INTERCEPTIONS COMPLETED.

**RENEWAL EXTENSION-**
Commencing August 4, 2005 over (917) 684-5975

(P)    DAY #16 On Thursday, August 4, 2005, INTERCEPTIONS COMPLETED.

(Q)    DAY #17 On Friday, August 5, 2005, INTERCEPTIONS COMPLETED.

(R)    DAY #18 On Saturday, August 6, 2005, INTERCEPTIONS COMPLETED.

(S)    DAY #19 On Sunday, August 7, 2005, INTERCEPTIONS COMPLETED.

(T)    DAY #20 On Monday, August 8, 2005, INTERCEPTIONS COMPLETED.

(U)    DAY #21 On Tuesday, August 9, 2005, INTERCEPTIONS COMPLETED.

(V)    DAY #22 On Wednesday, August 10, 2005, INTERCEPTIONS COMPLETED.

(W)    DAY #23 On Thursday, August 11, 2005, INTERCEPTIONS COMPLETED.

D.    The following is a list of those identified persons whose oral communications have been intercepted:

Raul Portorreal                                    Dania Alcantara

Andres Hernandez                                Mary Saldana

Suhail Gonzalez

E.    Enclosed with this return are original disk recordings of intercepted oral and wire communications consisting of one (1) disk of interceptions over (917) 684-5975.

F.    All interceptions were recorded on the enclosed disk.

G.    Enclosed with this return are all original court documents including affidavits with attachments, applications, warrants, and monitoring instructions relating to interceptions completed for telephone service (917) 684-5975.


SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY,
THIS 15th DAY OF AUGUST, 2005


_____
Charles E. Dolan
Specially Designated Assistant District Attorney for the
Hampden District of the Commonwealth of Massachusetts


SWORN AND SUBSCRIBED TO BEFORE ME THIS 15th DAY OF AUGUST, 2005.


_____
Tina S. Page
Associate Justice
Superior Court Department
Trial Court of the Commonwealth

HAMPDEN,ss.                                SUPERIOR COURT DEPARTMENT
                                           TRIAL COURT OF THE COMMONWEALTH

---

RETURN OF WARRANT AUTHORIZING INTERCEPTION OF CERTAIN ORAL & WIRE
COMMUNICATIONS OF JOSE DELGADO AND OTHERS OVER TELEPHONE SERVICE
(646) 427-9433 PURSUANT TO M.G.L. CHAPTER 272 SECTION 99

---

TO:  THE HONORABLE , TINA S. PAGE ASSOCIATE JUSTICE OF THE TRIAL COURT
OF THE COMMONWEALTH OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT

---

# **RETURN**

We, William M. Bennett, District Attorney, and Charles E. Dolan, Specially Designated
Assistant District Attorney, as applicants for a Warrant authorizing interception of certain oral
and wire communications of Jose Delgado and others over telephone service (646) 427-9433,
hereby make return of said Warrant, under pains and penalties of perjury, as follows:

A.    Interceptions of oral and wire communication between Jose Delgado and others were
      undertaken, as authorized, on telephone service (646) 427-9433. These interceptions took
      place from 1441 Main Street in Springfield, Massachusetts. These interceptions were
      made by Special Agents, Task Force Agents, and the Intelligence Analyst of the Drug
      Enforcement Administration under the supervision of Special Agent Jonathan
      Shankweiler.

B.    Pursuant to a Warrant signed by the Honorable Tina S. Page on August 17, 2005,
      interceptions of certain oral and wire communications of Jose Delgado and other
      persons over services  (646) 427-9433 commenced on August 18, 2005, and continued
      through and included August 27, 2005.

Interceptions made over telephone service **(646) 427-9433** as follows:

**ORIGINAL ORDER -**

Commencing on August 17, 2005 over **(646) 427-9433**

DAY #1 On Wednesday, August 17, 2005, INTERCEPTIONS COMPLETED.

DAY #2 On Thursday, August 18, 2005, INTERCEPTIONS COMPLETED.

DAY #3 On, Friday, August 19, 2005, INTERCEPTIONS COMPLETED.

DAY #4 On Saturday, August 20, 2005, INTERCEPTIONS COMPLETED.

DAY #5 On Sunday, August 21, 2005, INTERCEPTIONS COMPLETED.

DAY #6 On Monday 22, 2005, INTERCEPTIONS COMPLETED.

DAY #7 On Tuesday 23, 2005, INTERCEPTIONS COMPLETED.

DAY #8 On Wednesday, August 24, 2005, INTERCEPTIONS COMPLETED.

DAY #9 On Thursday, August 25, 2005, INTERCEPTIONS COMPLETED.

