UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | 05-CR-10235-GAO |
| ) | |
| SERGIO ALCANTARA-SALDANA et al ) | |
| ) | |

**UNITED STATES MOTION FOR RETURN OF DISCOVERY
INADVERTENTLY DISCLOSED AND FOR A PROTECTIVE ORDER**

The United States respectfully moves this court for an order directing counsel of record for each defendant to return each copy, in both in hard copy and electronic format, of an internal government report at bates number 1833 to 1840, which was inadvertently disclosed in discovery.

The document, which is being submitted to the court under seal is an internal government report and is clearly not discoverable. See Fed. R. Crim. P. 16(a)(1)(2). The report was generated by DEA agents in New York who presented the report to a committee of law enforcement personal and government attorneys. The reason for the report's creation deals with the way in which the costs of drug investigations are funded by the U.S. Department of Justice.

The report is heavily relied upon by defendants in their motion to suppress wiretap evidence, even though their motions do not specify the source of their factual assertions. It was not until the filing of SAMUELS motion to suppress evidence and during the preparation of the government's opposition did undersigned counsel notice that this document was produced in discovery. The document should not have been produced in discovery.

The document was included among a stack of DEA administrative subpoenas and phone records that counsel for defendant SAMUELS requested. Undersigned counsel took these documents, scanned each one of them, and made them part of the discovery. The single document was among more than 2,169 pages of scanned images produced in discovery in January 2006. The

report is clearly marked "LAW ENFORCEMENT SENSITIVE" and "LIMITED OFFICIAL USE" and specifically states that "the attached information must be protected and not released to unauthorized individuals." Moreover, even though the report is clearly marked as such, none of the counsel of record for defendants made any attempt to notify government counsel about this document's disclosure and instead used its contents in their motion to suppress.

Federal Rule of Criminal Procedure 16(d)(1) and Local Rule 116.6 expressly authorizes the court to deny discovery of information sought by a defendant by way of a protective order. See United States v. Innamorati, 996 F.2d 456, 487 (1st Cir. 1993); United States v. Pringle, 751 F.2d 419, 427-428 (1st Cir. 1984). While there is not an overwhelming amount of case law regarding inadvertent disclosure of discovery in the criminal prosecution context, two cases out of the Southern District of New York utilized a four prong test to determine whether or not non-discoverable documents, work product of the prosecution, retained their privileged character after disclosure. See United States v. Rigas, 218 F.Supp.2d 733 (S.D.N.Y. 2003) and United States v. Gangi, 1 F.Supp.2d 256 (S.D.N.Y. 1998). These factors include: "(1) the reasonableness of the precautions taken by the producing party to prevent inadvertent disclosure of privileged documents; (2) the volume of discovery versus the extent of the specific disclosure at issue; (3) the length of time taken by the producing party to rectify the disclosure; and (4) the overarching issue of fairness." Rigas, 218 F.Supp.2d at 733.

In Rigas, the district court ordered the defendants to return privileged documents, including grand jury material, that was inadvertently copied onto a non-secure hard drive. Id. at 742. In so ordering, the district court noted that "Attorneys, of course, bear responsibility for acting in accordance with ethical norms of the legal profession, independent of any incentives or disincentives created by this fourth prong of the test for waiver." Id. (citing Am. Bar Ass'n Standing Comm. on

Ethics and Prof. Resp., Formal Op. 92-368 (1992) ("A lawyer who receives materials that on their face appear to be subject to the attorney-client privilege or otherwise confidential, under circumstances where it is clear they were not intended for the receiving lawyer, should refrain from examining the materials, notify the sending lawyer and abide the instructions of the lawyer who sent them.")).

In this case, the court should order the return of this document and seal it for the following reasons. First, the internal government report was one of more than 2,169 pages of documents which was erroneously produced among a stack of DEA administrative subpoenas and phone records. Second, the government acted promptly and was unaware that its disclosed until the filing of defendants motion to suppress. Third, the defendants have already made extensive use of the document and has recited from it in their motion to suppress. Thus, ordering the return of the document will work no prejudice to the defendants.

Fourth, and most significantly, the document should be returned and sealed by the court because the individuals named in the report are the subject of an ongoing DEA investigation in New York City. The report includes references to cooperating sources of information in New York whose cooperation has not been disclosed. See Gangi, 1 F.Supp at 267 (waivers of privilege should not be found where disclosure could place victims and witnesses at risk). By filing this motion, the government is seeking to protect this ongoing investigation and prevent potential harm to cooperating individuals. See 18 U.S.C. §2705(a)(2).

Furthermore, Local Rule 116.1(e) requires the names of unindicted conspirators to be redacted from public filings in accordance with Local Rule 7.2. One of the rationales for this rule is to prevent the public disclosure of the alleged criminal activities of individual who have not been charged with a crime. By filing their motion, and naming these unidentified co-conspirators and

ongoing government investigations by name, this rule has been violated.

Accordingly, the government respectfully moves this court to order the return of in both in hard copy and electronic format, of an internal government report at bates number 1833 to 1840.

                                              Respectfully submitted,

                                              MICHAEL J. SULLIVAN
                                              United States Attorney

                          By:    /s/ Neil Gallagher
                                   Neil J. Gallagher, Jr.
                                   Assistant U.S. Attorney

Dated: May 14, 2007

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

      /s/ Neil Gallagher
      Neil J. Gallagher, Jr.
      Assistant United States Attorney

Date: May 14, 2007