UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | 05-10235-GAO |
| **v.** ) | |
| ) | |
| **SERGIO ALCANTARA-SALDANA et al** ) | |
| ) | |

## PROTECTIVE ORDER

Pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116, it is hereby ORDERED as follows:

1. For purposes of this Order, the term "NY DEA 6's" includes each of the DEA 6 reports which are described in Attachment A.

2. For the purposes of this Order, the term "NY wiretap affidavits" includes each of the wiretap affidavits which are described in Attachment B.

3. For the purposes of this Order, the term "internal government report" is the government report prepared by the DEA in New York which was inadvertently disclosed in discovery by the government at bates numbers 1833 to 1840.

4. With reasonable notice to Government, the Government shall make available for inspection at the U.S. Attorney's Office in Boston or Springfield, but not photo copying, each of the NY DEA 6's and NY wiretap affidavits and the internal government report which are described in paragraphs 1 through 3 above. With reasonable notice to Government, the Government shall also bring and make available each the NY DEA 6's, NY wiretap affidavits, and the internal government report for any court proceeding in the above captioned case.

5. Except as provided below, defendants and their respective counsel of record shall

make no disclosure of the NY DEA 6's, NY wiretap affidavits, or the internal government report as described above, to any other person.

6. Consistent with the terms of this Order, the NY DEA 6's, NY wiretap affidavits, and the internal government report may be disclosed by counsel of record in this case so long as such disclosures are made for the sole purpose of preparing a defense to charges pending in the case. Such disclosures may be made by counsel of record for a defendant in that case to: (1) the defendant represented by that counsel of record; (2) other counsel of record in the pending case; (3) a counsel of record's partners, associates, paralegal, designated defense investigators and stenographic employees involved in the defense of this case; (4) such independent experts as may be selected by defense counsel to furnish technical or expert services or give testimony in the case; (5) persons identified in a communication to be disclosed as being present during such communication or being a participant therein; and (6) to other persons, but only pursuant to order of the Court based upon a showing of particularized need; provided that nothing in this Order shall prevent defense counsel from making a disclosure to a potential witness for the defense where defense counsel has made a good-faith determination that such disclosure is necessary to the proper preparation of the defense.

7. Counsel of record for the defense shall not make any disclosure as provided in paragraph 6 above without first obtaining from the person to whom the disclosure will be made written acknowledgment that he or she is bound by the terms of this Order. Each such person shall indicate his or her acknowledgment by signing a copy of this Order after having read the Order and having the contents herein fully explained by counsel of record making the disclosure. Counsel shall maintain a list of names of all such persons and a copy of their acknowledgments and shall file original acknowledgments with the Court in camera.

8.      Each of the parties are required to file under seal in accordance with Local Rule 7.2 any filings that include as attachments or exhibits the NY DEA 6's, NY wiretap affidavits, and internal government report as defined above in paragraphs 1 through 3.

9.      A copy of this Protective Order shall be signed by each defense counsel and shall be filed by the attorney for the government and made part of the record of this case once all counsel of record have affixed their signatures below.

10.      Each of the parties to the Protective Order shall have the right to seek modification(s) of the Protective Order either by agreement of the parties or by motion to the Court.

 

HON. GEORGE A. O'TOOLE  
U.S. DISTRICT COURT JUDGE  
DISTRICT OF MASSACHUSETTS

Dated: _____

**PROTECTIVE ORDER**

**Criminal No. 05-10235-GAO**

By:      /s/ Neil Gallagher           5/30/07
         Neil J. Gallagher, Jr.       Date
         Assistant U.S. Attorney


By:      _____       _____
         Rosemary C. Scapicchio       Date
         Law Office of Rosemary C. Scapicchio
         Four Longfellow Place
         37th Floor
         Boston, MA 02114
         Counsel for SERGIO E.
         ALCANTARA-SALDANA


By:      _____       _____
         Vincent A. Bongiorni         Date
         95 State Street
         Suite 309
         Springfield, MA 01103
         Counsel for GEORGE SAMUELS


         _____       _____
By:      John Benzan                  Date
         Law Offices of John Benzan
         Suite 8
         70 Warren Street
         Roxbury, MA 02119
         Counsel for MANUEL FLORENTINO


By:      _____       _____
         Syrie Fried                  Date
         Assistant Federal Public Defender
         408 Atlantic Avenue, 3rd Floor
         Boston, MA 02210
         Attorney for HERIBERTO CARRASCO

By: _____  _____
    Charles W. Rankin  Date
    Rankin & Sultan
    151 Merrimac Street
    Second Floor
    Boston, MA 02114-4717
    Attorney for CARLOS SANCHEZ