UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>SERGIO ALCANTARA-SALDANA et al )<br>) | 05-10235-GAO |

**PROTECTIVE ORDER**

Pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116, it is hereby ORDERED as follows:

1.   For purposes of this Order, the term "NY DEA 6's" includes each of the DEA 6 reports which are described in Attachment A.

2.   For the purposes of this Order, the term "NY wiretap affidavits" includes each of the wiretap affidavits which are described in Attachment B.

3.   For the purposes of this Order, the term "internal government report" is the government report prepared by the DEA in New York which was inadvertently disclosed in discovery by the government at bates numbers 1833 to 1840.

4.   Except as provided below, counsel of record shall make no disclosure of the NY DEA 6's, NY wiretap affidavits, or the internal government report as described above, to any other person.

5.   Consistent with the terms of this Order, the NY DEA 6's, NY wiretap affidavits, and the internal government report may be disclosed by counsel of record in this case so long as such disclosures are made for the sole purpose of preparing a defense to charges pending in the case. Such disclosures may be made by counsel of record for a defendant in that case to: (1) the defendant represented by that counsel of record; (2) other counsel of record in the pending case; (3) a counsel

of record's partners, associates, paralegal, designated defense investigators and stenographic employees involved in the defense of this case; (4) such independent experts as may be selected by defense counsel to furnish technical or expert services or give testimony in the case; (5) persons identified in a communication to be disclosed as being present during such communication or being a participant therein; and (6) to other persons, but only pursuant to order of the Court based upon a showing of particularized need; provided that nothing in this Order shall prevent defense counsel from making a disclosure to a potential witness for the defense where defense counsel has made a good-faith determination that such disclosure is necessary to the proper preparation of the defense.

6.   Counsel of record for the defense shall not make any disclosure as provided in paragraph 5 above without first obtaining from the person to whom the disclosure will be made written acknowledgment that he or she has read the Order and is bound by the terms of this Order. Each such person shall indicate his or her acknowledgment in writing that he or she has read the Order and has agreed to its terms. Counsel shall maintain a list of names of all such persons and a copy of their acknowledgments and, upon request from the Court, shall file original acknowledgments with the Court <u>in</u> <u>camera</u>.

7.   Each of the parties are required to file under seal in accordance with Local Rule 7.2 any filings that include as attachments or exhibits the NY DEA 6's, NY wiretap affidavits, and internal government report as defined above in paragraphs 1 through 3.

8.   A copy of this Protective Order shall be signed by each defense counsel and shall be filed by the attorney for the government and made part of the record of this case once all counsel of record have affixed their signatures below.

9. Each of the parties to the Protective Order shall have the right to seek modification(s) of the Protective Order either by agreement of the parties or by motion to the Court.

_____
HON. GEORGE A. O'TOOLE
U.S. DISTRICT COURT JUDGE
DISTRICT OF MASSACHUSETTS

Dated: _____

**PROTECTIVE ORDER**

**Criminal No. 05-10235-GAO**

By:    /s/ Neil Gallagher          5/30/07
        Neil J. Gallagher, Jr.          Date
        Assistant U.S. Attorney

By:    _____    _____
        Rosemary C. Scapicchio    Date
        Law Office of Rosemary C. Scapicchio
        Four Longfellow Place
        37th Floor
        Boston, MA 02114
        Counsel for SERGIO E. ALCANTARA-SALDANA

By:    _____    _____
        David J. Apfel    Date
        Goodwin Procter, LLP
        Exchange Place
        53 State Street
        Boston, MA 02109

By:    _____    _____
        Vincent A. Bongiorni    Date
        95 State Street
        Suite 309
        Springfield, MA 01103
        Counsel for GEORGE SAMUELS

By:    _____    _____
        John Benzan    Date
        Law Offices of John Benzan
        Suite 8
        70 Warren Street
        Roxbury, MA 02119
        Counsel for MANUEL FLORENTINO

By: _____  _____
    Syrie Fried  Date
    Assistant Federal Public Defender
    408 Atlantic Avenue, 3rd Floor
    Boston, MA 02210
    Attorney for HERIBERTO CARRASCO

By: _____  _____
    Charles W. Rankin  Date
    Rankin & Sultan
    151 Merrimac Street
    Second Floor
    Boston, MA 02114-4717
    Attorney for CARLOS SANCHEZ