UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | 05-CR-10235-GAO |
| ) | |
| SERGIO ALCANTARA-SALDANA et al ) | |
| ) | |

## UNITED STATES' RESPONSE TO COURT'S INQUIRY

In response to the Court's inquiry during the hearing on defendants' motion to suppress on July 19, 2007, the government hereby informs the Court that the Attorney General's Office for the Commonwealth of Massachusetts ("AGO") has indicated to undersigned counsel that, if given the opportunity, the AGO would seek to file an amicus brief in the instant case. The brief would address whether or not the Massachusetts wiretap statute, M.G.L. ch. 272, Sec. 99, authorizes the interception of cell phone communications as "wire communications." The AGO has requested a period of thirty (30) days to submit the brief. In addition to the brief, the AGO is also prepared to submit copies of five unpublished Massachusetts Superior Court decisions which have squarely held that cell phone communications are "wire communications" whose interception are authorized by the Massachusetts wiretap statute.

Counsel for the defendants object to the any AGO submission to the Court and instead will be requesting the Court to certify a legal issue to the Massachusetts Supreme Judicial Court ("SJC") pursuant to SJC Rule 1:03. The government objects to the certification for three reasons. First, the government and the defendant do not agree on the proposed question of law. The defendants contend that cell phone communications are "electronic communications." The government contends, consistent with the practice of the Commonwealth and U.S. Government since the advent of cell phones, that cell phone communications are "wire communications."

Second, while there is no controlling SJC or Massachusetts Court of Appeals precedent,

based on undersigned counsel's conversations with the AGO, there are five unpublished Superior Court decisions which have squarely rejected the same arguments raised by the defendants. Third, the certification process would delay the trial for a un-foretold period of time. While the defendant may be amenable to a substantial delay in the trial, the government is not. One defendant, CESAR ZAPATA, has already moved this Court to dismiss the indictment on speedy trial grounds.

Finally, in the alternative, the government submits that the Court delay any decision on certification until the Court has had an opportunity to review the submission by the AGO and copies of the five unpublished opinions.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

By:   /s/ Neil Gallagher
        Neil J. Gallagher, Jr.
        Assistant U.S. Attorney

Dated: July 23, 2007

CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

                                          /s/ Neil Gallagher
                                          Neil J. Gallagher, Jr.
                                          Assistant United States Attorney

Date: July 23, 2007