# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                              )
**United States of America**                 )
                                              )
           **v.**                             )     **CR No. 1:05-CR-10235-GAO-2**
                                              )
**Sergio Elpidio Alcantara-Saldana,**         )
**Cesar Zapata, Heriberto Carrasco,**         )
**George Samuels and Manuel Florentino**      )
                                              )
_____)

## DEFENDANTS' MOTION TO CERTIFY QUESTION
## OF STATE LAW TO THE MASSACHUSETTS SUPREME JUDICIAL COURT

Defendants Sergio Elpidio Alcantara-Saldana, Cesar Zapata, Heriberto Carrasco, George

Samuels and Manuel Florentino ("Defendants") hereby jointly move, in accordance with Rule

1:03 of the Supreme Judicial Court of the Commonwealth of Massachusetts ("SJC"), that this

Court certify the following question of Massachusetts state law to the SJC:

> Do electronic communications, including digital cellular communications, constitute
> either "wire communications" or "oral communications" within the meaning of the
> Massachusetts wiretap statute, Mass. Gen. L. ch. 272, § 99?

Defendants maintain that the answer to this question (the "Question") is NO.  If Defendants are

correct, all pending motions to suppress will have to be resolved in Defendants' favor, and, as

the government has acknowledged, the entire case as against each defendant would have to be

dismissed.  *See* Transcript of July 19, 2007 hearing at 96:2-15 (acknowledging that if "the first

warrant gets suppressed" it will have "exclusionary effect up and down the chain" of the

government's case).[1]

        There is no controlling state precedent addressing the Question.  And there is no doubt

that the answer to the Question, especially in this day and age of increasingly pervasive use of

---

[1]     The pertinent page of the July 19 transcript is attached hereto as Exhibit A.

digital cell phones, would have far-reaching consequences for Massachusetts state policy, as it would affect virtually all Massachusetts state wiretaps, and all the criminal cases that were based upon or otherwise utilize state wiretap evidence.  Thus, the Question is the perfect candidate for certification.  Where, as here, a question of state law is determinative of the case and will have far-reaching ramifications for state policy, and there is no controlling authority, certification to the SJC is contemplated under SJC Rule 1:03, and encouraged in this Circuit.  *See., e.g., The Globe Newspaper Co. v. Beacon Hill Architectural Commission*, 40 F.3d 18, 24 (1st Cir. 1994) ("welcom[ing] the advice or comment of the Supreme Judicial Council" on matter of state law that poses statewide "ramifications").  Defendants ask that the Question be certified to the SJC for expeditious resolution.[2]

## BACKGROUND

On July 19, 2007, this Court heard arguments on Defendants' motions to suppress. Among the bases for their respective motions, Defendants argued that Mass. Gen. L. ch. 272 § 99 does not authorize the interception of digital cellular communications such as those intercepted in this case between May 31, 2005 and August 27, 2005 pursuant to a series of wiretaps authorized by the Massachusetts Superior Court for Hampden County.  Specifically, Defendants argued that Mass. Gen. L. ch. 272, § 99, provides for the interception of "wire or oral communication," and that digital cellular phone communications are not wire or oral communications within the meaning of the statute.  Mass. Gen. L. ch. 272, § 99(B)(4). Defendants noted that, until 1986, the federal wiretap statute was substantially similar to the Massachusetts statute, providing solely for the interception of "wire or oral communication,"

---

[2]    In an effort to expedite the certification process, defendants have prepared a Proposed Certification Order pursuant to Massachusetts Supreme Judicial Court Rule 1:03, § 3.  The Proposed Certification Order sets forth: (1) "the question of law to be answered"; and (2) "a statement of all facts relevant to the question certified . . . showing fully the nature of the controversy in which the question arose."  The Proposed Certification Order is attached at Tab A.

with no provision for intercepting "electronic communications" such as cellular-to-cellular phone

calls.  This changed when the federal statute was amended through Congress's enactment of the

