

*U.S. Department of Justice*

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*      *United States Courthouse, Suite 9200*
                                      *1 Courthouse Way*
                                      *Boston, Massachusetts  02210*

October 29, 2007

By First Class Mail

Counsel of Record

    Re:  United States v. Sergio Alcantara-Saldana et al.
         Criminal No. 05-10235-GAO

Dear Counsel:

    Please find enclosed information about the government's anticipated expert witnesses at trial.  The currently anticipated identity of these witness, and the opinions they are presently expected to give, are described more fully below.

    The government reserves the right to supplement this information, to change the identity of the testifying experts or to add additional experts or opinions.  Should such modifications be made, the government will supplement this disclosure.

**A.   Chemists**

    **1.   Ken Fuentecilla**

    Mr. Fuentecilla is a chemist at DEA's Northeast Regional Laboratory in New York.  He received a B.S. in forensic science from John Jay College in New York and has worked at the DEA lab since 2002.  A copy of Mr. Fuentecilla's C.V., containing his qualifications, is attached, along with copies of his workpapers for Exhibits 1 and 2.  The laboratory reports for these exhibits were previously produced to you on October 26.

    Mr. Fuentecilla is expected to testify about the methods used to test Exhibits 1 and 2 and the conclusion he reached that each of those items contains cocaine hydrochloride.  He will describe the various tests he performed on the exhibits, along with the protocol followed for performing those tests.  I am

awaiting further information from Mr. Fuentecilla as to the precise tests performed, and will supplement this disclosure when I receive that information.

### 2. Vadim Astrakhan

Vadim Astrakhan is also a chemist at DEA's Northeast Regional lab.  A copy of his C.V. is attached; copies of his workpapers have been requested and will be produced to you upon receipt.  He is expected to testify as to the analysis of Exhibit 14, the laboratory reports for which were previously produced to you on October 26.  Like Mr. Fuentecilla, he will describe the protocol for testing drugs as well as his tests of Exhibit 14. He will explain the various factors that led him to conclude that Exhibit 14 contains cocaine hydrochloride and the tests performed.  When I receive further information as to the precise tests performed, I will provide you with that information.

### B. Fingerprint Examiners

### 1. Linda Goldenberg

Linda Goldenberg is a Senior Fingerprint Specialist at the DEA Northeast Regional Lab.  She analyzed items seized during the execution of search warrants in this case, specifically, "one cardboard 'Nike' shoebox, on scale model #USC-805, one battery cover, three 'AAA' batteries, one metal weighing plate, one clear plastic baggie, one clear plastic bag top, one 'Samsung' cell phone, one 'Nokia' cell phone, one paper towel, one piece of paper, one clear plastic ziplock bag, and twenty-six brick type packages (one cut open)."  Ms. Goldenberg has been a fingerprint examiner for over 30 years; for the last 12 years, she has worked at the DEA laboratory.  A copy of her C.V. is attached, along with her reports (previously produced to you) and a copy of her workpapers in this case.

Ms. Goldenberg is expected to testify about the examination she performed on the items listed above and the factors involved in such examination.  She will describe the "ACE-V" methodology used in fingerprint comparison: analysis, comparison, evaluation, and verification. She will explain the process of recovering latent fingerprints and address factors that influence whether or not fingerprints are left on items (these factors are more fully described below, in the section addressing Det. Lt. Martin's anticipated testimony.)  Ms. Goldenberg is also expected to testify that DEA's practice is only to retain identifiable latent prints from items, and not to retain other latent prints that are recovered.

**2.   Massachusetts State Police Detective Lieutenant Kenneth Martin.**

Detective Lieutenant Kenneth Martin is the Commanding Officer of the Crime Scene Services Section at the Massachusetts State Police. A copy of his C.V. is attached.

Based on his training and experience, Det. Lt. Martin will testify as to the manner in which fingerprints are created and the factors that affect whether a fingerprint will be left when a person's finger or palm comes in contact with an object. Generally, those factors may include, among other factors, (1) information about the individual (such as the condition of his or her hands, the depth of his or her ridges, whether the person's hands were dirty, wet, or contained any foreign matter such as dirt, grease, and the amount of sweat they produce); (2) the nature of the surface being touched (in addition to the size of the surface, surfaces that are dirty, wet, pitted, rusty, porous, or ridged will all adversely affect the formation of recoverable prints), the manner in which the object is handled (if the fingers move along the surface, any prints will be likely to be smudged, or if the object is rubbed against another surface after being touched, any prints created could also likely be destroyed), and atmospheric conditions (temperature, humidity, or the presence of any excess moisture may also affect the creation of fingerprints).

