UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| vs.   ) | 05-CR-10235-GAO |
| ) | |
| SERGIO ALCANTARA-SALDANA et al   ) | |
| ) | |

**GOVERNMENT'S MOTION AND MEMORANDUM OF LAW REGARDING
THE ADMISSIBILITY OF WIRETAP RECORDINGS AND TRANSCRIPTS**

The United States respectfully moves for leave to introduce into evidence at trial: (1) copies of original audio recordings made during the investigation of this case, which recordings are both in Spanish and English; (2) Spanish transcripts and English translations of those conversations; and (3) transcripts of conversations which took place in English as an aide to the jury. The government further requests leave to read into evidence all or part of the English translations and to play some of the recording in Spanish and English with the assistance of the Sanction Courtroom Presentation Software.[1] As grounds for this motion, the government states as follows:

During the investigation that led to this case, the government made audio recordings of conversations that were intercepted pursuant to court-ordered wiretaps. Many of the recorded conversations were in Spanish. Most of the phone calls that will be presented as Exhibits will be in Spanish. Others will be in English. The government has prepared Spanish transcriptions and English translations of a number of those recordings that contain conversations in which the

---

[1] The Sanction Program allows the English portion of the transcripts to be highlighted on a computer as the audio in Spanish is played. The program will be used solely as an aid to present evidence already admitted, transcripts and telephone calls, and will not be a separate Exhibit which will be given to the jury during deliberations.

1

defendants on trial and other co-conspirators were participants. The government has provided preliminary copies of these transcripts and translations to the defense.

## I. LEGAL STANDARD

A.   Authentication of Wiretap Recordings

"[T]he government bears the burden of authenticating [wiretap] evidence." United States v. Rengifo, 789 F.2d 975, 978 n.2 (1986); Fed. R. Evid. 901. The admission of audio recordings rests with the sound discretion of the trial court. United States v. Brassard, 212 F.3d 54, 57 (1st Cir. 2000). "The 'foundation' required in order to authenticate . . . tape recordings-is simply an evidentiary showing of whatever facts are necessary in the circumstances to prove that the item is what the proponent claims it to be." United States v. Doyon, 194 F.3d 207, 212 (1st Cir. 1999). While other courts have articulated a multi-prong formula for admission, "this circuit has simply required proof that the tape accurately reflects the conversation in question." Id. (citing United States v. Carbone, 798 F.2d 21, 24 (1st Cir. 1986)(partly inaudible tapes admitted). "After the government lays a foundation for the admission of a tape, the party challenging the recording bears the burden of showing that it is inaccurate." United States v. Font-Ramirez, 944 F.2d 42, 47 (1st Cir. 1991).

B.   Voice Identification

Authentication under Federal Rule of Evidence 901(b)(5) allows a witness to identify a voice by opinion evidence based upon "hearing the voice at any time under circumstances connecting it with the alleged speaker." Fed. R.Evid. 901(b)(5). Further, the voice may be heard either firsthand or through some sort of recording or electronic transmission. Id.

Because Rule 901(b)(5) permits a voice on a wiretap to be identified based on that voice

being heard "at any time," participants in a conversation as well as nonparticipants may identify the voice. Fed R. Evid. 901(b)(5) advisory committee note. Generally, nonparticipants may identify a voice so long as they have "minimal familiarity" with the person connected to the voice. See United States v. Bush, 405 F.3d 909, 919 (10th Cir. 2005); United States v. Degaglia, 913 F.2d 372, 376 (7th Cir. 1990)(citations omitted); see also United States v. Kornegay, 410 F.3d 89 (1st Cir. 2005) (finding that witness must be "sufficiently familiar" to visually identify the witness). "Once minimal familiarity is satisfied, it is for the jury to assess any issues regarding the extent of the witness' familiarity with the voice." Bush, 405 F.3d at 919. In United States v. DiMuro, the First Circuit found that a law enforcement agent could identify the voice from intercepted conversations as the defendant based on talking to the defendant for "a short period" at his house and then talking to him a year later at the federal courthouse. United States v. DiMuro, 540 F.2d 503, 514 (1976). Other circuits have found as little as 30 seconds creates sufficient familiarity in order to authenticate a voice on a recording. See, e.g., United States v. Cooper, 868 F.2d 1505, 1519 (6th Cir. 1989).

