## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.  ) | 05-CR-10235-GAO |
| ) | |
| SERGIO ALCANTARA-SALDANA et al ) | |
| ) | |

### UNITED STATES MOTION *IN LIMINE*

The United States respectfully moves this court, *in limine*, to limit the cross-examination of government witnesses about inadmissible evidence. In particular, the government moves this court to preclude defense counsel from inquiring on cross examination about the following:

1. Self-serving post-arrest statements the defendants may have made to law enforcement agents as inadmissible hearsay. See Fed. R. Evid. 801(d)(2)(A)(which first requires that a statement of a party be "offered against a party"). "The requirement of Rule801(d)(2)(A) that an admission be offered against a party is designed to exclude the introduction of self-serving statements by the party making them." United States v. Palow, 777 F.2d 52, 56 (1st Cir. 1985); see also United States v. Cianci, 378 F.3d 71, 106 (1st Cir. 2004)(self-serving statements made to FBI to cover defendant's tracks "are well-established grounds for non-admission.") .

2. The defendants' lack of criminal history or absence of prior arrests or convictions as inadmissible under Rules 401, 403, 404(a) of the Federal Rules of Evidence. Ordinarily, a defendant's criminal history is not admissible is considered highly prejudicial. Old Chief v. United States, 519 U.S. 172, 185 (1997). Not only is the admission into evidence, through cross-examination, that a defendant has no criminal history an inappropriate plea to sympathy, it is wrought with danger in a multi-defendant case. Furthermore, while under Rule 404(a)(1), evidence of a pertinent trait of character of the accused may be admissible, it is only admissible through

reputation testimony in accordance with Rule 405.

3.  Punishment or immigration consequences as a result of a conviction in this case. See United States v. Luciano-Mosquera, 63 F.3d 1142, 1152 (1st Cir. 1995)(court properly limited cross-examination which was "impermissible attempt to inform jury" about defendant's potential punishment."); and

4.  The admission of line-sheets or preliminary transcripts, other than final transcripts prepared for trial, as substantive evidence and/or as defense exhibits. While the use of such items may be appropriate for impeachment, there are not admissible as substantive evidence. See LR 116.4(B)(3); Fed. R. Evid. 803(5)(memorandum of record must have been "made or adopted by the witness" to be received as an exhibit). In contrast to the full and complete transcripts prepared by court-certified interpreters, the line-sheets are only partial summaries and not the "best evidence." See United States v. Morales-Madera, 352 F.3d 1, 9 (1st Cir. 2003)(best evidence rule not violated when "the undisputedly accurate English transcript is admitted in evidence.")

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By:    /s/ Neil J. Gallagher, Jr.
    Neil J. Gallagher, Jr.
    Rachael Hershfang
    Assistant U.S. Attorneys

Date: November 11, 2007

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and mailed to all those not participating in ECF.

<u>/s/ Neil J. Gallagher, Jr.</u>
Neil J. Gallagher, Jr.