```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,            )
                                     )
          v.                         ) CRIMINAL NO. 05-10235-GAO
                                     )
SERGIO ELPIDIO ALCANTARA-SALDANA     )
    "a/k/a Jose Delgado"             )
    "a/k/a Erving Nieves"            )
    "a/k/a "Ruben"                   )
    "a/k/a "Sergio"                  )
CESAR ZAPATA                         )
    "a/k/a Nani"                     )
    "a/k/a Zupra"                    )
    "a/k/a "Viejo"                   )
    "a/k/a "Commandante"             )
HERIBERTO CARRASCO                   )
    "a/k/a Joselito"                 )
    "a/k/a Flaco," and               )
GEORGE SAMUELS                       )
          Defendants.                )
```

**UNITED STATES' MOTION FOR**
**PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to Title 21, United States Code, Section 853. A proposed Preliminary Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1.  On January 12, 2006, a federal grand jury sitting in the District of Massachusetts returned a five-count Superseding Indictment charging defendant George Samuels (the "Defendant") and others with the following violations: Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. § 846 (Count One);

Possession with the Intent to Distribute five kilograms or more of Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two); Possession with the Intent to Distribute five hundred grams or more of Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Three); Possession of a Firearm un Furtherence of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Count Four).[1]

    2.   The Superseding Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One and Two of the Superseding Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, pursuant to 21 U.S.C. § 853. Such property includes, but is not limited to, the following:

> (a) 61 Appaloosa Lane, West Springfield, Massachusetts, more fully described as a certain parcel of land with buildings thereon, being land known as Lot 4 as shown on a plan entitled "Morgan Hills Estates" revised on December 29, 1999 prepared by D.L. Bean, Inc. and recorded in the Hampden County Registry of Deeds, Book of Plans 316, Page 68, being the same premises conveyed in a deed from Vladimir Lapik to George Samuels and Kyanna M. Samuels and recorded in the

---

[1] Defendant George Samuels was not named in Counts Three, Four and Five of the Superseding Indictment.

            Hampden County Registry of Deeds on
            April 8, 2005 at Book 14932, Page 576
            ("61 Appaloosa Lane");[2]

    (b)    one black 2004 Nissan Pathfinder Armada bearing Vehicle Identification Number 5N1AA08B14N743066, registered in the name of Kyanna Samuels, 61 Appaloosa Lane, West Springfield, Massachusetts;

    (c)    $3,209 in U.S. Currency, seized from George Samuels on or about August 27, 2005;

    (d)    $20,000 in U.S. Currency seized from a black 2004 Nissan Pathfinder Armada bearing Vehicle Identification Number 5N1AA08B14N743066, registered in the name of Kyanna Samuels, 61 Appaloosa Lane, West Springfield, Massachusetts, on or about August 27, 2005; and

    (e)    $6,123 in U.S. Currency seized from 61 Appaloosa Lane, West Springfield, Massachusetts, on or about August 27, 2005,

(collectively referred to as the "Property").

    3.    The Superseding Indictment further provided that, if the Property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or

---

[2] On March 30, 2006, the Court granted the Defendant's Motion for Sale of Real Estate and ordered the sale of 61 Appaloosa Lane, with the proceeds to be deposited in the Seized Asset Deposit Fun (the "SADF") maintained by the United States Marshals Service pending conclusion of this criminal case. Pursuant to the Court's Order, $267,038.38 in United States currency is currently being held in the SADF, as the net proceeds from the sale of 61 Appaloosa Lane. See Document Nos. 127, 131.

3

(e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Property, pursuant to 21 U.S.C. § 853(p).

4. On November 26, 2007, the Defendant pled guilty to Counts One and Two of the Superseding Indictment. At the plea hearing, the Defendant admitted that the Property is subject to forfeiture.

5. Based upon the Defendant's guilty plea and admissions at the plea hearing, the United States has established the requisite nexus between the Property and the offense to which the Defendant has plead guilty. Accordingly, the Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure.

6. As a result of the Defendant's guilty plea, and pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Property, or substitute assets, in a value up to the value of the Property. See Rule 32.2(b)(2); 21 U.S.C. § 853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999).

7. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States will publish, at least once for three successive weeks in a newspaper

of general circulation, notice of this Order, notice of the United States' intent to dispose of the Property in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  In addition, the United States shall also publish, for thirty (30) consecutive calendar days, notice of this Order on the government website www.forfeiture.gov.

8. The notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Property and any additional facts supporting the petitioner's claim and the relief sought.

9. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Property that are the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(c) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,


/s/ Kristina E. Barclay
NEIL GALLAGHER
RACHEL HERSHFANG
KRISTINA E. BARCLAY
Assistant U.S. Attorneys
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748-3100

Date: May 2, 2008

**CERTIFICATE OF SERVICE**

    I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that the foregoing Motion for Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                            /s/ Kristina E. Barclay
                                            KRISTINA E. BARCLAY
                                            Assistant U.S. Attorney

Dated: May 2, 2008

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,          )
                                   )
          v.                       ) CRIMINAL NO. 05-10235-GAO
                                   )
SERGIO ELPIDIO ALCANTARA-SALDANA   )
    "a/k/a Jose Delgado"           )
    "a/k/a Erving Nieves"          )
    "a/k/a "Ruben"                 )
    "a/k/a "Sergio"                )
CESAR ZAPATA                       )
    "a/k/a Nani"                   )
    "a/k/a Zupra"                  )
    "a/k/a "Viejo"                 )
    "a/k/a "Commandante"           )
HERIBERTO CARRASCO                 )
    "a/k/a Joselito"               )
    "a/k/a Flaco," and             )
GEORGE SAMUELS                     )
          Defendants.              )
```

**PRELIMINARY ORDER OF FORFEITURE**

**O'TOOLE, D.J.**

WHEREAS, on January 12, 2006, a federal grand jury sitting in the District of Massachusetts returned a five-count Superseding Indictment charging defendant George Samuels (the "Defendant") and others with the following violations: Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. § 846 (Count One); Possession with the Intent to Distribute five kilograms or more of Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two); Possession with the Intent to Distribute five hundred grams or more of Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Three); Possession of a Firearm un Furtherence of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Count Four);

WHEREAS, the Superseding Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One and Two of the Superseding Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, pursuant to 21 U.S.C. § 853; such property includes, but is not limited to, the following:

    (a)  61 Appaloosa Lane, West Springfield, Massachusetts, more fully described as a certain parcel of land with buildings thereon, being land known as Lot 4 as shown on a plan entitled "Morgan Hills Estates" revised on December 29, 1999 prepared by D.L. Bean, Inc. and recorded in the Hampden County Registry of Deeds, Book of Plans 316, Page 68, being the same premises conveyed in a deed from Vladimir Lapik to George Samuels and Kyanna M. Samuels and recorded in the Hampden County Registry of Deeds on April 8, 2005 at Book 14932, Page 576 ("61 Appaloosa Lane");

    (b)  one black 2004 Nissan Pathfinder Armada bearing Vehicle Identification Number 5N1AA08B14N743066, registered in the name of Kyanna Samuels, 61 Appaloosa Lane, West Springfield, Massachusetts;

    (c)  $3,209 in U.S. Currency, seized from George Samuels on or about August 27, 2005;

    (d)  $20,000 in U.S. Currency seized from a black 2004 Nissan Pathfinder Armada bearing Vehicle Identification Number 5N1AA08B14N743066, registered in the name of Kyanna Samuels, 61 Appaloosa Lane, West Springfield,

    Massachusetts, on or about August 27, 2005; and

  (e) $6,123 in U.S. Currency seized from 61 Appaloosa Lane, West Springfield, Massachusetts, on or about August 27, 2005,

(collectively referred to as the "Property");

 WHEREAS, the Superseding Indictment further provided that, if the Property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Property, pursuant to 21 U.S.C. § 853(p);

 WHEREAS, on November 26, 2007, the Defendant pled guilty to Counts One and Two of the Superseding Indictment;

 WHEREAS, at the plea hearing, the Defendant admitted that the Property is subject to forfeiture;

 WHEREAS, as a result of the Defendant's guilty plea and admissions at the plea hearing, and pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Property, or substitute assets, in a value up to the value of the Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea and admissions at the plea hearing, that the government has established the requisite nexus between the Property and the offense to which the Defendant pleaded guilty. Accordingly, the Property is hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853.

2. If the Property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Property, pursuant to 21 U.S.C. § 853(p).

3. The United States Marshals Service ("USMS") shall seize and hold the Property in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1) the USMS shall publish, at least once for three successive weeks in the <u>Boston Herald</u> or any other newspaper of general circulation in the district, notice of this Order and of the United States' intent to dispose of the Assets in such manner as the Attorney General

may direct.

    5.    Pursuant to 21 U.S.C. § 853(n)(1), the United States shall also publish, for thirty (30) consecutive calendar days, notice of this Order and of the United States' intent to dispose of the Assets in such manner as the Attorney General may direct on the government website www.forfeiture.gov.

    6.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

                              George A. O'Toole, Jr.
                              United States District Judge

Date: _____