UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 05-10235-GAO |
| | ) |
| SERGIO ELPIDIO ALCANTARA-SALDANA | ) |
| "a/k/a Jose Delgado" | ) |
| "a/k/a Erving Nieves" | ) |
| "a/k/a "Ruben" | ) |
| "a/k/a "Sergio" | ) |
| CESAR ZAPATA | ) |
| "a/k/a Nani" | ) |
| "a/k/a Zupra" | ) |
| "a/k/a "Viejo" | ) |
| "a/k/a "Commandante" | ) |
| HERIBERTO CARRASCO | ) |
| "a/k/a Joselito" | ) |
| "a/k/a Flaco," and | ) |
| GEORGE SAMUELS | ) |
| Defendants. | ) |

## PRELIMINARY ORDER OF FORFEITURE

**O'TOOLE, D.J.**

WHEREAS, on January 12, 2006, a federal grand jury sitting

in the District of Massachusetts returned a five-count

Superseding Indictment charging defendant George Samuels (the

"Defendant") and others with the following violations: Conspiracy

to Distribute Cocaine, in violation of 21 U.S.C. § 846 (Count

One); Possession with the Intent to Distribute five kilograms or

more of Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count

Two);  Possession with the Intent to Distribute five hundred

grams or more of Cocaine, in violation of 21 U.S.C. § 841(a)(1)

(Count Three); Possession of a Firearm un Furtherence of a Drug

Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Count

Four);

WHEREAS, the Superseding Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One and Two of the Superseding Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, pursuant to 21 U.S.C. § 853; such property includes, but is not limited to, the following:

    (a)   61 Appaloosa Lane, West Springfield, Massachusetts, more fully described as a certain parcel of land with buildings thereon, being land known as Lot 4 as shown on a plan entitled "Morgan Hills Estates" revised on December 29, 1999 prepared by D.L. Bean, Inc. and recorded in the Hampden County Registry of Deeds, Book of Plans 316, Page 68, being the same premises conveyed in a deed from Vladimir Lapik to George Samuels and Kyanna M. Samuels and recorded in the Hampden County Registry of Deeds on April 8, 2005 at Book 14932, Page 576 ("61 Appaloosa Lane");

    (b)   one black 2004 Nissan Pathfinder Armada bearing Vehicle Identification Number 5N1AA08B14N743066, registered in the name of Kyanna Samuels, 61 Appaloosa Lane, West Springfield, Massachusetts;

    (c)   $3,209 in U.S. Currency, seized from George Samuels on or about August 27, 2005;

    (d)   $20,000 in U.S. Currency seized from a black 2004 Nissan Pathfinder Armada bearing Vehicle Identification Number 5N1AA08B14N743066, registered in the name of Kyanna Samuels, 61 Appaloosa Lane, West Springfield,

Massachusetts, on or about August 27, 2005; and

(e)    $6,123 in U.S. Currency seized from 61 Appaloosa Lane, West Springfield, Massachusetts, on or about August 27, 2005,

(collectively referred to as the "Property");

WHEREAS, the Superseding Indictment further provided that, if the Property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Property, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on November 26, 2007, the Defendant pled guilty to Counts One and Two of the Superseding Indictment;

WHEREAS, at the plea hearing, the Defendant admitted that the Property is subject to forfeiture;

WHEREAS, as a result of the Defendant's guilty plea and admissions at the plea hearing, and pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Property, or substitute assets, in a value up to the value of the Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.    The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea and admissions at the plea hearing, that the government has established the requisite nexus between the Property and the offense to which the Defendant pleaded guilty. Accordingly, the Property is hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853.

2.    If the Property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Property, pursuant to 21 U.S.C. § 853(p).

3.    The United States Marshals Service ("USMS") shall seize and hold the Property in its secure custody and control.

4.    Pursuant to 21 U.S.C. § 853(n)(1) the USMS shall publish, at least once for three successive weeks in the Boston Herald or any other newspaper of general circulation in the district, notice of this Order and of the United States' intent to dispose of the Assets in such manner as the Attorney General

4

may direct.

5.    Pursuant to 21 U.S.C. § 853(n)(1), the United States shall also publish, for thirty (30) consecutive calendar days, notice of this Order and of the United States' intent to dispose of the Assets in such manner as the Attorney General may direct on the government website www.forfeiture.gov.

6.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
George A. O'Toole, Jr.
United States District Judge

Date: _____
May 13, 2008

5