UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 05-10235-GAO |
| | ) |
| SERGIO ELPIDIO ALCANTARA-SALDANA | ) |
| "a/k/a Jose Delgado" | ) |
| "a/k/a Erving Nieves" | ) |
| "a/k/a "Ruben" | ) |
| "a/k/a "Sergio" | ) |
| CESAR ZAPATA | ) |
| "a/k/a Nani" | ) |
| "a/k/a Zupra" | ) |
| "a/k/a "Viejo" | ) |
| "a/k/a "Commandante" | ) |
| HERIBERTO CARRASCO | ) |
| "a/k/a Joselito" | ) |
| "a/k/a Flaco," and | ) |
| GEORGE SAMUELS | ) |
| Defendants. | ) |

**UNITED STATES' MOTION FOR
FINAL ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J.
Sullivan, United States Attorney for the District of
Massachusetts, and Kyanna M. Samuels, individually and by her
attorney, Vincent A. Bongiorni, Esquire, respectfully moves this
Court for the issuance of a Final Order of Forfeiture in the
above-captioned case pursuant to Title 21, United States Code,
Section 853. A proposed Final Order of Forfeiture is submitted
herewith. In support thereof, the United States sets forth the
following:

1. On January 12, 2006, a federal grand jury sitting in
the District of Massachusetts returned a five-count Superseding
Indictment charging defendant George Samuels (the "Defendant")

and others with Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. § 846 (Count One), and Possession with the Intent to Distribute five kilograms or more of Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two).

2.    The Superseding Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One and Two of the Superseding Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, pursuant to 21 U.S.C. § 853.  Such property includes, but is not limited to, the following:

(a)    61 Appaloosa Lane, West Springfield, Massachusetts, more fully described as a certain parcel of land with buildings thereon, being land known as Lot 4 as shown on a plan entitled "Morgan Hills Estates" revised on December 29, 1999 prepared by D.L. Bean, Inc. and recorded in the Hampden County Registry of Deeds, Book of Plans 316, Page 68, being the same premises conveyed in a deed from Vladimir Lapik to George Samuels and Kyanna M. Samuels and recorded in the Hampden County Registry of Deeds on April 8, 2005 at Book 14932, Page 576 ("61 Appaloosa Lane");

(b)    one black 2004 Nissan Pathfinder Armada bearing Vehicle Identification Number 5N1AA08B14N743066, registered in the name of Kyanna Samuels, 61 Appaloosa Lane, West Springfield, Massachusetts;

2

  (c) $3,209 in U.S. Currency, seized from George Samuels on or about August 27, 2005;

  (d) $20,000 in U.S. Currency seized from a black 2004 Nissan Pathfinder Armada bearing Vehicle Identification Number 5N1AA08B14N743066, registered in the name of Kyanna Samuels, 61 Appaloosa Lane, West Springfield, Massachusetts, on or about August 27, 2005; and

  (e) $6,123 in U.S. Currency seized from 61 Appaloosa Lane, West Springfield, Massachusetts, on or about August 27, 2005,

(items (b) through (e) above hereafter collectively referred to as the "Uncontested Assets").

  3. The Superseding Indictment further provided that, if any forfeitable assets, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p).

  4. On November 26, 2007, the Defendant pled guilty to Counts One and Two of the Superseding Indictment.  At the plea hearing, the Defendant admitted that 61 Appaloosa Lane and the Uncontested Assets are subject to forfeiture.

  5. On May 13, 2008, this Court issued a Preliminary Order

3

of Forfeiture pursuant to 21 U.S.C. § 853 against 61 Appaloosa
Lane and the Uncontested Assets.  See Docket No. 355.

6.    On May 13, 2008, Kyanna M. Samuels filed a Petition for
Remission of Forfeiture Pursuant To Title 21 U.S.C. § 853(n)(1)
and Rule 32.2 of the Federal Rules of Criminal Procedure,
asserting an interest in 61 Appaloosa Lane.  See Document No.
354.

7.    Notice of the Preliminary Order of Forfeiture was sent
to all interested parties, and published in the Boston Herald on
June 10, 2008, June 17, 2008 and June 24, 2008.

8.    No other claims of interest in 61 Appaloosa Lane or the
Uncontested Assets have been filed with the Court or served on
the United States Attorney's Office, and the time within which to
do so expired on July 24, 2008.

