UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,          )
                                   )
              v.                   )  CRIMINAL NO. 05-10235-GAO
                                   )
SERGIO ELPIDIO ALCANTARA-SALDANA ) 
     "a/k/a Jose Delgado"          )
     "a/k/a Erving Nieves"         )
     "a/k/a "Ruben"                )
     "a/k/a "Sergio"               )
CESAR ZAPATA                       )
     "a/k/a Nani"                  )
     "a/k/a Zupra"                 )
     "a/k/a "Viejo"                )
     "a/k/a "Commandante"          )
HERIBERTO CARRASCO                 )
     "a/k/a Joselito"              )
     "a/k/a Flaco," and            )
GEORGE SAMUELS                     )
          Defendants.              )
```

## FINAL ORDER OF FORFEITURE

**O'TOOLE D.J.**

WHEREAS, on January 12, 2006, a federal grand jury sitting
in the District of Massachusetts returned a five-count
Superseding Indictment charging defendant George Samuels (the
"Defendant") and others with Conspiracy to Distribute Cocaine, in
violation of 21 U.S.C. § 846 (Count One) and Possession with the
Intent to Distribute five kilograms or more of Cocaine, in
violation of 21 U.S.C. § 841(a)(1) (Count Two);

WHEREAS, the Superseding Indictment sought the forfeiture,
as a result of committing one or more of the offenses alleged in
Counts One and Two of the Superseding Indictment, of any and all
property constituting, or derived from, any proceeds the
Defendant obtained, directly or indirectly, as a result of such

offenses; and/or any property used or intended to be used, in any

manner or part, to commit, or to facilitate the commission of,

any such violations, pursuant to 21 U.S.C. § 853, the property

includes without limitation the following:

> (a) 61 Appaloosa Lane, West Springfield,
> Massachusetts, more fully described as a
> certain parcel of land with buildings
> thereon, being land known as Lot 4 as
> shown on a plan entitled "Morgan Hills
> Estates" revised on December 29, 1999
> prepared by D.L. Bean, Inc. and recorded
> in the Hampden County Registry of Deeds,
> Book of Plans 316, Page 68, being the
> same premises conveyed in a deed from
> Vladimir Lapik to George Samuels and
> Kyanna M. Samuels and recorded in the
> Hampden County Registry of Deeds on
> April 8, 2005 at Book 14932, Page 576
> ("61 Appaloosa Lane");
>
> (b) one black 2004 Nissan Pathfinder Armada
> bearing Vehicle Identification Number
> 5N1AA08B14N743066, registered in the name of
> Kyanna Samuels, 61 Appaloosa Lane, West
> Springfield, Massachusetts;
>
> (c) $3,209 in U.S. Currency, seized from George
> Samuels on or about August 27, 2005;
>
> (d) $20,000 in U.S. Currency seized from a black
> 2004 Nissan Pathfinder Armada bearing Vehicle
> Identification Number 5N1AA08B14N743066,
> registered in the name of Kyanna Samuels, 61
> Appaloosa Lane, West Springfield,
> Massachusetts, on or about August 27, 2005;
> and
>
> (e) $6,123 in U.S. Currency seized from 61 Appaloosa
> Lane, West Springfield, Massachusetts, on or about
> August 27, 2005,

(items (b) through (e) above hereafter collectively referred to

as the "Uncontested Assets");

2

WHEREAS, the Superseding Indictment further provided that, if any forfeitable asset, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on November 26, 2007, the Defendant pled guilty to Counts One and Two of the Superseding Indictment;

WHEREAS, at the plea hearing, the Defendant admitted that 61 Appaloosa Lane and the Uncontested Assets are subject to forfeiture;

WHEREAS, on May 13, 2008, this Court issued a Preliminary Order of Forfeiture pursuant to 21 U.S.C. § 853 against 61 Appaloosa Lane and the Uncontested Assets;

WHEREAS, on May 13, 2008, Kyanna M. Samuels filed a Petition for Remission of Forfeiture Pursuant To Title 21 U.S.C. § 853(n)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure, asserting an interest in 61 Appaloosa Lane;

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties, and published in the Boston

3

Herald on June 10, 2008, June 17, 2008 and June 24, 2008;

WHEREAS, no other claims of interest in 61 Appaloosa Lane or the Uncontested Assets have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so expired on July 24, 2008;

WHEREAS, on March 30, 2006, the Court granted the Defendant's Motion for Sale of Real Estate and ordered the sale of 61 Appaloosa Lane, with the proceeds to be deposited in the Seized Asset Deposit Fund maintained by the United States Marshals Service pending conclusion of this criminal case; and

WHEREAS, the United States and Petitioner Kyanna M. Samuels now desire to reach a full and final settlement of this matter, and have entered into the attached Settlement Agreement, whereby Petitioner Kyanna M. Samuels consents to the forfeiture of one-half of the proceeds of the sale of 61 Appaloosa Lane, or $133,519.19 in United States currency (the "Currency").

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.   The Joint Motion for a Final Order of Forfeiture is allowed.

2.   The Currency and the Uncontested Assets are hereby forfeited to the United States.

3.   The United States Marshals Service shall take custody of the Currency and the Uncontested Assets, and shall dispose of

4

it according to law and this Order.

4.    Upon entry of this Order, the United States shall deliver a check in the amount of $133,519.19 in United States Currency to counsel for Kyanna M. Samuels.

DONE AND ORDERED in Boston, Massachusetts, this ____ day of _____, 2008.

GEORGE A. O'TOOLE
United States District Judge

5