DAY #10 On Friday, August 26, 2005, INTERCEPTIONS COMPLETED.

DAY #11 On Saturday, August 27, 2005, INTERCEPTIONS COMPLETED.

C.    The following is a list of those identified persons whose oral communications have been intercepted: Dania ALCANTARA, Marie GONZALEZ, Cesar ZAPATA, George SAMUELS, Bianca FELIZ, Jennifer CACERES, Heriberto CARRASCO, Andres TAVARES-HERNANDES.

D.    Enclosed with this return are original disk recordings of intercepted oral and wire communications consisting of one (1) disk of interceptions over (646) 427-9433.

E.    All interceptions were recorded on the enclosed disk.

F.    Enclosed with this return are all original court documents including affidavits with attachments, applications, warrants, and monitoring instructions relating to interceptions completed for telephone service (646) 427-9433.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY,
THIS 31st DAY OF AUGUST, 2005

SWORN AND SUBSCRIBED TO BEFORE ME THIS 31st DAY OF AUGUST, 2005.

_____

Tina S. Page
Associate Justice
Superior Court Department
Trial Court of the Commonwealth

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT DEPARTMENT
TRIAL COURT OF THE COMMONWEALTH

---

RETURN OF WARRANT AUTHORIZING INTERCEPTION OF CERTAIN ORAL & WIRE COMMUNICATIONS OF GEORGE SAMUELS AND OTHERS OVER TELEPHONE SERVICE (413) 519-9044 PURSUANT TO M.G.L. CHAPTER 272 SECTION 99

---

TO:   THE HONORABLE , TINA S. PAGE ASSOCIATE JUSTICE OF THE TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT

---

# **RETURN**

We, William M. Bennett, District Attorney, and Charles E. Dolan, Specially Designated Assistant District Attorney, as applicants for a Warrant authorizing interception of certain oral and wire communications of George Samuels and others over telephone service (413) 519-9044, hereby make return of said Warrant, under pains and penalties of perjury, as follows:

A.   Interceptions of oral and wire communication between George Samuels and others were undertaken, as authorized, on telephone service (413) 519-9044. These interceptions took place from 1441 Main Street in Springfield, Massachusetts.  These interceptions were made by Special Agents, Task Force Agents, and the Intelligence Analyst of the Drug Enforcement Administration under the supervision of Special Agent John Barron.

B.   Pursuant to a Warrant signed by the Honorable Tina S. Page on August 17, 2005, interceptions of certain oral and wire communications of George Samuels and other persons over services  (413) 519-9044 commenced on August 18, 2005, and continued through and included August 27, 2005.

---

Interceptions made over telephone service **(413) 519-9044** as follows:

Commencing on August 18, 2005 over **(413) 519-9044**

DAY #1 On Thursday, August 18, 2005, INTERCEPTIONS COMPLETED.

DAY #2 On Friday, August 19, 2005, INTERCEPTIONS COMPLETED.

DAY #3 On, Saturday, August 20, 2005, INTERCEPTIONS COMPLETED.

DAY #4 On Sunday, August 21, 2005, INTERCEPTIONS COMPLETED.

DAY #5 On Monday, August 22, 2005, INTERCEPTIONS COMPLETED.

DAY #6 On Tuesday, August 23, 2005, INTERCEPTIONS COMPLETED.

DAY #7 On Wednesday, August 24, 2005, INTERCEPTIONS COMPLETED.

DAY #8 On Thursday, August 25, 2005, INTERCEPTIONS COMPLETED.

DAY #9 On Friday, August 26, 2005, INTERCEPTIONS COMPLETED.

DAY #10 On Saturday, August 27, 2005, INTERCEPTIONS COMPLETED.

C.    The following is a list of those identified persons whose oral communications have been intercepted:  Jose DELGADO, Corey LEWIS, Jose VELASQUEZ, Gil GREGORY, Luis LIUZARDI, Peter STEFOGLO, Danny ABREW, Kyanna SAMUELS, George SAMUELS SR., and Helen Graham.

D.    Enclosed with this return are original disk recordings of intercepted oral and wire communications consisting of one (1) disk of interceptions over (413) 519-9044.

E.    All interceptions were recorded on the enclosed disk.

F.    Enclosed with this return are all original court documents including affidavits with attachments, applications, warrants, and monitoring instructions relating to interceptions completed for telephone service (413) 519-9044.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY,
THIS 31st DAY OF AUGUST, 2005

_____
Charles E. Dolan

SWORN AND SUBSCRIBED TO BEFORE ME THIS 31st DAY OF AUGUST, 2005.


_____

Tina S. Page
Associate Justice
Superior Court Department
Trial Court of the Commonwealth