Electronic Communications Privacy Act (the "ECPA").  The ECPA added a provision for the

interception of electronic communications by substituting "wire, oral or electronic

communication" for "wire or oral communication."  *See* 18 U.S.C. § 2510(12).  The ECPA was

specifically designed to "address[] the interception of wire, oral and electronic communications

…  It amends existing chapter 119 of title 18 to bring it in line with technological developments

and changes in the structure of the telecommunications industry."  *See* S.Rept. 99-541; *see also*

*Bartnicki v. Vopper*, 532 U.S. 514 (2001) (holding that by reason of the 1986 amendment, Title

III now applies to the interception of conversations over cellular phones).

     In contrast to federal law, the Massachusetts wiretap statute has no provision that

authorizes the interception of cellular communications.  Instead, the Massachusetts statute limits

the definition of wire communication to "communication made in whole or in part through the

use of facilities for the transmission of communications by the aid of wire, cable, or other like

connection between the point of origin and the point of reception."  Mass. Gen. L. ch. 272,

§ 99(B)(1).  Thus, the plain language of the state statute fails to bring within its ambit electronic

communications.

     Pending state legislation in Massachusetts confirms that the Massachusetts wiretap statute

as currently drafted nowhere provides for the interception of "electronic communications" such

as cellular-to-cellular phone calls.  Specifically, Senate Bill 927, which is currently pending

before the Massachusetts legislature, seeks to repeal Mass. Gen. L. ch. 272, § 99 as "outdated"

and "superceded by modern technology" in favor of the federal statute which, as amended in

1986, specifically provides for the interception of electronic communications.  *See* S.B. 927

(Mass. 2007).  As of the filing of this motion, Senate Bill 927 is still pending.[3]

　　　　At the close of argument on Defendants' motions to suppress on July 19, 2007, the Court

asked the parties whether the question of law concerning the scope of the Massachusetts wiretap

statute should be certified to the SJC and/or whether inquiry should be made of the

Massachusetts Attorney General.  By letter dated July 23, 2007, Defendants noted their support

for certification of the Question to the SJC, the controlling authority as to interpretations of state

law.  *See* Docket Entry 211.  The government opposed certification to the SJC, observing that the

government and Defendants do not agree on the proposed question of law, that there are

unpublished Superior Court decisions on point, and that the certification process would delay the

trial.  *See* Docket Entry 210.  Subsequently, the government filed a submission styled as an

"Amicus Brief," which is actually a letter to AUSA Neil Gallagher from an Assistant

Massachusetts Attorney General attaching three Massachusetts Superior Court Orders regarding

the applicability of Mass. Gen. L. ch. 272, § 99 to cellular communications, and noting that the

Massachusetts Attorney General's office has taken the position that Mass. Gen. L. ch. 272, § 99

authorizes Superior Court justices to issue wiretap warrants for cellular telephones.  The

government's submission confirms that neither the SJC nor the Massachusetts Appeals Court has

yet to address the Question, *i.e.*, there is no controlling precedent on the issue that would be

dispositive of the current case.

---

[3]　　Senate Bill 927 is Massachusetts's most recent, if not first and only, attempt to conform its statute to federal law and thereby provide for the lawful interception of cellular communications, including digital communications.  Notably, over 20 years ago, as part of the ECPA, Massachusetts was put on notice as to the gap between its wiretap statute and the then new federal law: Upon passage, the ECPA explicitly afforded states a two-year period in which to broaden their wiretap statutes to encompass electronic communications. *See* Pub. L. 99-508, § 111(b).