Det. Lt. Martin is further expected to testify that identifiable latent fingerprints are rarely recovered from firearms. This testimony will be based on his training and experience (as described in his C.V.) as well as on data collected by the State Police showing that useable fingerprints are recovered from firearms and ammunition in approximately 3 to 5 percent of cases. Det. Lt. Martin will also base that opinion on the manner in which guns are constructed (with small sections of flat surfaces susceptible to accepting prints and often with ridged surfaces designed to insure the user of the gun will be able to maintain a firm grip on it), oils and bluing often placed on guns to impede rusting or dull the color of a weapon, the way guns are usually handled or processed (placing them in a pocket, waistband or holster may cause fingerprints to be rubbed off, removing bullets from the weapon in order to make it safe could also adversely affect fingerprints), and gases discharged upon firing which may adversely affect any existing prints.

Det. Lt. Martin is also expected to testify, based on his training and experience, about the factors that influence the recovery of fingerprints from plastic and plastic bags, including (1) the difficulty in recovering latent fingerprints from small sections of plastic bags, due to the tendency for these bags to be pinched or bunched together while in use as drug packaging, thus resulting in a fragmented fingerprint, and (2) the tendency of bags that have held cocaine to have a thin layer of powder on the outside of the bag as well as inside, which can inhibit the depositing of fingerprints.

### 3.   Trooper Christopher Dolan

Trooper Christopher Dolan is assigned to the Crime Scene Services Section of the Massachusetts State Police. He has over 10 years of experience in fingerprint analysis. I have requested a copy of Trooper Dolan's C.V. but have not yet received it; I will forward it, and any work papers, upon receipt. A copy of Trooper Dolan's report (captioned "Evidence Return Receipt") was produced to you on October 26.

Trooper Dolan is expected to testify about his analysis of the four guns seized in the case and to explain how individual and environmental factors affect whether prints are left or recovered. Based on his training and experience, Trooper Dolan will testify as to the manner in which fingerprints are created and the factors that affect whether a fingerprint will be left when a person's finger or palm comes in contact with an object. Generally, those factors may include among other factors (1) information about the individual (such as the condition of his or her hands, the depth of his or her ridges, whether the person's hands were dirty, wet, or contained any foreign matter such as dirt, grease, and the amount of sweat they produce); (2) the nature of the surface being touched (in addition to the size of the surface, surfaces that are dirty, wet, pitted, rusty, porous, or ridged will all adversely affect the formation of recoverable prints), the manner in which the object is handled (if the fingers move along the surface, any prints will be likely to be smudged, or if the object is rubbed against another surface after being touched, any prints created could also likely be destroyed, and atmospheric conditions (temperature, humidity, or the presence of any excess moisture may also affect the creation of fingerprints).

Trooper Dolan is further expected to testify that identifiable latent fingerprints are rarely recovered from firearms. This testimony will be based on his training and experience (as described in his C.V., to be produced) as well as

on data collected by the State Police showing that useable fingerprints are recovered from firearms and ammunition in useable prints in approximately 3 to 5 percent of cases. Trooper Dolan will also base that opinion on the manner in which guns are constructed (with small sections of flat surfaces susceptible to accepting prints and often with ridged surfaces designed to insure the user of the gun will be able to maintain a firm grip on it), oils and bluing often placed on guns to impede rusting or dull the color of a weapon, the way guns are usually handled or processed (placing them in a pocket, waistband or holster may cause fingerprints to be rubbed off, removing bullets from the weapon in order to make it safe could also adversely affect fingerprints), and gases discharged upon firing which may adversely affect any existing prints.

                                    Very truly yours,

                                    MICHAEL J. SULLIVAN
                                  United States Attorney

                   By:
                         <u>/s/ Rachel E. Hershfang</u>
                         Neil J. Gallagher, Jr.
                         Rachel E. Hershfang
                         Assistant U.S. Attorneys

cc:  Mr. Paul Lyness
     Clerk to the Hon. George A. O'Toole, Jr.
     (W/o encl.)

Enclosures