When evidence of the witness' familiarity with a certain person is weak, the First Circuit has allowed circumstantial evidence may be used to bolster a voice identification. United States v. Portalla, 985 F.2d 621, 623 (1st Cir. 1993); United States v. Angiulo, 847 F.2d 956, 967 (1st Cir. 1988); United States v. DiMuro, 540 F.2d at 513. In United States v. Portalla, a detective identified the voice in certain intercepted conversations as the defendant based on contact with him that had been frequent but had been over two years ago. 985 F.2d at 623. While the court found that this evidence "might well have been stronger," it was sufficient because it was buttressed by circumstantial evidence of the tapped telephone belonged to the defendant's sister

in law, a phone similar to the tapped phone being found on the defendant's person, and the voice responding on that line to the defendant's nickname. Id.  Similarly, in United States v. Anguilo, the voice identification of a detective who had engaged in personal conversations with the defendant was supported by circumstantial evidence that the defendant was present at the address of the phone that was tapped during intercepted conversations.  847 F.2d at 967.  Circumstantial evidence may even be sufficient to prove identity.  United States v. DiMuro, 540 F.2d at 514.  In United States v. DiMuro, voice identification was deemed sufficient when a voice in an intercepted conversation identified himself by his first name and gave his telephone number. Id.

Generally, voice identification is a proper subject for lay testimony.  See Fed. R. Evid. 901(b)(5) advisory committee's note; United States v. Salimou, 182 F.3d 63, 73-74 (1st Cir. 1999); United States v. Hardwell, 80 F.3d 1471 (10th Cir. 1996).  Expert testimony is usually not appropriate because a lay person without any training can identify voices that they have heard before, or notice differences between the way two voices sounded in two different recordings. United States v. Salimou, 182 F.3d at 74.  In United States v.Salimou, the First Circuit found that expert testimony of a linguist was properly excluded because the jurors could determine the differences between voices in two different tapes themselves without any specialized knowledge. Id.  Expert testimony on voice identification may only be admitted if it is based on some sort of scientific or specialized knowledge, such as a spectrogram computer program that analyzes and compares the frequency and magnitude of speech signals from recordings.  See, e.g., United States v. Salimou, 182 F.3d at 63.

C       Admissibility of Transcripts

4

In the First Circuit's opinion in <u>United States v. Rengifo</u>, 789 F.2d 975, 983 (1st Cir. 1986), the court held that English-language translations of tape-recorded conversations that originally took place in Spanish are admissible as substantive evidence. The court further held that such transcripts may go to the jury room and that the government may use readers to read the English translations as an alternative to playing the tape recording. <u>Id</u>.

"Once translation and transcription disputes have been addressed and the transcripts have been submitted to the jury for its use, parties using audio recordings in other languages should ensure that the English transcripts become part of the record by introducing them in evidence." <u>United States v. Morales-Madera</u>, 352 F.3d 1, 8-9 (1st Cir. 2003). The trial court, however, retains discretion as to what documentary evidence the jury is permitted to have during deliberations. <u>Id</u>., <u>citing</u> <u>United States v. McCarthy</u>, 961 F.2d 972, 978 (1st Cir. 1992). Nevertheless, "should the defendant fail to offer either a sufficient objection during playback of the tape, or an alternative transcript, the district court does not abuse its discretion by authorizing use of the government's duly authenticated transcript during jury deliberations subject to an appropriate cautionary instruction." <u>United States v. Ademaj</u>, 170 F.3d 58, 65 (1st Cir. 1999).

## II.  CONCLUSION

WHEREFORE, for the foregoing reasons, the government's motion for leave to introduce into evidence at trial copies of the original Spanish tape recordings and the English transcripts of those conversations, and to read into evidence all or part of the English transcripts, should be allowed.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney


By:    /s/ Neil J. Gallagher, Jr.
        Neil J. Gallagher, Jr.
        Rachel Hershfang
        Assistant U.S. Attorney
        One Courthouse Way
        Boston, MA

Date Submitted: November 10, 2007


### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and mailed to all those not participating in ECF.

        /s/ Neil J. Gallagher, Jr.
        Neil J. Gallagher, Jr.