9.    On March 30, 2006, the Court granted the Defendant's
Motion for Sale of Real Estate and ordered the sale of 61
Appaloosa Lane, with the proceeds to be deposited in the Seized
Asset Deposit Fund maintained by the United States Marshals
Service pending conclusion of this criminal case.  See Document
Nos. 127, 131.

10.   The United States and Petitioner Kyanna M. Samuels now
desire to reach a full and final settlement of this matter, and
have entered into the attached Settlement Agreement, whereby
Petitioner Kyanna M. Samuels consents to the forfeiture of one-

half of the proceeds of the sale of 61 Appaloosa Lane, or

$133,519.19 in United States currency (the "Currency").

WHEREFORE, the United States respectfully moves that this

Court enter a Final Order of Forfeiture against the Currency and

the Uncontested Assets in the form submitted herewith.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,


/s/ Kristina E. Barclay
NEIL GALLAGHER
KRISTINA E. BARCLAY
Assistant U.S. Attorneys
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748-3100

Date: August 7, 2008

### CERTIFICATE OF SERVICE

I, Kristina E. Barclay, Assistant U.S. Attorney, hereby
certify that the foregoing Motion for Final Order of Forfeiture,
as well as the proposed Final Order of Forfeiture, was filed
through the Electronic Court Filing system and will be sent
electronically to the registered participants as identified on
the Notice of Electronic Filing.


/s/ Kristina E. Barclay
KRISTINA E. BARCLAY
Assistant U.S. Attorney

Dated: August 7, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,           )
                                    )
                v.                  )  CRIMINAL NO. 05-10235-GAO
                                    )
SERGIO ELPIDIO ALCANTARA-SALDANA    )
     "a/k/a Jose Delgado"           )
     "a/k/a Erving Nieves"          )
     "a/k/a "Ruben"                 )
     "a/k/a "Sergio"                )
CESAR ZAPATA                        )
     "a/k/a Nani"                   )
     "a/k/a Zupra"                  )
     "a/k/a "Viejo"                 )
     "a/k/a "Commandante"           )
HERIBERTO CARRASCO                  )
     "a/k/a Joselito"               )
     "a/k/a Flaco," and             )
GEORGE SAMUELS                      )
          Defendants.               )

## FINAL ORDER OF FORFEITURE

**O'TOOLE D.J.**

WHEREAS, on January 12, 2006, a federal grand jury sitting in the District of Massachusetts returned a five-count Superseding Indictment charging defendant George Samuels (the "Defendant") and others with Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. § 846 (Count One) and Possession with the Intent to Distribute five kilograms or more of Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two);

WHEREAS, the Superseding Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One and Two of the Superseding Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such

offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, pursuant to 21 U.S.C. § 853, the property includes without limitation the following:

(a) 61 Appaloosa Lane, West Springfield, Massachusetts, more fully described as a certain parcel of land with buildings thereon, being land known as Lot 4 as shown on a plan entitled "Morgan Hills Estates" revised on December 29, 1999 prepared by D.L. Bean, Inc. and recorded in the Hampden County Registry of Deeds, Book of Plans 316, Page 68, being the same premises conveyed in a deed from Vladimir Lapik to George Samuels and Kyanna M. Samuels and recorded in the Hampden County Registry of Deeds on April 8, 2005 at Book 14932, Page 576 ("61 Appaloosa Lane");

(b) one black 2004 Nissan Pathfinder Armada bearing Vehicle Identification Number 5N1AA08B14N743066, registered in the name of Kyanna Samuels, 61 Appaloosa Lane, West Springfield, Massachusetts;

(c) $3,209 in U.S. Currency, seized from George Samuels on or about August 27, 2005;

(d) $20,000 in U.S. Currency seized from a black 2004 Nissan Pathfinder Armada bearing Vehicle Identification Number 5N1AA08B14N743066, registered in the name of Kyanna Samuels, 61 Appaloosa Lane, West Springfield, Massachusetts, on or about August 27, 2005; and

(e) $6,123 in U.S. Currency seized from 61 Appaloosa Lane, West Springfield, Massachusetts, on or about August 27, 2005,

(items (b) through (e) above hereafter collectively referred to as the "Uncontested Assets");

2

WHEREAS, the Superseding Indictment further provided that, if any forfeitable asset, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on November 26, 2007, the Defendant pled guilty to Counts One and Two of the Superseding Indictment;