<u>**ARGUMENT**</u>

I.     **<u>THE QUESTION OF WHETHER MASS. GEN. L. CH. 272 § 99 AUTHORIZES THE INTERCEPTION OF DIGITAL CELLULAR COMMUNICATIONS IS PROPER FOR CERTIFICATION TO THE SJC.</u>**

SJC Rule 1:03 authorizes the certification to the SJC of questions of law that may be "determinative of the cause" pending before the court where "there are no controlling precedents in the decisions of the highest court or intermediate appellate courts" of the state. *See* SJC Rule 1:03, Sec. 8. In this Circuit, certification to the SJC is appropriate where (1) resolution of the state law issue would be "determinative" of the case (2) there is no "controlling authority" in the decisions of the highest state court; (3) the question "is of sufficient and prospective importance to state policy" and would have "statewide" impact such that the certifying court should avoid making "a far-reaching decision without advice;" and (4) the delay of certification would not prejudice the parties. *See Pyle v. The South Hadley School Committee*, 55 F.3d 20, 22 (1st Cir. 1995); *The Globe Newspaper Co.* 40 F.3d at 24. Each of these factors weighs in favor of certification of the Question.

    A.     **<u>Resolution of the Question in Defendants' Favor Would Be Determinative of the Case.</u>**

As the government has acknowledged, a ruling in Defendants' favor on the Question would dispose of the entire case. Specifically, at the July 19, 2007 hearing on the motions to suppress, the Court noted that Defendants argue that "the fruit of the poisonous tree doctrine" applies here and has an "exclusionary effect up and down the chain." When asked whether "the government ha[s] any argument if there was an illegality . . . that the doctrine should not be applied," AUSA Gallagher responded, "No . . . [if] the first warrant gets suppressed, I think it builds on itself and root [sic] is the fruit of the poisonous tree." *See* Exhibit A at 95:2-15. The government is correct. If Defendants' position prevails on the Question, Defendants' pending motions to suppress will have to be granted, and the case as against each defendant will have to

be dismissed.  Where, as here, a question of state law, as to which there is no controlling state authority, will be "determinative" of the case, the First Circuit has deemed it prudent to "welcome the advice or comment of the Supreme Judicial Court." *The Globe Newspaper Co.*, 40 F.3d at 25.

**B.    There Is No Controlling State Court Precedent.**

The absence of controlling state court precedent is the linchpin of any decision to certify a question to the SJC.  *See* SJC Rule 1:03 (granting power to certify questions where "there are no controlling precedents").  There is no controlling precedent here.  The government has submitted three unpublished state Superior Court decisions concerning the applicability of the state wiretap statute to cellular communications.  Those decisions do not even address the precise question posed here – whether *digital* (as opposed to analog) cellular phone communications fall within the ambit of Mass. Gen. L. ch. 272, § 99 – insofar as they simply address cellular (as opposed to landline) communications.  These decisions themselves note that neither the Massachusetts Appeals Court nor the SJC have addressed the Question.  There is no "clear, controlling precedent."  *The Globe Newspaper Co.*, 40 F.3d at 24.

**C.    The Question Is of Sufficient and Prospective Importance to State Policy and Will Have a Statewide Impact.**

Where there is question "of sufficient and prospective importance to state policy," federal courts should not make a "far-reaching decision without advice."  *Pyle*, 55 F.3d at 22 (noting that certification "give[s] the Supreme Judicial Court the opportunity to clarify the extent of state-created rights").  Here, the Question is of enormous importance to state policy because its resolution would affect virtually every future state wiretap, and could also affect many pending state criminal cases as well as numerous past convictions.  There is no question that resolution of the Question would have "far-reaching" implications for Massachusetts.  *Id.; see also Horta v.*

6

*Sullivan, et al.*, 4 F.3d 2 (1st Cir. 1993) (certifying question of state law and "welcom[ing] any guidance the S.J.C. may care to provide").