WHEREAS, at the plea hearing, the Defendant admitted that 61 Appaloosa Lane and the Uncontested Assets are subject to forfeiture;

WHEREAS, on May 13, 2008, this Court issued a Preliminary Order of Forfeiture pursuant to 21 U.S.C. § 853 against 61 Appaloosa Lane and the Uncontested Assets;

WHEREAS, on May 13, 2008, Kyanna M. Samuels filed a Petition for Remission of Forfeiture Pursuant To Title 21 U.S.C. § 853(n)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure, asserting an interest in 61 Appaloosa Lane;

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties, and published in the <u>Boston</u>

3

Herald on June 10, 2008, June 17, 2008 and June 24, 2008;

WHEREAS, no other claims of interest in 61 Appaloosa Lane or the Uncontested Assets have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so expired on July 24, 2008;

WHEREAS, on March 30, 2006, the Court granted the Defendant's Motion for Sale of Real Estate and ordered the sale of 61 Appaloosa Lane, with the proceeds to be deposited in the Seized Asset Deposit Fund maintained by the United States Marshals Service pending conclusion of this criminal case; and

WHEREAS, the United States and Petitioner Kyanna M. Samuels now desire to reach a full and final settlement of this matter, and have entered into the attached Settlement Agreement, whereby Petitioner Kyanna M. Samuels consents to the forfeiture of one-half of the proceeds of the sale of 61 Appaloosa Lane, or $133,519.19 in United States currency (the "Currency").

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.    The Joint Motion for a Final Order of Forfeiture is allowed.

2.    The Currency and the Uncontested Assets are hereby forfeited to the United States.

3.    The United States Marshals Service shall take custody of the Currency and the Uncontested Assets, and shall dispose of

4

it according to law and this Order.

4. Upon entry of this Order, the United States shall deliver a check in the amount of $133,519.19 in United States Currency to counsel for Kyanna M. Samuels.

DONE AND ORDERED in Boston, Massachusetts, this _____ day of _____, 2008.

_____
GEORGE A. O'TOOLE
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 05-10235-GAO |
| SERGIO ELPIDIO ALCANTARA-SALDANA | ) |
| "a/k/a Jose Delgado" | ) |
| "a/k/a Erving Nieves" | ) |
| "a/k/a "Ruben" | ) |
| "a/k/a "Sergio" | ) |
| CESAR ZAPATA | ) |
| "a/k/a Nani" | ) |
| "a/k/a Zupra" | ) |
| "a/k/a "Viejo" | ) |
| "a/k/a "Commandante" | ) |
| HERIBERTO CARRASCO | ) |
| "a/k/a Joselito" | ) |
| "a/k/a Flaco," and | ) |
| GEORGE SAMUELS | ) |
| Defendants. | ) |
| ———————————————————— | ) |
| | ) |
| KYANNA M. SAMUELS, | ) |
| Petitioner. | ) |

## SETTLEMENT AGREEMENT

The United States of America, by and through its attorney, and Kyanna M. Samuels, individually and by her attorney, set forth the following:

WHEREAS, on January 12, 2006, a federal grand jury sitting in the District of Massachusetts returned a Superseding Indictment charging defendant George Samuels (the "Defendant") and others with Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. § 846 (Count One), and Possession with the Intent to Distribute five kilograms or more of Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two);

WHEREAS, the Superseding Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One and Two of the Superseding Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, pursuant to 21 U.S.C. § 853, including without limitation the following asset:

> 61 Appaloosa Lane, West Springfield, Massachusetts, more fully described as a certain parcel of land with buildings thereon, being land known as Lot 4 as shown on a plan entitled "Morgan Hills Estates" revised on December 29, 1999 prepared by D.L. Bean, Inc. and recorded in the Hampden County Registry of Deeds, Book of Plans 316, Page 68, being the same premises conveyed in a deed from Vladimir Lapik to George Samuels and Kyanna M. Samuels and recorded in the Hampden County Registry of Deeds on April 8, 2005 at Book 14932, Page 576 (the "Real Property");

WHEREAS, on November 26, 2007, the Defendant pled guilty to Counts One and Two of the Superseding Indictment;

WHEREAS, at the plea hearing, the Defendant admitted that the Real Property is subject to forfeiture;

WHEREAS, on May 13, 2008, this Court issued a Preliminary Order of Forfeiture pursuant to 21 U.S.C. § 853 against the Real Property;