The First Circuit's reasoning in *Horta v. Sullivan* is instructive.  In *Horta*, a motorcycle passenger sought review of summary judgment in favor of a police officer and a municipality in connection with appellant's suit based on injuries incurred following a police chase.  With respect to appellant's pendant state negligence claim, an issue arose as to whether the "discretionary function immunity" exception applied such that Defendants would be shielded from liability.  The First Circuit held that the district court erred when it concluded that, because the police officers' actions were "discretionary" for purposes of qualified immunity under federal law, they were also performing "discretionary functions" for purposes of the discretionary function immunity afforded by Mass. G. L. ch. 258, § 10(b).  After extensive consideration of Massachusetts case law on the discretionary function exception, the First Circuit concluded that it was "unable to determine" whether the exception applied to the Defendants' conduct "[b]ecause answering that question implicates important policy questions under Massachusetts state law."  The court, therefore, certified the question to the SJC, noting that resolution of the issue required "reconciling … federal and state cases, a project properly left to the courts of the Commonwealth . . . ."  *Id.* at 23.  Most pertinently, the First Circuit acknowledged the widespread implications of *any* ruling, regardless of which party prevailed:  "[W]hichever way we decided the issue, our opinion would be seen in Massachusetts as either barring or permitting many other actions against public employers for decisions made by police officers and other municipal servants."  *Id.*  Here, a ruling by the SJC on the Question will either invalidate the wiretaps of Defendants in this case, and across the Commonwealth, or will preclude any defendant from asserting a similar challenge under Mass. Gen. L. ch. 272, § 99.  Accordingly, for the reasons set forth in *Horta*, this Court should therefore certify the Question.

**D.    Any Delay Imposed by Certification Would Not Prejudice the Parties.**

Defendants, including those who are currently detained, recognized that the certification process will delay their trial, perhaps substantially.  Nevertheless, after consulting with counsel, each defendant has agreed that any such delay would be acceptable because resolution of the Question has the potential to dispose of the entire case.  Defendants are all prepared to waive their speedy trial rights for the time period necessary for the SJC to resolve the Question.  Although it objects to certification of the Question to the SJC, the government has not, nor could it, point to any prejudice that would befall the government if the Question were certified.  In fact, resolution of the Question, regardless of outcome, would benefit the government in this and future cases as it will clarify an important question of law.

## CONCLUSION

For all of the foregoing reasons, Defendants request that the Question be certified to the SJC.  Defendants submit the attached Proposed Certification Order as a means of expediting the certification process.

Dated: September 28, 2007                                    Respectfully Submitted,

| SERGIO ELPIDIO ALCANTARA-SALDANA<br>By his attorneys<br><br>/s/ Rosemary C. Scapicchio<br>Rosemary C. Scapicchio (BBO # 558312)<br>LAW OFFICE OF ROSEMARY C. SCAPICCHIO<br>Four Longfellow Place, 37th Floor<br>Boston, MA  02114<br>617-263-7400<br>Scapicchio_attorney@yahoo.com | CESAR ZAPATA<br>By his attorneys,<br><br>/s/ David J. Apfel<br>David J. Apfel (BBO # 551139)<br>Alison V. Douglass (BBO # 646861)<br>Elianna J. Marziani (BBO # 663354)<br>GOODWIN PROCTER LLP<br>Exchange Place<br>Boston, MA 02109-2881<br>617-570-1000<br>dapfel@goodwinprocter.com<br>adouglass@goodwinprocter.com<br>emarziani@goodwinprocter.com |
| --- | --- |

8

| GEORGE SAMUELS<br>By his attorneys<br><br>/s/ Vincent A. Bongiorni<br>Vincent A. Bongiorni (BBO # 049040)<br>93 State Street, Suite 309<br>Springfield, MA  01103<br>413-732-0222<br>vbongiorni@choiceonemail.com | HERIBERTO CARRASCO<br>By his attorneys<br><br>/s/ Syrie D. Fried<br>Syrie D. Fried<br>Federal Defender's Office<br>408 Atlantic Avenue, Third Floor<br>Boston, MA  02210<br>Syrie_fried@fd.org |
| MANUEL FLORENTINO<br>By his attorneys<br><br><br>/s/ John Benzan<br>John Benzan<br>Law Offices of John Benzan<br>70 Warrant Street, Suite 8<br>Roxbury, MA  02119<br>johnbenzan@msn.com | |