2

WHEREAS, on May 13, 2008, Kyanna M. Samuels filed a Petition for Remission of Forfeiture Pursuant to Title 21 U.S.C. § 853(n)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure, asserting and interest in the Real Property;

WHEREAS, as of this date, no other party has filed a petition claiming an interest in the Real Property, and the time within which to do so has expired;

WHEREAS, the Real Property was sold pursuant an interlocutory sale order, and sale proceeds in the amount of $267,038.38 were deposited and are being held in the Seized Asset Deposit Fund maintained by the United States Marshals Service; and

WHEREAS, the United States and Kyanna M. Samuels desire to reach a full and final settlement of this matter.

NOW THEREFORE, it is stipulated and agreed by and between the undersigned parties as follows:

1.    Upon execution by all parties, this Agreement shall be filed with the United States District Court for the District of Massachusetts.  This Court shall retain jurisdiction to enforce the provisions of this Agreement.

2.    Subject to the terms set forth in this Agreement, and in the Final Order of Forfeiture entered by the Court, Petitioner Kyanna M. Samuels consents to the forfeiture of one-half of the proceeds of the sale of the Real Property, or $133,519.19 in

United States currency (the "Currency").

3.     Subject to the terms set forth in this Agreement, and in the Final Order of Forfeiture entered by the Court, the United States agrees that one-half of the proceeds of the sale of the Real Property, or $133,519.19 in United States currency, will be paid to Petitioner Kyanna M. Samuels upon entry of a Final Order of Forfeiture against the Currency.

4.     The parties shall file a Joint Motion for Final Order of Forfeiture in the United States District Court for the District of Massachusetts.

5.     The United States and Petitioner Kyanna M. Samuels agree that the settlement of this matter upon the terms and conditions set forth herein is in full, final, and complete satisfaction of any and all claims arising out of the maintenance, marketing and forfeiture of the Real Property and/or the Currency by the United States.

6.     Petitioner Kyanna M. Samuels unconditionally releases, indemnifies, and holds harmless the United States, and its officers, agents, employees, and representatives, both past and present, including, but not limited to, the United States Department of Justice, the United States Attorney's Office, the United States Drug Enforcement Administration, and the United States Marshals Service, as well as any state, county, or local law enforcement agencies whose personnel assisted in the

4

forfeiture proceedings against the Real Property, from any and all civil claims, including, but not limited to, demands, damages, causes of action, or suits, of whatever kind and/or description and wheresoever situated, which might now or ever exist by reason of, or grow out of or affect, directly or indirectly, the forfeiture proceedings against the Real Property, or the provisions of the instant Settlement Agreement.

7.  Without in any way limiting the generality of Paragraph 6, above, Petitioner Kyanna M. Samuels specifically agrees to waive any and all constitutional claims that she may have arising from or relating in any way to this forfeiture action or the seizure or disposition of the Real Property and/or the Currency, including claims that this forfeiture violates the Fourth Amendment, the Due Process Clause or the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, or any other provision of federal or state constitutional, statutory or common law.

8.  All rights of appeal are hereby waived by all parties. Except as otherwise provided in this Agreement, each party shall bear its own fees, including attorneys fees and other expenses, incurred by it in connection with any of the proceedings pertaining directly or indirectly to this forfeiture action.

9.    Petitioner Kyanna M. Samuels agrees that nothing in this Settlement Agreement shall be construed to satisfy or offset any tax liability or any other debt owed to the United States by the Petitioner.

10.    Petitioner Kyanna M. Samuels hereby acknowledges that she is, and has been, represented by competent counsel in connection with the Settlement Agreement, that the provisions of this Settlement Agreement and the legal effects thereof have been explained to her, and that she is entering into this Settlement Agreement freely and voluntarily, without coercion, duress, or undue influence.

IN WITNESS WHEREOF, the United States of America, by its attorney, and Kyanna M. Samuels, individually and by her attorney, hereby execute this Agreement.

Kyanna M. Samuels,
By her attorney,

MICHAEL J. SULLIVAN,
United States Attorney,

By: _____
Vincent A. Bongiorni, Esq.
95 State Street
Suite 309
Springfield, MA 01103
(413) 732-0222

By: _____
Kristina E. Barclay
Assistant U.S. Attorney
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Date:

Date:  8/7/08

Kyanna M. Samuels

Date: 8/6/08

6