## RULE 7.1 CERTIFICATION PURSUANT TO LR 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), I, David J. Apfel, Esq., hereby certify that, acting on behalf of all Defendants, I have attempted to confer with Assistant United States Attorney Neil Gallagher in an effort to resolve or narrow the issues raised by the above Motion to Certify Question of State Law to the Massachusetts Supreme Judicial Court.  Although I have not reached AUSA Gallagher, he has previously indicated, including in submissions filed in court, that the government would not agree to the requested certification process.

/s/ David J. Apfel

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true copy of the above document was served upon the counsel of record for each other party via this court's CM/ECF System on September 28, 2007.

/s/ David J. Apfel

LIBA/1831004.2

9

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,                    )
                                             )
                  Plaintiff,                 )
                                             )
                                             )
vs.                                          ) Civil Action
                                             ) No. 05-10235-GAO
                                             )
SERGIO ELPIDIO ALCANTARA-SALDANA,            )
HERIBERTO CARRASCO, GEORGE SAMUELS,          )
MANUEL FLORENTINO and CARLOS SANCHEZ,        )
                                             )
                  Defendants.                )


TRANSCRIPT OF HEARING ON DEFENDANT CESAR ZAPATA'S MOTION TO
SUPPRESS, DEFENDANT SERGIO ALCANTARA-SALDANA'S OMNIBUS MOTION TO
SUPPRESS and DEFENDANT GEORGE SAMUELS' OMNIBUS MOTION TO SUPPRESS

BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE


United States District Court
John J. Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts  02210
July 19, 2007
9:50 a.m.


* * * * * *


SHELLY M. KILLIAN, RPR, CM, CRR
Official Court Reporter
John J. Moakley U.S. Courthouse
1 Courthouse Way, Room 3510
Boston, MA  02210
(617) 737-7117

1                    I'll rest on the papers, your Honor.

2              THE COURT:  Okay.  Let me just ask one question of

3      the government.  Running through several of these motions is

4      the argument by various defendants that subsequent events are

5      affected by prior illegality so therefore the fruits of the

6      poisonous tree doctrine, if there's an earlier problem, will

7      continue to have what they call exclusionary effect up and down

8      the chain.  I guess my question simply is does the government

9      have any argument if there was an illegality that at any point

10     it was -- its force was so attenuated that that doctrine should

11     not be applied?

12             MR. GALLAGHER:  No.  I think, you know, if we're

13     talking about the first warrant gets suppressed, I think it

14     builds on itself and the root is the fruit of the poisonous

15     tree.

16             THE COURT:  I may have said "finally," but I didn't

17     really mean it.  Let me just ask Mr. Bongiorni about the search

18     incident to the arrest and what you want to do about a

19     presentation on that.

20             MR. BONGIORNI:  I'd like to have a hearing on it,

21     but I'd like to hold off scheduling it until I know whether or

22     not we're going to get a hearing on the Franks issue.  I think

23     I made an argument with respect to the search warrant

24     incorporating the Franks issue because the search warrant

25     incorporated two confidential informants that my client set

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                    )

**United States of America**            )

                                    )

        **v.**                          )     **CR No. 1:05-CR-10235-GAO-2**

                                    )

**Sergio Elpidio Alcantara-Saldana,**   )
**Cesar Zapata, Heriberto Carrasco,**    )
**George Samuels and Manuel Florentino**  )

                                    )
_____)

### <u>PROPOSED CERTIFICATION ORDER</u>

Defendants propose that, in accord with Massachusetts Supreme Judicial Court Rule

1:03, § 3, this Court issue the following certification order:

This Court, having determined that the question of law listed below may be determinative

of the cause now pending, and having also determined that there is no controlling precedent in

the decisions of the Massachusetts Supreme Judicial Court ("SJC") concerning the question of

law, hereby submit this Certification to the SJC.

### <u>Question of Law To Be Answered</u>

Do electronic communications, including digital cellular communications, constitute
either "wire communications" or "oral communications" within the meaning of the
Massachusetts wiretap statute, Mass. Gen. L. ch. 272, § 99?

### <u>Statement of Relevant Facts</u>

The following is a statement of the facts relevant to the question of law to be answered.

The statement of facts includes a full showing of the nature of the controversy in which the

question arose.

1.     The case in which the above-listed question of law arises is a criminal case charging all defendants with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. Certain individual defendants are separately charged with possession with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2, and distribution of oxycodone in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2.

2.     The United States's case against Defendants is based upon evidence obtained as a result of a series of state-authorized wiretaps, beginning with the wiretap of the digital cellular phone of Cesar Zapata on May 31, 2005.  During the period May 31, 2005 through August 27, 2005, the following wiretaps were authorized by the Massachusetts Superior Court for Hampden County and conducted by federal and state law enforcement agents:

| Target Phone | Date Authorized | Duration of Intercepts |
|---|---|---|
| (413) 883-7649 | 05/31/05 | 06/02 to 06/16/05 |
| (413) 883-7649 | 06/16/05 | 06/17 to 07/01/05 |
| (413) 883-7649 | 06/30/05 | 07/02 to 07/16/05 |
| (413) 883-7649 | 07/14/05 | 07/17 to 07/31/05 |
| (413) 883-7649 | 07/29/05 | 08/01 to 08/15/05 |
| (413) 883-7649 | 08/15/05 | 08/16 to 08/27/05 |
| (413) 313-3144 | 07/01/05 | N/A |
| (413) 204-8402 | 07/01/05 | 07/01 to 07/15/05 |
| (917) 684-5975 | 07/19/05 | 07/20 to 08/03/05 |
| (347) 621-7413 | 07/19/05 | 07/20 to 08/03/05 |
| (917) 684-5975 | 08/03/05 | 08/04 to 08/11/05 |

LIBA/1832131.1

| (347) 621-7413 | 08/03/05 | 08/04 to 08/11/05 |
| (646) 427-9433 | 08/17/05 | 08/17 to 08/27/05 |
| (413) 519-9044 | 08/17/05 | 08/18 to 08/27/05 |

3.      Each of the above-listed wiretaps was authorized under the Massachusetts Wiretap Statute, Mass. Gen. L. ch. 272, § 99.

4.      All of the telephones bearing the telephone numbers on which intercepts were authorized were digital cellular telephones.

5.      The United States and all defendants agree that all of the evidence against the Defendants stems directly or indirectly from the first wiretap authorized in this case, the wiretap of the cellular phone number (413) 883-7649.  The cellular phone to which number (413) 883-7649 was subscribed was a digital cellular phone.  All communications intercepted over this phone were digital cellular communications.

6.      In motions to suppress filed by the Defendants, Defendants have argued that Mass. Gen. L. ch. 272, § 99 does not authorize the wiretap of electronic communications, including digital cellular communications.  The Government has opposed the Defendants' motions to suppress on the ground, among others, that it believes Mass. Gen. L. ch. 272, § 99 permits the interception of electronic communications, including digital cellular communications.

7.      If Defendants are correct, their motions to suppress will be granted, and the entire case against each of them will be dismissed.  In this regard, the question of law to be answered may be determinative of the entire matter now pending in this Court.

LIBA/1832131.1

8.      The question of law to be answered has not previously been decided by either the Massachusetts Appeals Court or the SJC.  There is no controlling Massachusetts state law precedent addressing the question.

WHEREFORE, this Court certifies the above-listed question of law to the SJC and requests an answer to the question as expeditiously as possible.

                                   _____
                                   Judge George A. O'Toole, Jr.
                                   United States District Court
                                   District of Massachusetts

Dated:  October __, 2007

LIBA/1832131.1